**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

July 1, 2021

**By ECF**

Hon. Deborah K. Chasanow
United States District Judge
6500 Cherrywood Lane
Suite 400
Greenbelt, MD 20770

        Re:    Notice of Supplemental Authority
                 *Hammons v. University of Maryland Medical System Corp.*,
                 20-cv-2088

Dear Judge Chasanow:

       We write on behalf of Plaintiff Jesse Hammons to bring to the Court's attention two recent developments relevant to Defendants' pending motion to dismiss the complaint in this action. First, the United States Department of Health and Human Services ("HHS") has recently issued an agency interpretation of Section 1557 of the Affordable Care Act (42 U.S.C. § 18116) that is contrary to Defendants' motion to dismiss that claim. *See* Count III, Compl. ¶¶ 85–93. Second, earlier this week the Supreme Court denied a petition for certiorari challenging the Fourth Circuit's ruling that the Equal Protection Clause protects against discrimination on the basis of transgender status. *See* Count II, Compl. ¶¶ 69–84.

       Mr. Hammons, who is transgender, filed the Complaint in the above-captioned matter on July 16, 2020, after Defendant University of Maryland Medical System Corporation ("UMMS") and its wholly owned subsidiaries, Defendants USMJ Health System, LLC ("USMJ LLC") and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph LLC"), denied him a hysterectomy that was medically necessary to treat his gender dysphoria. *See generally* Compl, Dkt. No. 1. In denying Mr. Hammons a medically necessary hysterectomy, Defendant St. Joseph LLC relied on the Ethical and Religious Directives for Catholic Health Care Services established by the U.S. Conference of Bishops (the "Catholic Directives"), which they understood to prohibit performing hysterectomies to treat gender dysphoria in transgender individuals. Compl. ¶¶ 3, 57–58. In contrast, St. Joseph LLC routinely performs hysterectomies when they are medically necessary to treat conditions other than gender dysphoria. Compl. ¶ 4.

       Among other claims, Mr. Hammons has asserted causes of action under the Equal Protection Clause of the U.S. Constitution (Count II, ¶¶ 69–84), and under Section 1557 of the Affordable Care Act (Count III, ¶¶ 85–93), which prohibits federally funded institutions such as Defendants from discriminating "on the basis of sex" in the provision of healthcare services. 42

July 1, 2021
Page 2

U.S.C. § 18116 ("Section 1557") (incorporating Title IX of the Education Amendments of 1972, which prohibits discrimination "on the basis of sex").

On September 25, 2020, Defendants moved to dismiss the Complaint (*see* Dkt. No. 39), arguing with respect to the Equal Protection Clause that Mr. Hammons failed to properly allege that he was treated differently from others similarly situated, or that the unequal treatment was the subject of discriminatory animus or intentional discrimination. Defs.' Mem., Dkt. No. 39-1, at 19–20. Defendants also urged the dismissal of Mr. Hammons's Section 1557 claim on the grounds that Mr. Hammons failed to properly allege that Defendants intentionally discriminated against him on the basis of sex, or that his sex was a substantial or motivating factor for why Defendants denied him his procedure. *See id.* at 21–22. Since the Complaint plainly alleges that Defendants intentionally treated Mr. Hammons differently than non-transgender patients seeking hysterectomies, Mr. Hammons understands Defendants' arguments to imply that discrimination on the basis of transgender status does not constitute discrimination on the basis of sex.

A recent interpretation of Section 1557 by HHS contravenes Defendants' argument. In a Notification of Interpretation and Enforcement (the "Notification") effective May 10, 2021 (attached as Exhibit 1), HHS states that, consistent with the Supreme Court's decision in *Bostock v. Clayton Cty.*, 590 U.S. —, 140 S. Ct. 1731 (2020) and Title IX, HHS will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include discrimination on the bases of sexual orientation and gender identity. HHS's position supports Mr. Hammons's claim that by refusing to perform his hysterectomy in aid of his sex reassignment, while agreeing to perform hysterectomies not associated with sex reassignment, Defendants discriminated against him on the basis of sex. The Notification is therefore relevant, post-submission authority supporting Mr. Hammons's argument that Defendants' motion to dismiss the Section 1557 claim should be denied.

Fourth Circuit precedent also treats discrimination based on gender identity as sex-based discrimination and subjects it to heightened scrutiny under the Equal Protection Clause. *Grimm v. Gloucester Cty. Sch. Bd.*, 972 F.3d 586, 606 (4th Cir. 2020), *as amended* (Aug. 28, 2020). On June 28, 2021, the Supreme Court declined to disturb *Grimm*'s holding by denying the defendant's petition for writ of certiorari. *See Gloucester Cty. Sch. Bd. v. Grimm*, No. 20-1163, 2021 WL 2637992 (U.S. June 28, 2021) (attached as Exhibit 2, at 7). As a result, *Grimm* stands as permanent binding precedent supporting Mr. Hammons's claim that Defendants violated the Equal Protection Clause by discriminating against him based on his transgender status.

Mr. Hammons respectfully requests that Your Honor take notice of the Notification and of the Supreme Court's certiorari decision in *Grimm* in connection with Defendants' pending motion.

July 1, 2021
Page 3

                        Respectfully submitted,

                        */s/ Louis J. Ebert*

Louis J. Ebert (Fed. Bar No. 02031)
ROSENBERG MARTIN GREENBERG, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 727-6600
Fax: (410) 727-1115
lebert@rosenbergmartin.com

Aron Fischer (*pro hac vice*)
Jonah M. Knobler (*pro hac vice*)
Andrew D. Cohen (*pro hac vice*)
Abigail E. Marion (*pro hac vice*)
Emily H. Harris (*pro hac vice*)
Jonathan S. Z. Hermann (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com
jknobler@pbwt.com
acohen@pbwt.com
amarion@pbwt.com
eharris@pbwt.com
jhermann@pbwt.com

Joshua A. Block (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627

July 1, 2021
Page 4

Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: 202-546-0738
dmach@aclu.org

*Counsel for Plaintiff Jesse Hammons*

Enclosure

cc: Counsel of Record (via ECF)