IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, | ) |
|       Plaintiff, | ) ) |
| v. | ) ) Case No. 1:20-cv-02088-DKC |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, et al. | ) ) ) |
|       Defendants. | ) ) ) |

**STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas, pursuant to Local Rule 104.13, the parties have stipulated that certain discovery material be treated as confidential, and hereby request the entry of an order regarding confidentiality of discovery material.

Accordingly, it is this 20th day of December, 2021, by the United States District Court for the District of Maryland, ORDERED:

1. **Designation of Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."** All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive

personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential.

        (i)  A designation of "CONFIDENTIAL" further applies where the documents or information contain or relate to protected health information ("PHI"), as that term is used under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), codified primarily at 18, 24, and 26 U.S.C. (2002), as amended, and its implementing regulations.  "PHI" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.  This Order shall further extend to all PHI regarding non-parties.

        (ii)  A designation of "CONFIDENTIAL" further includes information pertaining to private financial data, personal addresses, personal telephone numbers, social security numbers, driver's license numbers, employee identification numbers, biometric identifiers, and medical files or records regarding Plaintiff, any patients of Defendants, or any non-party ("Private Information").

    (b)    The designation "ATTORNEY'S EYES ONLY" shall be reserved for confidential information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party.  For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

(c)     A party shall not routinely designate material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing confidential information will then be designated appropriately after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(d)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed CONFIDENTIAL or ATTORNEY'S EYES ONLY if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as described herein, shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

(e)     Information or documents designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (f) below for

any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(f) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as CONFIDENTIAL under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be

-5-

subject to the provisions of this Order requiring that the documents and information be held in confidence.

(g) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as ATTORNEY'S EYES ONLY under this Order to any other person or entity, except such documents or information may only be viewed by individuals and personnel identified in (f)(i) & (iii)–(iv) of Section 1.

(h) Except as provided in this Order, counsel for the parties shall keep all documents designated as CONFIDENTIAL and ATTORNEY'S EYES ONLY which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word CONFIDENTIAL or ATTORNEY'S EYES ONLY if that word does not already appear.

2. **Disclosure Involving PHI and Private Information**.  Because the PHI and Private Information may be at issue in the above-captioned litigation, the parties acknowledge that all such information shall be treated as confidential according to the terms of this Order, regardless of whether it as labeled as such and without further designation.

(a) The parties will not use or disclose the PHI and/or Private Information released in this proceeding for any other purpose or in any other proceeding.

(b) The parties will store all PHI and/or Private Information while it is in their possession according to the Privacy Standards. "Privacy Standards" shall mean the

Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2002). Any hard copy documents containing PHI and/or Private Information shall be maintained in a locked file cabinet in the offices of the receiving party's counsel and may be inspected and copied only by the individuals and personnel identified in Section 1(f). To the extent PHI and/or Private Information produced is transmitted or maintained electronically, such documents shall be encrypted at all times during transit and at rest.

   (c) This Order authorizes and directs any party or non-party who is provided with a request for production of said documents, served a subpoena commanding production of said documents, or to appear at deposition or trial to disclose and/or produce said documents in response to such a request or subpoena. This Order is intended to and does in fact authorize such disclosures pursuant to 45 C.F.R. 164.512(e) of the Privacy Standards and, pursuant to 45 C.F.R. 164.512(e)(1)(v), this Order is also a Qualified Protective Order and all parties and attorneys are hereby prohibited from using or disclosing PHI or Private Information for any purpose other than the above-captioned litigation and are required to return to the covered entity or to destroy all PHI and/or Private Information (including all copies made) as soon as reasonably practicable, but in no case later than thirty days after the final disposition of this case, whether such disposition occurs by settlement, judgment after trial, or by other means. Returned records shall be accompanied by a certification attesting to the fact that all PHI and Private Information has been returned to the producing party and that no copies have been retained.

(d) The parties agree that any request for PHI or Private Information of an individual other than the requesting party must be made via formal discovery procedures. Any party issuing a subpoena to a non-party shall enclose a copy of this Order and notify the non-party that the protections of this Order are available to the non-party. The parties further agree to serve timely notices of any subpoenas issued.

3. **Confidential Information Filed with Court**. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (5) of this Confidentiality Order.

4. **Party Seeking Greater Protection Must Obtain Further Order**. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5.      **Challenging Designation of Confidentiality**.  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.  The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

6.      **Return of Confidential Material at Conclusion of Litigation**.  At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party.  If the parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Date: December 20, 2021

Respectfully Submitted,

 /s/ Denise Giraudo
Denise Giraudo (Bar No. 29015)
Paul Werner (admitted *pro hac vice*)
Danielle Vrabie (admitted *pro hac vice*)
Imad Matini (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20036
Tel: 202-747-1906
Fax: 202-747-3933
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com
*Counsel for Defendants*


/s/       Louis J. Ebert
Louis J. Ebert (Fed. Bar No. 02031)
ROSENBERG MARTIN GREENBERG, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 727-6600
Fax: (410) 727-1115
lebert@rosenbergmartin.com

Aron Fischer (*pro hac vice*)
Jonah M. Knobler (*pro hac vice*)
Andrew D. Cohen (*pro hac vice*)
Emily H. Harris (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com
jknobler@pbwt.com
acohen@pbwt.com
eharris@pbwt.com

Joshua A. Block (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: 202-546-0738
dmach@aclu.org

*Counsel for Plaintiff Jesse Hammons*

_____
HON. DEBORAH K. CHASANOW
UNITED STATES DISTRICT JUDGE