**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JESSE HAMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 1:20-cv-02088-DKC |
| | ) |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM | ) |
| CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**FOR LEAVE TO AMEND ANSWER**

Defendants University of Maryland Medical System Corporation, UMSJ Health System, LLC, and University of Maryland St. Joseph Medical Center, LLC (collectively, the "Medical System"), submit this Memorandum in Support of the Motion for Leave to Amend Answer.

## **INTRODUCTION**

Shortly after the Court issued a Scheduling Order in this litigation, the nation, and Maryland in particular, experienced a surge in COVID-19 cases brought about by deadly and highly-transmissible variants.[1]  As the largest healthcare provider in Maryland, the Medical System bore the brunt of providing emergency care to patients in communities all across the State.  The situation became so dire that the Medical System initiated "Crisis Standards of Care" protocols, which required it to operate at maximum capacity and focus its efforts on treating as many patients as possible.  These protocols were only lifted days ago.

The Medical System now seeks leave to amend its Answer to Plaintiff Jesse Hammons' ("Hammons'") Complaint to plead two alternative affirmative defenses based on the ecclesiastical abstention doctrine and Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb, *et seq*.  The Medical System's proposed amendments easily meet the liberal amendment standards under Rules 15 and 16.

As an initial matter, good cause exists for modifying the amendment deadline under the Scheduling Order and considering the Medical System's motion.  While the deadline expired on December 9, 2021, the Medical System operated under emergency protocols during that time to meet its healthcare obligations to combat a surge in COVID-19 cases.  It has sought leave to amend now in good faith and as soon as possible under the circumstances.  Nor would Hammons

---

[1] *See* https://www.wbaltv.com/article/covid-19-maryland-map-graphs-data-vaccine-booster-delta-omicron/38910950# (last visited February 10, 2022).

face any prejudice from modifying the amendment deadline given the proposed amendments are minor, sought shortly after the amendment deadline expired, and will not impact the scope of discovery or current deadlines. While the parties have produced documents in this case, the parties are continuing to do so and no depositions have been taken yet.

With good cause established, and for similar reasons, the Court should "freely" grant the Medical System's motion. Not only has the Medical System acted in good faith and Hammons will face no prejudice whatsoever, but the proposed amendments also are not futile. The Medical System seeks to add viable affirmative defenses pled in the alternative. It has also sought leave to amend before the close of fact discovery, and as such, any determination of futility would be premature at this stage.

The Court should grant the Medical System's motion.

## BACKGROUND

Hammons filed this lawsuit on July 16, 2020, asserting three counts against the Medical System for alleged violations of the Establishment Clause and Equal Protection Clause as well as a discrimination claim under Section 1557 of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116(a). ECF No. 1, Complaint ("Cmplt.") ¶¶ 68, 84 & 93. The Medical System moved to dismiss the Complaint, which the Court granted in part on July 28, 2021. ECF Nos. 39 & 53. Specifically, the Court dismissed Hammons' constitutional claims, finding that the Medical System was a state actor, and as such, the constitutional claims were barred by sovereign immunity. ECF No. 52 at 41. Thus, only the Section 1557 claim remains. ECF No. 53.

On September 24, 2021, the Medical System filed its Answer to the Complaint. ECF No. 62. Shortly thereafter, the Court issued a Scheduling Order. ECF No. 65. Under the Scheduling

Order, the deadline for amending pleadings was December 9, 2021. *Id.* The Order also provides for discovery to close by March 9, 2022. *Id.*

Beginning in December 2021, the Medical System, including St. Joseph, initiated "Crisis Standards of Care" protocols as a result of the surge in COVID-19 cases. Under these crisis protocols, St. Joseph and other Medical System hospitals declared a "hospital disaster."[2] Emergency protocols were implemented to increase access to care for COVID-19 patients and allocate staff to focus on treating as many patients as possible. The crisis protocols were not lifted until on or around February 3, 2022.

The Medical System now moves for leave to amend its Answer to assert two affirmative defenses pled in the alternative. *See* Proposed First Amended Answer, Exhibit ("Ex.") A. Specifically, the Medical System seeks to plead that Hammons' Section 1557 claim is barred by the ecclesiastical abstention doctrine and the RFRA. *Id.*

**STANDARD**

When a movant seeks leave to amend after the amendment deadline has passed, the court should modify the scheduling order and properly consider the motion to amend for "good cause shown." *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008); Fed. R. Civ. P. 16(b)(4). Good cause exists where the moving party has acted in good faith and diligently worked to "meet court imposed deadlines," and any alleged delay will not impact the proceedings or prejudice the non-moving party. *Tawwaab v. Virginia Linen Serv., Inc.,* 729 F. Supp. 2d 757, 768 (D. Md. 2010). Upon a showing of good cause to modify the scheduling order, a court should "freely" grant leave to amend. *See* Fed. R. Civ. P. 15(a). A motion to

---

[2] *See* https://www.umms.org/sjmc/news/2022/um-sjmc-moves-to-crisis-standards-of-care (last visited February 10, 2022; https://www.umms.org/uch/coronavirus/crisis-standards-of-care (last visited February 10, 2022).

-3-

amend should only be denied where granting the motion would result in undue prejudice to the non-moving party, the movant has acted in "bad faith" or with undue delay, or the amendment is futile. *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006). Applying these standards, the Court should grant the Medical System's motion.

