## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY OF MARYLAND MEDICAL SYSTEM ) <br> CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 20-cv-2088-DKC |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

LEGAL STANDARD......................................................................................................................3

ARGUMENT...................................................................................................................................4

      I.       The Court Has Already Held That Defendants Are Governmental Entities, And That Holding Should Not Be Reconsidered.......................................................4

      II.     Governmental Entities Cannot Assert Defenses Based On Ecclesiastical Abstention Or RFRA .................................................................................................6

CONCLUSION................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bakery & Confection Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*,
  Civil Action No. DKC 16-0793, 2017 WL 511911 (D. Md. Feb. 8, 2017).............................3

*Balas v. Huntington Ingalls Indus., Inc.*,
  711 F.3d 401 (4th Cir. 2013) ...........................................................................................3

*Barghout v. Bureau of Kosher Meat & Food Control*,
  66 F.3d 1337 (4th Cir. 1995) ..........................................................................................7

*Brightwell v. Hershberger*,
  Civil Action No. DKC 11-3278, 2015 WL 5315757 (D. Md. Sept. 10, 2015).......................3

*Chase v. Dep't of Pub. Safety & Corr. Servs.*,
  Civil Action No. ELH-18-2182, 2020 WL 1914811 (D. Md. Apr. 20, 2020).........................4

*Dixon v. Edwards*,
  290 F.3d 699 (4th Cir. 2002) ..........................................................................................7

*Francis v. Giacomelli*,
  588 F.3d 186 (4th Cir. 2009) ..........................................................................................3

*Frew v. Hawkins*,
  540 U.S. 431 (2004)........................................................................................................6

*Lebron v. Nat'l R.R. Passenger Corp.*,
  513 U.S. 374 (1995).....................................................................................................2, 5

*Lund v. Rowan Cty.*,
  863 F.3d 268 (4th Cir. 2017) (*en banc*) ....................................................................1, 7, 8

*Nourison Rug Corp. v. Parvizian*,
  535 F.3d 295 (4th Cir. 2008) ..........................................................................................3

*Paunovic v. Genesis Healthcare, LLC*,
  Civil No. ELH-17-2448, 2018 WL 3439263 (D. Md. July 17, 2018) ...................................6

*Spacco v. Bridgewater Sch. Dep't*,
  722 F. Supp. 834 (D. Mass. 1989) ..................................................................................7

*TFWS, Inc. v. Franchot*,
  572 F.3d 186 (4th Cir. 2009) ......................................................................................4, 5

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Wonasue v. Univ. of Md. Alumni Ass'n*,
  295 F.R.D. 104 (D. Md. 2013) ............................................................................................... 3

*Ex parte Young*,
  209 U.S. 123 (1908) .............................................................................................................. 6

**Statutes**

Md. Code. Educ. §§ 13-301 to 13-313 ...................................................................................... 5

Md. Code Educ. § 13-304(b) .................................................................................................... 5

Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.* .............................................. 1, 8

**Other Authorities**

Fed. R. Civ. P. 8(d)(2) ............................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 3

Fed. R. Civ. P. 16(b)(4) ........................................................................................................... 3

Plaintiff Jesse Hammons respectfully submits this Memorandum of Law in opposition to the Motion for Leave to Amend Answer (ECF No. 73), submitted by Defendants University of Maryland Medical Systems Corporation, UMSJ Health System, LLC, and University of Maryland St. Joseph Medical Center, LLC (collectively, "Defendants" or "UMMS").

## INTRODUCTION

This Court has already held that "UMMS is a governmental entity, that is, an arm or instrumentality of government for purposes of Plaintiff's assertion of his individual constitutional rights." ECF No. 52 at 30. Yet despite this Court's prior ruling and the clear commands of the Establishment Clause, Defendants have moved the Court for leave to amend their Answer to add affirmative defenses based on the ecclesiastical abstention doctrine and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et seq*.

