# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY OF MARYLAND MEDICAL SYSTEM ) <br> CORPORATION, et al. ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-02088-DKC |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO AMEND

Defendants University of Maryland Medical System Corporation, UMSJ Health System, LLC, and University of Maryland St. Joseph Medical Center, LLC (collectively, the "Medical System"), submit this reply in support of Defendants' Motion for Leave to Amend Answer.

## ARGUMENT

The Medical System moved to amend its answer to preserve two alternative affirmative defenses based on the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb-1 *et seq.* ("RFRA") and the ecclesiastical abstention doctrine. Given the liberal standard applicable to such amendments, the Court should grant the motion.

Hammons does not contest that "good cause" exists for the Medical System to seek leave to amend. The Medical System sought leave in good faith and as soon as possible in light of the ongoing exigent circumstances under which its personnel – including key decisionmakers involved in this litigation – have labored since the start of the pandemic. Nor does the Medical System's proposed amendment threaten to prejudice Hammons, especially given the limited nature of the proposed amendments and that discovery remains in an early stage without a single deposition having been taken.

Rather, Hammons' only argument is that the proposed amendment is futile because, based on the Court's prior state actor finding, it cannot invoke RFRA and the ecclesiastical abstention doctrine. But Hammons is mistaken because, given discovery remains ongoing, additional facts remain to be established that may impact the parties' claims and theories. As such, the Medical System simply seeks to preserve additional defenses.

**1.** As an initial matter, Hammons is mistaken the Court is to apply a heightened standard in deciding whether to grant the Medical System's motion because the Medical System effectively seeks reconsideration of the Court's state actor ruling. ECF No. 74 at 4–5. The

Medical System does not ask for or otherwise seek reconsideration.  It is only looking, as is its right, to preserve two alternative affirmative defenses that may be relevant as the case moves forward to discovery, summary judgment, trial, and possibly appeal.  ECF No. 73.  As such, the Medical System need only meet the liberal amendment standard under Rule 15, not a heightened "manifest injustice" standard.  ECF No. 74, at 4; Fed. R. Civ. P. 15(a)(2).  And under that standard, which is "not difficult" to satisfy, the Medical System's motion should be granted. *Brightwell v. Hershberger*, 2015 WL 5315757, at *2 & *4 (D. Md. 2015).

      **2.**  Hammons is also mistaken that the Court's state actor ruling renders the Medical System's proposed amendment futile.  ECF No. 74 at 6–7.  The Medical System is entitled to plead "alternative[ ]" or "hypothetical[ ]" defenses even regardless of "consistency."  Fed. R. Civ. P. 8(d)(2)–(3).  Given that right, it is entirely "premature" to deny the Medical System its right to preserve and potentially invoke these alternative defenses, given discovery remains ongoing and the "allegations in [Hammons'] complaint" have not been proven on the merits. *Maxtena, Inc. v. Marks*, 2014 WL 4384551, at *10 (D. Md. 2014).  The Court has not made any rulings based on the evidence at this stage, only based on the pleadings.  For example, while the Court considered each of the Defendants as alter ego entities in reaching its state actor ruling on the pleadings, ECF No. 52 at 19–22, discovery may refute Hammons' allegations on the merits by establishing each Defendant is separately governed and operated, among other key issues, ECF No. 1 ¶ 40.  That, in turn, may allow certain Defendants to invoke RFRA.  Moreover, the Court's rulings (both past and forthcoming) may be subject to potential appeal.

      The Medical System's proposed amendments are therefore not so "clearly insufficient or frivolous" to be deemed futile at this stage in the litigation. *Johnson v. Oroweat Foods, Co.*, 785

F.2d 503, 510 (4th Cir. 1986).[1]  And of course, if Hammons turns out to be correct that the additional defenses are futile, the amendment will by definition cause him no prejudice.

## CONCLUSION

The Court should grant the Medical System's motion.

Dated: March 10, 2022

/s/ Denise Giraudo
Denise Giraudo (Bar No. 29015)
Paul Werner (*pro hac vice*)
Imad Matini (*pro hac vice*)
Danielle Vrabie (*pro hac vice*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20036
Tel: 202-747-1906
Fax: 202-747-3933
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
dvrabie@sheppardmullin.com

---

[1]  While Hammons accuses the Medical System of discovery "delays," he did not make any document productions until January 18, 2022 – months after the Court entered a Scheduling Order.  ECF No. 74 at 3

-4-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2022, Plaintiff's counsel was served with the foregoing document through the Court's Electronic Case Filing System.

  */s/ Denise Giraudo*  
Denise Giraudo
