IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSE HAMMONS : 
 :
 v. : Civil Action No. DKC 20-2088
 :
UNIVERSITY OF MARYLAND MEDICAL :
SYSTEM CORPORATION, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion for leave to amend answer filed by Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ LLC"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph LLC") (collectively "Medical System").[1] (ECF No. 73).[2] The issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be granted.

I. **Background**

Mr. Hammons' complaint against UMMS, UMSJ LLC, and St. Joseph LLC asserted three claims: (1) violation of the Establishment Clause of the First Amendment under 42 U.S.C. § 1983; (2) violation

---

[1] St. Joseph LLC is a wholly owned subsidiary of UMSJ LLC, which itself is a wholly owned subsidiary of UMMS.

[2] The Medical System attached a clean copy of its proposed amended answer and a redlined version as a single document. It will be instructed to file a separate clean copy in the order.

of the Equal Protection Clause of the Fourteenth Amendment under § 1983; and (3) violation of § 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a).  (ECF No. 1, at 19, 21, 23).  The Medical System filed a motion to dismiss.  It argued that it was not acting under the color of state law, or in the alternate that it was entitled to sovereign immunity.  (ECF No. 39-1, at 20, 23).  The motion to dismiss was granted in part.  Defendants were found to be instrumentalities of the state and entitled to sovereign immunity on Counts I and II.  (ECF No. 52, at 30, 41).  Mr. Hammons was permitted to proceed under the ACA claim.  (*Id.* at 49).

Mr. Hammons filed a motion for reconsideration, (ECF No. 56), which was denied (ECF No. 63).  The Medical System, meanwhile, filed an answer.  (ECF 62).  A scheduling order was entered, and the parties had until December 9, 2021, to seek to amend their pleadings.  (ECF No. 65, at 2).

Two months after the December deadline, the Medical System filed a motion for leave to amend its answer.  (ECF No. 73).  The Medical System seeks to add two affirmative defenses to bar Count III, the Ecclesiastical Abstention Doctrine (as to all defendants) and the Restoration of Religious Freedom Act ("RFRA"), 42 U.S.C. §§ 2000bb, *et seq.* (as to St. Joseph Medical Center, LLC only).

## II.  Standard of Review

When, as here, the right to amend as a matter of course has expired, "a party may amend its pleading only with the opposing

2

party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires[,]" and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

Rule 16(b) governs the modification of a scheduling order. District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Service,* 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied,* 480 U.S. 934 (1987). The only formal limitation on this discretion is that a party seeking modification must demonstrate good cause. Fed.R.Civ.P. 16(b)(4). "Good cause" is established when the moving party shows that she cannot meet the deadlines in the scheduling order despite diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375 (D.Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion,* 129 F.3d 116 (Table), 1997 WL 702267 (4th Cir. 1997)). Indeed, although other factors may be considered (*e.g.,* the length of the delay and whether the non-moving party could be prejudiced by the delay), *Tawwaab v. Va. Linen Serv., Inc.,* 729 F.Supp.2d 757, 768–69 (D.Md. 2010), "the primary consideration . . . in [determin]ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence," *Reyazuddin v. Montgomery Cnty., Md.,* No. 11-cv-0951-

3

DKC, 2012 WL 642838, at *3 (D.Md. Feb.27, 2012). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.,* 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D.W.Va.1995).

"A district court may deny a motion to amend when . . . the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted). "A proposed amendment is [] futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

### III. Analysis

The Medical System asserts that there is good cause to modify the scheduling order because it was operating under "'Crisis Standards of Care' protocols" from December 2021 until the beginning of February 2022 as a result of the surge in COVID-19 cases. (ECF No. 73-1, at 4). The Medical System also asserts that there will be no prejudice to Mr. Hammons because the proposed affirmative defenses will not substantially change the nature of the case or require additional discovery. (*Id.* at 6). Mr. Hammons does not argue that there is not good cause to modify the scheduling order, or that he is prejudiced.

4

Instead, Mr. Hammons asserts that the proposed amendments are futile because the Medical System has been found to be a governmental entity, and "governmental entities cannot, consistent with the Establishment Clause, assert the ecclesiastical abstention doctrine or RFRA as affirmative defenses." (ECF No. 74, at 8). The Medical System concedes that it cannot assert these defenses because of its status as a governmental entity. (ECF No. 73-1, at 7). Rather, the Medical System says it is asserting the defenses as "alternative" defenses, ones that only apply to private entities. (*Id.*).

