# Exhibit 12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSE HAMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:20-cv-02088-DKC |
| | ) | |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM | ) | |
| CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## SECOND SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, the Court's Local Rules, and Appendix A to the Local Rules, Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph," collectively, the "Defendants"), by their undersigned attorneys, serve the following Objections and Responses ("Responses") to Plaintiff Jesse Hammons' Second Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

Defendants reserve the right to use documents or information discovered after the date of its Responses to Plaintiff's Interrogatories, which are now known but whose relevance, significance, or applicability has not yet been ascertained. Defendants' Responses are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.      The right to question or object to the authenticity, foundation, relevancy, privilege, and admissibility of the documents or information produced in response to Plaintiff's Interrogatories in any subsequent proceeding in, or the trial of, this or any other action;

-1-

2.      The right to object to the use of documents or information produced in response to the Interrogatories in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Interrogatories into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Interrogatories or the Responses to these Interrogatories.

**<u>GENERAL OBJECTIONS</u>**

The following General Objections apply to each of the Interrogatories:

1.      Defendants object to the Interrogatories to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and the work product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2.      Defendants object to the Interrogatories to the extent they seek confidential or proprietary information.

3.      Defendants object to the Interrogatories to the extent they seek information or documents that are not within Defendants' possession, custody, or control.

4.      Defendants object to the Interrogatories to the extent that they are unduly burdensome, overly broad, or seek to impose upon Defendants an undue expense or burden that Plaintiff should properly bear.

5.      Defendants object to the Interrogatories to the extent that they seek information that is irrelevant to and outside the scope of the issues, allegations, and claims presented by Plaintiff's Complaint, seek information not reasonably calculated to lead to the discovery of admissible evidence, or are otherwise outside the scope and limits of permissible discover under the Federal Rules of Civil Procedure and any other applicable law or other orders of the Court in this litigation.

6.      Defendants object to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Interrogatories, Defendants do not adopt any meaning Plaintiff may intend or have in mind, and Defendants expressly reserve the right to object to the use or introduction of any Response that mischaracterizes or takes Defendants' Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

7.      Defendants object to the Interrogatories to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

8.      Defendants object to the Interrogatories to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by this Court or other courts or tribunals limiting dissemination or usage of the requested documents or information.

9.      Defendants object to the Interrogatories to the extent they call for information that is already in the possession of or equally available to Plaintiff or his counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

10.     Defendants reserve their right to challenge the competency, relevancy, or admissibility at hearing and/or trial of any of the information or documents it provides in response to these Interrogatories.   In responding to these Interrogatories, Defendants do not concede the Interrogatories are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Defendants expressly reserve the right to object at any proceeding regarding specific questions, to object to further discovery into the subject matter of these Interrogatories, and to object to the introduction into evidence of the deponent's responses to questions regarding these Interrogatories.

11.     No incidental or implied admissions are intended by any Response by Defendants to any Interrogatories.  That Defendants have responded to any Interrogatories is not an admission that Defendants accept or admit the existence of any alleged facts set forth or assumed in the Interrogatories or that the making of the Response constitutes admissible evidence.

12.     Defendants reserve the right to amend, supplement, or correct their Responses.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions are hereby incorporated into Defendants' Responses to each Interrogatory as though fully set forth therein.

1.     Defendants object to the definitions of "Parties," "Defendant," "Defendants," "UMMS," "UMSJ Medical Center," "You," and "Your," as overly broad and unduly burdensome to the extent they purport to require the production of documents or information in the possession, custody, or control of persons or entities other than Defendants.  Defendants respond to these Interrogatories solely on behalf of each respective entity and no other person or entity that may purport to act on each Defendant's behalf.

2.     Defendants object to the definition of "Document" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

3.     Defendants object to the definitions of "Writings," "Recordings," and "Photographs" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent they seek to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

4.     Defendants object to the definition of "Person" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

5.     Defendants object to the definition of "Concerning" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

6.     Defendants object to the definition of "Communication" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

7.     Defendants object to the definitions of "DESCRIBE IN FULL DETAIL," "IDENTIFY (with respect to persons)," and "IDENTIFY (with respect to documents)," as

overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

8.     Defendants object to the Definitions and Instructions to the extent that they impose a burden on Defendants over and above that which Plaintiff is himself willing to undertake in responding to Defendants' own requests or order entered in this litigation.

