# Exhibit 18

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JESSE HAMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 1:20-cv-02088-DKC |
| | ) |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM | ) |
| CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NO. 5

Pursuant to Fed. R. Civ. P. 33, the Court's Local Rules, and Appendix A to the Local Rules, Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph," collectively, the "Defendants"), by their undersigned attorneys, serve the following Second Supplemental Response and Objections ("Supplemental Response") to Plaintiff Jesse Hammons' First Set of Interrogatories ("Interrogatories") Number 5.

## PRELIMINARY STATEMENT

Defendants reserve the right to use documents or information discovered after the date of its Supplemental Response to Plaintiff's Interrogatories, which are now known but whose relevance, significance, or applicability has not yet been ascertained. Defendants' Supplemental Response is made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.     The right to question or object to the authenticity, foundation, relevancy, privilege, and admissibility of the documents or information produced in response to Plaintiff's Interrogatories in any subsequent proceeding in, or the trial of, this or any other action;

2.      The right to object to the use of documents or information produced in response to the Interrogatories in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Interrogatories into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Interrogatories or the Responses to these Interrogatories.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories:

1.      Defendants object to the Interrogatories to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and the work product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2.      Defendants object to the Interrogatories to the extent they seek confidential or proprietary information.

3.      Defendants object to the Interrogatories to the extent they seek information or documents that are not within Defendants' possession, custody, or control.

4.      Defendants object to the Interrogatories to the extent that they are unduly burdensome, overly broad, or seek to impose upon Defendants an undue expense or burden that Plaintiff should properly bear.

5.      Defendants object to the Interrogatories to the extent that they seek information that is irrelevant to and outside the scope of the issues, allegations, and claims presented by Plaintiff's Complaint, seek information not reasonably calculated to lead to the discovery of admissible evidence, or are otherwise outside the scope and limits of permissible discover under the Federal Rules of Civil Procedure and any other applicable law or other orders of the Court in this litigation.

6.      Defendants object to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Interrogatories, Defendants do not adopt any meaning Plaintiff may intend or have in mind, and Defendants expressly reserve the right to object to the use or introduction of any Response that mischaracterizes or takes Defendants' Supplemental Response out of context or attempts to apply the Supplemental Response to a unilateral definition of a particular inquiry.

7.      Defendants object to the Interrogatories to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

8.      Defendants object to the Interrogatories to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by this Court or other courts or tribunals limiting dissemination or usage of the requested documents or information.

9.      Defendants object to the Interrogatories to the extent they call for information that is already in the possession of or equally available to Plaintiff or his counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

3

10.     Defendants reserve their right to challenge the competency, relevancy, or admissibility at hearing and/or trial of any of the information or documents it provides in response to these Interrogatories.   In responding to these Interrogatories, Defendants do not concede the Interrogatories are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Defendants expressly reserve the right to object at any proceeding regarding specific questions, to object to further discovery into the subject matter of these Interrogatories, and to object to the introduction into evidence of the deponent's responses to questions regarding these Interrogatories.

11.     No incidental or implied admissions are intended by the Supplemental Response by Defendants to Interrogatory Number 5.  That Defendants have supplementally responded to Interrogatory Number 5 is not an admission that Defendants accept or admit the existence of any alleged facts set forth or assumed in the Interrogatories or that the making of the Supplemental Response constitutes admissible evidence.

12.     Defendants reserve the right to amend, supplement, or correct this Supplemental Response and any previous response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to the Definitions and Instructions are hereby incorporated into Defendants' Supplemental Response to Interrogatory Number 5 as though fully set forth therein.

1.     Defendants object to the definition of "Catholic Directives" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

4

2.      Defendants object to the definition of "Cosmetic Medical Procedures" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

3.      Defendants object to the definition of "Compliance Assessment" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

4.      Defendants object to the definition of "Hysterectomy" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

5.      Defendants object to the definitions of "Parties," "Defendant," "Defendants," "UMMS," "UMSJ Medical Center," "You," and "Your," as overly broad and unduly burdensome to the extent they purport to require the production of documents or information in the possession, custody, or control of persons or entities other than Defendants.  Defendants respond to these Interrogatories solely on behalf of each respective entity and no other person or entity that may purport to act on each Defendant's behalf.

6.      Defendants object to the definition of "Document" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

7.     Defendants object to the definitions of "Writings," "Recordings," and "Photographs" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent they seek to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

8.     Defendants object to the definition of "Person" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

9.     Defendants object to the definition of "Concerning" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

10.     Defendants object to the definition of "Communication" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

11.     Defendants object to the definitions of "DESCRIBE IN FULL DETAIL," "IDENTIFY (with respect to persons)," and "IDENTIFY (with respect to documents)," as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

12.     Defendants object to the Definitions and Instructions to the extent that they impose a burden on Defendants over and above that which Plaintiff is himself willing to undertake in responding to Defendants' own requests or order entered in this litigation.