## ARGUMENT

### I. Good Cause Exists To Modify The Scheduling Order.

The Court should find good cause to modify the Scheduling Order's amendment deadline for straightforward reasons. *First*, the Medical System has acted in good faith and "diligently made efforts to meet" the amendment deadline. *Tawwaab*, 729 F. Supp. 2d at 768–69. It has sought to amend as soon as possible under the current emergency circumstances. The Medical System has been under crisis protocols for months. During that time, the Medical System focused its efforts on meeting its immediate, emergency healthcare obligations to administer vital patient care during the global pandemic. These protocols were only lifted days ago.

*Second*, Hammons would face no prejudice resulting from a modification to the Scheduling Order's amendment deadline. This is not a case where the Medical System seeks to add entirely new claims and expand discovery, or failed to seek leave to amend "shortly after" the amendment deadline. *Kantsevoy v. LumenR LLC*, 2018 WL 3468078, at *8 (D. Md. 2018) (finding no good cause because plaintiff would be unduly prejudiced where defendant moved to amend over ten days after the close of discovery, six months after the amendment deadlines expired, and sough to add counterclaims). Rather, the Medical System seeks to amend its Answer only two months after the amendment deadline expired and to plead two alternative affirmative defenses. The proposed amendments also would likely not require any additional

discovery or impact the remaining deadlines under the Scheduling Order.  *See* Ex. A & ECF No. 65.  As such, good cause exists for modifying the Scheduling Order's amendment deadline.

## II.     The Court Should Grant The Medical System's Motion To Amend.

### A.     Defendants' Motion Is Made In Good Faith And Granting It Will Not Prejudice Hammons.

With good cause established, the Court should "freely" grant the Medical System's motion to amend for similar reasons.  Fed. R. Civ. P. 15(a).  As explained above, the Medical System has sought leave to amend in good faith, and done so as soon as possible given it has operated under crisis protocols for months and focused its efforts on providing critical emergency care to patients.  *See supra* at 3.

Moreover, granting the Medical System's motion will not result in any undue prejudice to Hammons.  *See Harvey*, 438 F.3d at 427.  The Medical System does not seek to "substantially change the nature of the case" or require Hammons to "invest more time and expense in new litigation preparation."  *Hammer v. Peninsula Poultry Equip. Co.*, 2013 WL 97398, at *8 (D. Md. Jan. 8, 2013).  It just seeks to plead two affirmative defenses in the alternative that will require no additional discovery and are tied to the Catholic Heritage of St. Joseph.  That heritage forms the basis for Hammons' remaining claim and has already been subject to extensive discovery.  Cmplt. ¶¶ 13 & 25-32.

And even if additional discovery were required, there remains ample time to do so under the Scheduling Order.  ECF No. 65.  Indeed, no "trial date has been set and plaintiff has ample time to address the affirmative defense[s]" in discovery, which does not close until March 9, 2022.  *McCall-Scovens v. Blanchard*, 2016 WL 6277668, at *7 (D. Md. 2016); ECF No. 65.  While the parties have exchanged documents, they are still continuing to produce documents.

Moreover, no depositions have been taken yet. As such, allowing the Medical System to amend its answer for such a narrow purpose "will not prejudice" Hammons. *Id.*

### B.    The Proposed Amendments Are Not Futile.

The Medical System's proposed amendments also are not futile. A proposed amendment is futile only where it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). But in assessing futility, a court should not consider the "merits" of the litigation, *Blanchard*, 2016 WL 6277668, at *8, or prohibit a proposed amendment where the movant seeks to plead in the alternative, *see* Fed. R. Civ. P. 8(d). That is exactly the case here. Although the Court found the Medical System to be a state actor at the pleading stage, the Medical System may continue to assert "alternative[ ]" defenses that apply to private entities, including RFRA and the ecclesiastical abstention doctrine. Fed. R. Civ. P. 8(d); *see Day v. Robbins*, 179 F. Supp. 3d 538, 544 (D. Md. 2016) (noting that "[a]lternative pleading is permitted"). And given that discovery remains ongoing at this stage, it would be "premature to conclude" that the proposed defenses are "so clearly insufficient or frivolous" to be futile. *Blanchard*, 2016 WL 6277668, at *9.

## CONCLUSION

The Court should grant the Medical System's motion and permit the Defendants to file the First Amended Answer in the form submitted as Exhibit A.

| | |
|---|---|
| Dated: February 10, 2022 | */s/ Denise Giraudo* |
| | Denise Giraudo (Bar No. 29015) |
| | Paul Werner (admitted *pro hac vice*) |
| | Danielle Vrabie (admitted *pro hac vice*) |
| | Imad Matini (admitted *pro hac vice*) |
| | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | 2099 Pennsylvania Ave., N.W., Suite 100 |
| | Washington, D.C. 20036 |
| | Tel: 202-747-1906 |
| | Fax: 202-747-3933 |
| | dgiraudo@sheppardmullin.com |
| | pwerner@sheppardmullin.com |
| | dvrabie@sheppardmullin.com |
| | imatini@sheppardmullin.com |

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2022, Plaintiff's counsel was served with the foregoing document through the Court's Electronic Case Filing System.

                                                          */s/ Denise Giraudo*
                                                          Denise Giraudo