Defendants' motion should be denied because, even if the Court were to excuse Defendants' delay in seeking leave to amend, Defendants' proposed amendments are futile. Defendants fail to provide any basis for this Court to depart from the law of the case and set aside its prior determination that Defendants are governmental entities. And, as governmental entities, Defendants have no cognizable interest protected by the ecclesiastical abstention doctrine or RFRA. Indeed, allowing Defendants to assert that they are engaging in the free exercise of religion or that they are a religious organization interpreting religious doctrine would place Defendants "elbow-deep in the activities banned by the Establishment Clause." *Lund v. Rowan Cty.*, 863 F.3d 268, 281 (4th Cir. 2017) (*en banc*) (cleaned up). For these reasons, and for the reasons set forth below, Defendants' Motion for Leave to Amend Answer should be denied.

1

## BACKGROUND

Mr. Hammons filed this lawsuit on July 16, 2020, asserting a violation of the Establishment Clause, a violation of the Equal Protection Clause, and a violation of Section 1557 of the Affordable Care Act.  *See* ECF No. 1.  Defendants moved to dismiss all claims, *see* ECF No. 39, and the Court ultimately granted in part and denied in part Defendants' motion, *see* ECF No. 53.  In its decision, the Court held that Defendants were governmental entities under the three-part test established by *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 399 (1995), which established that where "the Government [1] creates a corporation by special law, [2] for the furtherance of governmental objectives, and [3] retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the Government for purposes of" the First Amendment.  *See* ECF No. 53 at 30.  Finding that all three elements of *Lebron* were satisfied, this Court held that "UMMS is a governmental entity, that is, an arm or instrumentality of government for purposes of Plaintiff's assertion of his individual constitutional rights." *Id.*

Although the Court found that UMMS is a governmental entity, the Court ultimately dismissed Plaintiff's constitutional claims because the Court concluded that UMMS is protected under the Eleventh Amendment from private suits for money damages. *Id.* at 41.  The Court subsequently reaffirmed that Defendants are state entities and entitled to sovereign immunity in denying Plaintiff's motion for reconsideration.  *See* ECF No. 63 at 12.

Defendants filed their Answer on September 24, 2021.  *See* ECF No. 62.  Pursuant to the Court's Scheduling Order the deadline for amending pleadings expired on December 9, 2021. *See* ECF No. 65.  On January 28, 2021, however, Defendants informed Plaintiff that they wished to amend their Answer to add new affirmative defenses: the ecclesiastical abstention doctrine and RFRA.  Plaintiff refused to consent to the proposed amendments, explaining that such

2

defenses are unavailable to state entities and their assertion would violate the Establishment Clause.  Nevertheless, Defendants filed the instant motion for leave to amend on February 10, 2022.[1]

## LEGAL STANDARD

"[A]fter the deadlines provided by a scheduling order have passed, [Federal Rule of Civil Procedure 16(b)(4)'s] good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  "Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts.  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) (internal quotation marks, brackets, and ellipses omitted).

Should the Court find that Defendants have established good cause for their delay, Defendants must still show that "the amendment would [not] be futile." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013).  "The standard for futility is the same as for a motion to dismiss under Rule 12(b)(6)." *Brightwell v. Hershberger*, Civil Action No. DKC 11-3278, 2015 WL 5315757, at *4 (D. Md. Sept. 10, 2015) (Chasanow, D.J.); *see also Bakery & Confection Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, Civil Action No. DKC 16-0793, 2017 WL 511911, at *8 (D. Md. Feb. 8, 2017) (Chasanow, D.J.) (explaining that affirmative defenses must meet the *Twombly-Iqbal* pleading standard).  In order to survive a Rule 12(b)(6) motion, a pleading must "state[ ] on its face a plausible claim for relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

---

[1] Due to delays in the production of documents and interrogatory responses by Defendants, the parties anticipate filing a joint stipulation to extend the discovery period.

# ARGUMENT

Plaintiff is sympathetic to the strain that Defendants and their facilities have faced over the recent months due to the rise of the Omicron-variant of the COVID-19 virus.  *See* ECF No. 73-1 at 1, 3, 4.  In fact, Plaintiff anticipates agreeing to a stipulation to extend discovery to accommodate the delays Defendants have faced in gathering and producing responsive documents during the latest surge.  But even assuming that Defendants have established sufficient "good cause" for delay, the Motion for Leave to Amend Answer must be denied because Defendants' proposed amendments are futile.  The Court previously held that the Defendants are governmental entities, and governmental entities cannot, consistent with the Establishment Clause, assert the ecclesiastical abstention doctrine or RFRA as affirmative defenses.