The Medical System identifies at least two alternative scenarios for which it wishes to preserve these defenses. First, in case evidence is developed in discovery establishing that "each Defendant is separately governed and operated . . . [which] in turn, may allow certain Defendants to invoke RFRA." (ECF No. 77, at 3). Second, in case the court's rulings, either past or future, are appealed. (*Id.*). It is not clear what evidence of separate governance and operation will be developed in discovery that is not already in the Medical System's hands.[3] The possibility of an appeal, however, is clearer.

---

[3] Moreover, it is Defendants who have sought to treat the defendants as one entity, referring to them collectively as "the Medical System" and not distinguishing among the entities when making arguments. (ECF Nos. 73-1, at 2; 39-1, at 8).

5

Mr. Hammons concedes that claims and defenses may be pleaded in the alternative and be inconsistent with each other. (ECF No. 74, at 10); Fed.R.Civ.P. 8(d)(2); (d)(3). He argues, however, that amending the answer is futile because the Medical System cannot assert alternative defenses that are inconsistent with prior holdings of the court. There is scant authority dealing with this circumstance. One case procedurally similar to this one is *Jean v. OneWest Bank, N.A.*, CASE NO. 14-62846-CIV-DIMITROULEAS, 2015 WL 13777042 (S.D.Fl. July 7, 2015). In *Jean,* the defendant argued in its unsuccessful motion to dismiss that the amended complaint should be dismissed because of res judicata and Florida's compulsory counterclaim rule. *Id.* at *1. After the court denied the motion to dismiss, the defendant re-asserted res judicata and compulsory counterclaim as affirmative defenses in the answer. *Id.* at 2. The court struck the "affirmative defenses to the extent that these defenses are inconsistent with rulings in the Court's April 2, 2015 Order Denying Defendant's Motion to Dismiss." *Id.*

Things are different in this case. The Medical System is not asserting these defenses directly in defiance of a prior court ruling, but instead as "alternative" defenses to be raised later pending future developments in the litigation. In effect, the Medical System is putting these defenses on the record now so that it will not waive them. (ECF No. 77, at 3) ("[The Medical System] is only looking, as is its right, to *preserve* two alternative

6

affirmative defenses that may be relevant as the case moves forward to discovery, summary judgment, trial, and possibly appeal.") (emphasis added).

RFRA serves to prohibit government from burdening a person's exercise of religion, except in certain circumstances. The law provides that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). It is not at all obvious how this "defense" would apply to a claim by a private person, Mr. Hammons, against any of the defendants, whether in their governmental or asserted personal, capacity. There is a circuit split regarding whether RFRA can be asserted in cases between private parties. *Goodman v. Archbishop Curley High School, Inc.*, 149 F.Supp.3d 577, 588-89 (D.Md. 2016) (identifying circuit split and declining to dismiss case under RFRA). *See also Goddard v. Apogee Retail LLC*, No. 19-cv-3269-DKC, 2021 WL 2589727, at *8 (D.Md. June 24, 2021) ("[RFRA] places restrictions on the government, not private parties, and so any claim predicated on RFRA against Apogee fails and will be dismissed with prejudice."). The Fourth Circuit does not appear to have weighed in on this question. Given that this question is not definitively resolved in this circuit, it is not futile for the Medical System to amend in this way, for the time being at least. The "ecclesiastical

7

abstention doctrine," under which the judiciary avoids unnecessary entanglement with theologically based decisions, may or may not have a role to play independent of the First Amendment.  Be that as it may, given the unique legal questions raised in this case, the uncontested good cause shown by the Medical System, the lack of prejudice to Mr. Hammons, and the representations of the Medical System that it is not arguing that a governmental entity may assert the Ecclesiastical Abstention Doctrine or RFRA as affirmative defenses, the motion for leave to amend will be granted.  (ECF No. 77, at 3).

**IV. Conclusion**

For the foregoing reasons, Defendants' motion for leave to amend will be granted.

```
                                    /s/
                          DEBORAH K. CHASANOW
                          United States District Judge
```