9.     Defendants object to the Instructions as unduly burdensome to the extent they seek to impose burdens or obligations exceeding or differing from those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

<div align="center">

**SPECIFIC RESPONSES AND OBJECTIONS**

</div>

**PLAINTIFF'S INTERROGATORY NO. 14:**

IDENTIFY all directors, officers, and corporate agents of UMMS, UMSJ LLC, Northeastern Maryland Regional Health System LLC, and St. Joseph LLC from 2012 to the present, including each individual's name, role(s) at each respective organization, and the length of their tenure in each role.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to this Interrogatory because it seeks information that is irrelevant to the parties' claims and defenses in this action.  This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy and corresponding cancellation.  Defendants further object to this Interrogatory to the extent it seeks information

regarding any individuals or entities that are not parties to this matter.  Defendants also object because the term "UMSJ LLC" is undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.   Defendants also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and protected health information of third-parties. Defendants are willing to meet and confer to address their objections and attempt to narrow the scope of the remaining information requested by this Interrogatory to a reasonable quantity of relevant and responsive information.

**PLAINTIFF'S INTERROGATORY NO. 15:**

State all facts or evidence on which your denial to allegations Paragraph 37 and 40 of the Complaint that UMMS and its officials are pervasively entwined with the management and governance of UMSJ LLC, Northeastern Maryland Regional Health System, LLC, and St. Joseph LLC.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to this Interrogatory because the terms and phrases "pervasively "entwined," "UMSJ LLC" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Defendants further object to this Interrogatory to the extent it seeks information regarding any individuals or entities that are not parties to this litigation. Defendants also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-

parties.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and seeks legal conclusions.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

Defendants UMMS, UMSJ, and St. Joseph LLC are distinct corporate entities that operate separately and apart from each other.  Among other facts that will be shown during the course of the litigation, UMMS and UMSJ have their own management, including board of directors, with limited overlap in personnel.  Each entity further has its own CEO and/ or president, as well as separate administrators.  UMMS officers do not serve in executive positions at St. Joseph LLC. UMMS is involved in the limited appointment of two members to the UMSJ board, which is currently composed of 18 board members.  UMSJ's directors do not sit on UMMS's board of directors.  UMSJ also conducts its own board meetings and maintains its own budget and financial statements.  *See* UMMS000001016.  Additionally, St. Joseph determines and implements its own policies and business practices, such that St. Joseph, and no other entity, is responsible for conducting its day-to-day affairs and operations.  UMMS executives and administrators neither control nor are involved in St. Joseph's day to day affairs, including but not limited to decisions regarding the provision and scheduling of patient-specific care.

Defendants further point Plaintiff to documents produced as UMMS000001005-1033 in response to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 16:**

State all facts or evidence supporting your contention that UMMS's written agreements to maintain the Catholic heritage of UMSJ LLC, Northeastern Maryland Regional Health System, LLC, and St. Joseph, LLC, including but not limited to the agreements referenced in

Paragraphs 13 and 32 of the Complaint, do not reflect the current practice of UMMS, UMSJ LLC, Northeastern Maryland Regional Health System, LLC, or St. Joseph, LLC.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to this Request because it seeks information that is irrelevant to the prosecution or defense of this action and outside the scope of this litigation. Defendants further object because the term "current practice" is undefined, vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome. Defendants further object to this Interrogatory because it seeks legal conclusions. Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, information subject to confidentiality agreements with non-parties, and/or any other applicable claim of privilege or legal protection. Defendants are willing to meet and confer to address their objections and attempt to narrow the scope of the remaining information requested by this Interrogatory to a reasonable quantity of relevant and responsive information.

**PLAINTIFF'S INTERROGATORY NO. 17:**

Your Eighth Affirmative Defense asserts that "Plaintiff's Count III of the Complaint is barred to the extent it seeks to hold Defendants jointly liable for conduct attributable only to one party." State all facts or evidence supporting your contention that UMMS is not responsible for requiring UMSJ LLC, Northeastern Maryland Regional Health System, LLC, and/or St. Joseph LLC to adhere to Catholic Directives.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets,

confidential and/or proprietary business information, information subject to confidentiality agreements with non-parties, and/or any other applicable claim of privilege or legal protection. Defendants further object because Interrogatory No. 17 seeks information that is duplicative of the information sought in Interrogatory No. 15. Defendants further object because the terms "responsible," "UMSJ LLC" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

St. Joseph references the Catholic Directives as part of its Catholic Heritage. St. Joseph maintains authority to control its day-to-day operations and operate in accordance with its Catholic Heritage. *See* UMMS00000916 at § 12.17. Defendants refer Plaintiff to their Response to Interrogatory No. 8 for an explanation of how the Catholic Identity is operationalized through the ERD as well as their Response to Interrogatory No. 15 for an explanation of St. Joseph's separate operations. Defendants further point Plaintiff to documents UMMS0000000916 through 917.

Dated:  March 14, 2022

<div style="margin-left:40%">

By: /s/ *Denise Giraudo*
Denise Giraudo
Paul Werner
Danielle Vrabie
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com
*Attorneys for Defendants*

</div>

I solemnly declare and affirm under penalty of perjury that the Responses to Plaintiff's

Second Set of Interrogatories are true and correct to the best of my knowledge, information, and

belief.


/s/___*Gail P. Cunningham, MD*_____
                Dr. Gail Cunningham