13.     Defendants object to the Instructions as unduly burdensome to the extent they seek to impose burdens or obligations exceeding or differing from those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

## SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 5

**INTERROGATORY NO. 5:**

DESCRIBE IN FULL DETAIL each medical procedure UMSJ Medical Center refused to permit a doctor to perform between January 1, 2012, and July 16, 2020, based on the Catholic Directives, and explain why the procedure was not allowed to be performed.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory because it seeks information that is irrelevant to the parties' claims and defenses in this action.  This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy and corresponding cancellation.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and protected health

7

information of third-parties.  Defendants also object because the terms and phrases "medical procedure," "perform," and "procedure" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Defendants also object because the term "Catholic Directives" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and to the extent it seeks legal conclusions.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

St. Joseph provides care to patients regardless of their sexual orientation and/or gender identity.  In connection with the provision of patient care, St. Joseph references the ERDs as written.  St. Joseph does not maintain other formal policies related to the ERDs.  While sterilization procedures, such as hysterectomies and vasectomies, and procedures for cosmetic purposes are generally disallowed, such procedures may be performed at St. Joseph where the procedure is necessary to treat a life-threatening condition.  This exception applies to all patients, regardless of sexual orientation and/or gender identity.  In deciding whether a procedure can be performed at St. Joseph, personnel engage in a patient- and procedure-specific review for each individual case.

Defendants are willing to meet and confer to address their objections and attempt to narrow the scope of the remaining information requested by this Interrogatory to a reasonable quantity of relevant and responsive information.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Defendants incorporate all prior stated objections and responses, and supplement as follows:

As a condition of medical staff membership at St. Joseph, all medical professionals on staff at St. Joseph agreed to abide by the ERDs and have access to them.  Medical professionals are

aware of and informed that they may not schedule procedures at St. Joseph that do not comport with the ERDs, and typically, such procedures are not scheduled St. Joseph.  As a result, cancellations of procedures at St. Joseph are a rare occurrence.

Based on St. Joseph's reference of, and guidance from, the ERDs, there have been instances where hysterectomies have been performed when the primary purpose of the procedure is to treat what is considered a life-threatening condition, but the secondary result is the performance of a hysterectomy.  There have also been instances, however, where sterilization procedures have not proceeded at St. Joseph because they were not necessary to treat what was considered a life-threatening condition.   Instances where the ERDs were evaluated in consideration of a procedure and determining it could not proceed at St. Joseph include, but are not limited to, the following:

- In November 2014, Dr. Rachel Bluebond Lagner approached St. Joseph to discuss the scheduling of a penile reconstruction surgery.  The case was considered by Dr. Gail Cunningham, Dr. Daniel Dietrick, and Susanne Decrane.  Ms. Decrane advised against performing the procedure because it would alter a body part and was not necessary to treat a life-threatening condition.  Dr. Mohan Suntha, the former CEO of St. Joseph, also participated in the consideration process.   The procedure ultimately was not scheduled at St. Joseph.

- In October 2018, Dr. Steven Adashek approached St. Joseph to schedule a hysterectomy.  Because of the coding of the procedure, the procedure was elevated for consideration by Dr. Michael Marion, Dr. Thomas Smyth, Dr. Gail Cunningham, and Keith Riddle.  The procedure originally could not be performed at St. Joseph because it was a sterilization procedure and not necessary to treat a life-threatening condition.  However, Dr. Adashek rescheduled the procedure to

9

treat the patient's diagnosis of abnormal uterine bleeding.  Because the hysterectomy was necessary to treat the patient's life-threatening condition, the hysterectomy was allowed to proceed at St. Joseph.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Defendants incorporate all prior stated objections and responses, and supplement as follows:

Based on St. Joseph's reference of the ERDs, procedures that result in sterilization, such as hysterectomies and vasectomies, and procedures for cosmetic purposes, such as those that involve the removal of or interference with the functional integrity of healthy organs, are generally disallowed and cannot proceed at St. Joseph.  However, such procedures may be performed at St. Joseph where the procedure is necessary to treat a life-threatening condition. This exception applies to all patients, regardless of gender and/or gender identity.

The terms "life threatening" and "life altering" do not reflect a medical diagnosis. Instead, these terms are used as a means to understand the implications of the ERDs on a particular procedure and/ or a patient's desired procedure, and as relevant in this litigation, whether a procedure resulting in sterilization may proceed for the primary purpose of addressing a life-threatening condition, as well as a procedure that involves an organ or body part that is damaged or no longer functions properly and must be interfered with or removed.

Dated:  April 13, 2022

By: /s/ *Denise Giraudo*
Denise Giraudo
Paul Werner
Danielle Vrabie
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com
*Attorneys for Defendants*

I solemnly declare and affirm under penalty of perjury that the Second Supplemental

Response to Plaintiff's Interrogatory No. 5 is true and correct to the best of my knowledge,

information, and belief.


/s/_*Gail Cunningham*_____
Dr. Gail Cunningham