**I.  The Court Has Already Held That Defendants Are Governmental Entities, And That Holding Should Not Be Reconsidered**

This Court has already held that "UMMS is a governmental entity, that is, an arm or instrumentality of government for purposes of Plaintiff's assertion of his individual constitutional rights." ECF No. 52 at 30.  That decision is now law of the case and may not be revisited "unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."  *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999)).

Defendants have not identified any circumstances that would justify departing from the law of the case here.  Defendants do not identify any controlling authority abrogating this Court's prior holding. And Defendants do not argue that the Court's ruling was clearly erroneous.  *See Chase v. Dep't of Pub. Safety & Corr. Servs.*, Civil Action No. ELH-18-2182,

4

2020 WL 1914811, at *12 (D. Md. Apr. 20, 2020) (explaining that, in order for a prior decision to be clearly erroneous, and therefore not subject to the law of the case doctrine, "the decision must be 'dead wrong'").

Instead, Defendants appear to suggest that the Court may reconsider its decision because the Court only "found the Medical System to be a state actor at the *pleading stage*," and it would be premature to deem its proposed amendments futile since "discovery remains ongoing."  ECF No. 73 at 6 (emphasis added)).  Defendants thus appear to argue that reconsideration would be justified in the event discovery turns up "substantially different evidence" than the facts taken as true for purposes of the motion to dismiss.  *TFWS, Inc.*, 572 F.3d at 191.

If Defendants are indeed arguing discovery may provide a basis for setting aside this Court's prior ruling, then Defendants are wrong.  No amount of discovery could call into question this Court's prior holding, which was based on a straightforward application of *Lebron*.  Under *Lebron*, where "the Government [1] creates a corporation by special law, [2] for the furtherance of governmental objectives, and [3] retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the Government for purposes of" the First Amendment. 513 U.S. at 399.  This Court found that all three elements were satisfied based on the plain text of UMMS's authorizing statute. *See* ECF 52 at 30.  *First*, UMMS was created "by special law."  *See* Md. Code. Educ. §§ 13-301 to 13-313.  *Second*, UMMS was created "for the furtherance of governmental objectives" based on the "[l]egislative findings" set forth in § 13-302.  Third, all members of UMMS's directors are appointed by the Governor of Maryland, with the advice and consent of the State Senate.  *See* Md. Code Educ. § 13-304(b).  Those dispositive facts are not subject to change based on anything that will be revealed in discovery.

5

Defendants also assert that they are entitled to plead defenses in the "alternative." ECF 73-1 at 6. But claims and defenses pled in the alternative must still be claims and defenses upon which relief can be granted. Defendants are certainly entitled to plead multiple "alternative" defenses even when those defenses are mutually inconsistent with *each other*. *See Paunovic v. Genesis Healthcare, LLC*, Civil No. ELH-17-2448, 2018 WL 3439263, at *7 (D. Md. July 17, 2018) (explaining that "Fed. R. Civ. P. 8(d)(2) permits a party to assert claims and defenses are that internally inconsistent"). But Defendants cannot add new "alternative" defenses that are inconsistent with the prior holdings of *the Court*.

## II.  Governmental Entities Cannot Assert Defenses Based On Ecclesiastical Abstention Or RFRA

Defendants all-but concede that if the Court adheres to the law of the case and Defendants are deemed to be governmental entities, then their proposed amendments are futile. As governmental entities, Defendants have no cognizable interest in asserting defenses based on ecclesiastical abstention doctrine or RFRA. Despite being on notice of Plaintiff's objections, Defendants' opening memorandum of law does not cite a single case allowing a governmental entity to raise ecclesiastical abstention or RFRA as an affirmative defense.[2]

That concession is understandable. This Court's holding that Defendants are protected from private suits for money damages based on sovereign immunity does not give Defendants a blank check to violate the Establishment Clause with impunity. For example, under *Ex parte Young*, 209 U.S. 123 (1908), Defendants can still be held liable for Establishment Clause violations through a suit against Defendants' directors and officers in their official capacity seeking prospective injunctive or declaratory relief. *See Frew v. Hawkins*, 540 U.S. 431, 437

---

[2] To the extent that the Court excuses Defendants' waiver and allows Defendants to make such arguments for the first time in their reply memorandum, Plaintiff respectfully requests permission to file a sur-reply.

6

(2004).  Allowing Defendants to assert that they are engaging in the free exercise of religion or that they are a religious organization interpreting religious doctrine would place Defendants "elbow-deep in the activities banned by the Establishment Clause."  *Lund*, 863 F.3d at 281.

A governmental entity cannot assert a defense based on ecclesiastical abstention.  The ecclesiastical abstention doctrine focuses on scenarios where "a subordinate in a church hierarchy disputes a decision of the highest ecclesiastical tribunal," and requires civil courts to "defer to the highest ecclesiastical tribunal within a hierarchical church applying its religious law."  *Dixon v. Edwards*, 290 F.3d 699, 714-15 (4th Cir. 2002).  "This limited role is premised on First Amendment principles that preclude a court from deciding issues of religious doctrine and practice, or from interfering with internal church government."  *Id.* at 714.  These principles of ecclesiastical abstention are plainly inapplicable to suits brought against the government itself.  Far from supporting Defendants' position, the principles of ecclesiastical abstention illustrate why Defendants' own conduct violates bedrock requirements of the Establishment Clause, which prohibits all governmental entities—not just courts—from purporting to enforce or pass judgment on the proper interpretation of religious doctrine.  *See Barghout v. Bureau of Kosher Meat & Food Control*, 66 F.3d 1337, 1344 (4th Cir. 1995) (finding establishment clause violation where a state entity's adoption of a particular faith's "rules inevitably requires the intimate involvement of members of that faith, and the leaders of that faith, in discerning the applicable standard"); *Spacco v. Bridgewater Sch. Dep't*, 722 F. Supp. 834, 844-45 (D. Mass. 1989) (holding that town lease that required that use of school facility would "at all times be consistent with the teachings of the Roman Catholic Church" and that town would "rely upon and defer to the teaching authority of the Roman Catholic Archbishop of Boston" violated the Establishment Clause).

Defendants' proposed RFRA affirmative defense is equally baseless. RFRA provides that a "person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against the government." 42 U.S.C. § 2000bb-1(c). A governmental entity cannot exercise religion; it is constitutionally prohibited from doing so. *See Lund*, 863 F.3d at 278-83 (holding that "lawmaker-led prayer" in county meetings raised particular Establishment Clause concerns because "the prayer-giver was the state itself," and that "promot[ion] of Christianity" as the "preferred system of belief" violated the Establishment Clause (quoting *Town of Greece v. Galloway*, 572 U.S. 565, 581 (2014)) (cleaned up)).

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to Amend their Answer.

Dated: February 24, 2022

        Respectfully submitted,

        */s/Louis J. Ebert*
        Louis J. Ebert (Fed. Bar No. 02031)
        ROSENBERG MARTIN GREENBERG, LLP
        25 South Charles Street, 21st Floor
        Baltimore, Maryland 21201
        Telephone: (410) 727-6600
        Fax: (410) 727-1115
        lebert@rosenbergmartin.com

        Aron Fischer (*pro hac vice*)
        Andrew D. Cohen (*pro hac vice*)
        Christopher Wilds (*pro hac vice* forthcoming)
        Edward J. Delman (*pro hac vice* forthcoming)
        PATTERSON BELKNAP WEBB & TYLER LLP
        1133 Avenue of the Americas

New York, NY 10036
Telephone:  (212) 336-2000
afischer@pbwt.com
acohen@pbwt.com
cwilds@pbwt.com
edelman@pbwt.com

Joshua A. Block (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: 202-546-0738
dmach@aclu.org

*Counsel for Plaintiff Jesse Hammons*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2022, Defendants' counsel was served with the foregoing document through the Court's Electronic Case Filing System.

>                                     */s/Louis J. Ebert*
>                                     Louis J. Ebert