# Exhibit 21

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 1:20-cv-02088-DKC |
| | ) |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM | ) |
| CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, the Court's Local Rules, and Appendix A to the Local Rules, Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph," collectively, the "Defendants"), by their undersigned attorneys, serve the following Objections and Responses ("Responses") to Plaintiff Jesse Hammons' First Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

Defendants reserve the right to use documents or information discovered after the date of its Responses to Plaintiff's Interrogatories, which are now known but whose relevance, significance, or applicability has not yet been ascertained. Defendants' Responses are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.      The right to question or object to the authenticity, foundation, relevancy, privilege, and admissibility of the documents or information produced in response to Plaintiff's Interrogatories in any subsequent proceeding in, or the trial of, this or any other action;

2.      The right to object to the use of documents or information produced in response to the Interrogatories in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Interrogatories into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Interrogatories or the Responses to these Interrogatories.

## **GENERAL OBJECTIONS**

The following General Objections apply to each of the Interrogatories:

1.      Defendants object to the Interrogatories to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection. Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and the work product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2.      Defendants object to the Interrogatories to the extent they seek confidential or proprietary information.

3.      Defendants object to the Interrogatories to the extent they seek information or documents that are not within Defendants' possession, custody, or control.

4.      Defendants object to the Interrogatories to the extent that they are unduly burdensome, overly broad, or seek to impose upon Defendants an undue expense or burden that Plaintiff should properly bear.

5.      Defendants object to the Interrogatories to the extent that they seek information that is irrelevant to and outside the scope of the issues, allegations, and claims presented by Plaintiff's Complaint, seek information not reasonably calculated to lead to the discovery of admissible evidence, or are otherwise outside the scope and limits of permissible discover under the Federal Rules of Civil Procedure and any other applicable law or other orders of the Court in this litigation.

6.      Defendants object to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Interrogatories, Defendants do not adopt any meaning Plaintiff may intend or have in mind, and Defendants expressly reserve the right to object to the use or introduction of any Response that mischaracterizes or takes Defendants' Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

7.      Defendants object to the Interrogatories to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

8.      Defendants object to the Interrogatories to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by this Court or other courts or tribunals limiting dissemination or usage of the requested documents or information.

9.      Defendants object to the Interrogatories to the extent they call for information that is already in the possession of or equally available to Plaintiff or his counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

10.     Defendants reserve their right to challenge the competency, relevancy, or admissibility at hearing and/or trial of any of the information or documents it provides in response to these Interrogatories.   In responding to these Interrogatories, Defendants do not concede the Interrogatories are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.  Defendants expressly reserve the right to object at any proceeding regarding specific questions, to object to further discovery into the subject matter of these Interrogatories, and to object to the introduction into evidence of the deponent's responses to questions regarding these Interrogatories.

11.     No incidental or implied admissions are intended by any Response by Defendants to any Interrogatories.  That Defendants have responded to any Interrogatories is not an admission that Defendants accept or admit the existence of any alleged facts set forth or assumed in the Interrogatories or that the making of the Response constitutes admissible evidence.

12.     Defendants reserve the right to amend, supplement, or correct their Responses.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following Objections to the Definitions and Instructions are hereby incorporated into Defendants' Responses to each Interrogatory as though fully set forth therein.

1.     Defendants object to the definition of "Catholic Directives" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

2.     Defendants object to the definition of "Cosmetic Medical Procedures" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose

burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

3.      Defendants object to the definition of "Compliance Assessment" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

4.      Defendants object to the definition of "Hysterectomy" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

5.      Defendants object to the definitions of "Parties," "Defendant," "Defendants," "UMMS," "UMSJ Medical Center," "You," and "Your," as overly broad and unduly burdensome to the extent they purport to require the production of documents or information in the possession, custody, or control of persons or entities other than Defendants.  Defendants respond to these Interrogatories solely on behalf of each respective entity and no other person or entity that may purport to act on each Defendant's behalf.

6.      Defendants object to the definition of "Document" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

7.      Defendants object to the definitions of "Writings," "Recordings," and "Photographs" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent they seek to impose burdens or obligations beyond those imposed by the Federal Rules of Civil

Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

8.      Defendants object to the definition of "Person" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

9.      Defendants object to the definition of "Concerning" as overbroad, unduly burdensome, vague, indefinite, ambiguous, and to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

10.     Defendants object to the definition of "Communication" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

11.     Defendants object to the definitions of "DESCRIBE IN FULL DETAIL," "IDENTIFY (with respect to persons)," and "IDENTIFY (with respect to documents)," as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

12.     Defendants object to the Definitions and Instructions to the extent that they impose a burden on Defendants over and above that which Plaintiff is himself willing to undertake in responding to Defendants' own requests or order entered in this litigation.

13.     Defendants object to the Instructions as unduly burdensome to the extent they seek to impose burdens or obligations exceeding or differing from those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1 (STANDARD INTERROGATORY NO. 6):**

IDENTIFY all Persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your Answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such Person.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this Interrogatory to the extent it calls for information that is in Plaintiff's possession, custody, or control.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties.  Additionally, Defendants object to this Interrogatory insofar as it asks Defendants to identify "all persons," including persons who Defendants do not know.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

The following individuals may have personal knowledge of the allegations and issues in this litigation, and may be contacted through counsel for Defendants:

- **Jesse Hammons, the Plaintiff.**  Mr. Hammons has knowledge regarding his diagnosis of gender dysphoria and related treatment, generally, and as to his scheduled hysterectomy and its cancellation and the effects of the same, specifically, as well as the hysterectomy that he ultimately received.  Mr. Hammons also has knowledge as to his alleged damages.

- **Lura Groen.**  Ms. Groen has knowledge regarding Plaintiff's diagnosis of gender dysphoria and related treatment, generally, and as to Plaintiff's scheduled hysterectomy and its cancellation and the effects of the same, specifically, as well as the hysterectomy that Plaintiff ultimately received.  Ms. Groen also has knowledge as to Plaintiff's alleged damages.

- **Dr. Steven J. Adashek, OB-GYN and Plaintiff's treating provider.**  Dr. Adashek has knowledge regarding Plaintiff's diagnosis of gender dysphoria and related treatment, generally, and as to Plaintiff's scheduled hysterectomy and its cancellation, specifically, as well as the hysterectomy that was ultimately performed on Plaintiff. Dr. Adashek also has knowledge as to St. Joseph's adherence to the ERDs as well as his agreement to abide by the ERDs.

- **Father Louis Asobi, Vice President of Mission Integration at St. Joseph.**  Father Asobi has knowledge regarding the Ethical and Religious Directives for Catholic Health Services (6th Edition) ("ERDs") [1] and how they are referenced at St. Joseph, as well as information regarding St. Joseph's Catholic heritage.

- **Keith Riddell, Former Vice President of Mission Integration at St. Joseph.**  Mr. Riddell has knowledge regarding the ERDs and how they are referenced at St. Joseph, as well as information regarding St. Joseph's Catholic heritage.

- **Dr. Gail P. Cunningham, Senior Vice President of Medical Affairs & Chief Medical Officer at St. Joseph.**  Dr. Cunningham has knowledge of how the ERDs are referenced at St. Joseph, generally, and as to Plaintiff's scheduled hysterectomy and its cancellation, specifically.

- **Dr. Monica Buescher, Chief of St. Joseph's OB-GYN Department.**  Dr. Buescher has knowledge of how the ERDs are referenced at St. Joseph.

- **Scott Conover, Senior Vice President of Clinical Integration at St. Joseph**.  Mr. Conover has knowledge of St. Joseph's Catholic heritage and the acquisition of St. Joseph by UMMS.

## INTERROGATORY NO. 2 (STANDARD INTERROGATORY NO. 9):

For each witness You have retained or specially employed to provide expert testimony in this case, or employed by You whose duties regularly involve giving expert testimony and whom You expect to testify at trial, provide a complete statement of the opinions to be expressed and the

---

[1]  *See* ERDs, *available at* https://www.usccb.org/about/doctrine/ethical-and-religious-directives/upload/ethical-religious-directives-catholic-health-service-sixth-edition-2016-06.pdf.

basis and reasons therefore.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties.  Defendants further object to this Interrogatory on the grounds that it is premature.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

Defendants will make expert disclosures pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order at the appropriate time.

**INTERROGATORY NO. 3:**

For each person likely to have discoverable information that You may use to support Your claims or defenses, unless the use would be solely for impeachment, provide the name and, if known, the address and telephone number of such Person, and the subjects of that information.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties.  Defendants further object to this Interrogatory on the grounds that it is premature and Defendants expressly reserve the right to supplement the following answer as discovery proceeds.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

- **Father Louis Asobi, Vice President of Mission Integration at St. Joseph.**  Father Asobi has information on how the ERDs are referenced at St. Joseph as well as

information related to its Catholic heritage.  Father Asobi should be contacted through Defendants' counsel.

- **Keith Riddell, Former Vice President of Mission Integration at St. Joseph.**  Mr. Riddell has knowledge regarding the ERDs and how they are referenced at St. Joseph, as well as information regarding St. Joseph's Catholic heritage.  Mr. Riddell should be contacted through Defendants' counsel.

- **Dr. Gail P. Cunningham, Senior Vice President of Medical Affairs & Chief Medical Officer at St. Joseph.**  Dr. Cunningham has information related to how the ERDs are referenced at St. Joseph, generally, and as to Plaintiff's scheduled hysterectomy, specifically.  Dr. Cunningham should be contacted through Defendants' counsel.

- **Dr. Monica Buescher, Chief of St. Joseph's OB-GYN Department.**  Dr. Buescher has information related to how the ERDs are referenced at St. Joseph's. Dr. Buescher should be contacted through Defendants' counsel.

- **Scott Conover, Senior Vice President of Clinical Integration at St. Joseph**.  Mr. Conover has information related to St. Joseph's Catholic heritage and the acquisition of St. Joseph by UMMS.  Mr. Conover should be contacted through Defendants' counsel.

- **Dr. Steven J. Adashek, OB-GYN and Plaintiff's treating provider.**  Dr. Adashek has knowledge regarding Plaintiff's diagnosis of gender dysphoria and related treatment, generally, and as to Plaintiff's scheduled hysterectomy and its cancellation, specifically, as well as the hysterectomy that was ultimately performed on Plaintiff.  Dr. Adashek's office website lists the following contact information for him:  1205 York Rd., Suite 12, Lutherville, Timonium, MD 21093, telephone number 410-296-8001.

## INTERROGATORY NO. 4:

DESCRIBE IN FULL DETAIL each Cosmetic Medical Procedure and hysterectomy performed at UMSJ Medical Center between January 1, 2012, and July 16, 2020, and the reason why Defendants allowed the procedure to be performed despite the Catholic Directives (including, for the avoidance of doubt, each identified "present and serious pathology," as the term is used in the Catholic Directives).

-10-

**RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory because it seeks information that is irrelevant to the parties' claims and defenses in this action.  This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy and corresponding cancellation.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and protected health information of third-parties.  Defendants also object because the term "Cosmetic Medical Procedure" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and to the extent it seeks legal conclusions.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

St. Joseph provides care to patients regardless of their sexual orientation and/or gender identity.  In connection with the provision of patient care, St. Joseph references the ERDs as written, as well as other literature interpreting the ERDs.  St. Joseph does not maintain other formal policies related to the ERDs.  While sterilization procedures, such as hysterectomies and vasectomies, and procedures for cosmetic purposes are generally disallowed, such procedures may be performed at St. Joseph where the procedure is necessary to treat a life-threatening condition. This exception applies to all patients, regardless of sexual orientation and/ or gender identity.  In deciding whether a procedure can be performed at St. Joseph, personnel engage in a patient- and

procedure-specific review for each individual case.  Pursuant to that review, hysterectomies and certain cosmetic procedures have been performed at St. Joseph.

Defendants are willing to meet and confer to address their objections and attempt to narrow the scope of the remaining information requested by this Interrogatory to a reasonable quantity of relevant and responsive information.

**INTERROGATORY NO. 5:**

DESCRIBE IN FULL DETAIL each medical procedure UMSJ Medical Center refused to permit a doctor to perform between January 1, 2012, and July 16, 2020, based on the Catholic Directives, and explain why the procedure was not allowed to be performed.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory because it seeks information that is irrelevant to the parties' claims and defenses in this action.  This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy and corresponding cancellation.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and protected health information of third-parties.  Defendants also object because the terms and phrases "medical procedure," "perform," and "procedure" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Defendants also object because the term "Catholic Directives" is vague, ambiguous, and renders the Interrogatory overbroad and unduly

burdensome.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and to the extent it seeks legal conclusions.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

St. Joseph provides care to patients regardless of their sexual orientation and/or gender identity.  In connection with the provision of patient care, St. Joseph references the ERDs as written.  St. Joseph does not maintain other formal policies related to the ERDs.  While sterilization procedures, such as hysterectomies and vasectomies, and procedures for cosmetic purposes are generally disallowed, such procedures may be performed at St. Joseph where the procedure is necessary to treat a life-threatening condition.  This exception applies to all patients, regardless of sexual orientation and/or gender identity.  In deciding whether a procedure can be performed at St. Joseph, personnel engage in a patient- and procedure-specific review for each individual case.

Defendants are willing to meet and confer to address their objections and attempt to narrow the scope of the remaining information requested by this Interrogatory to a reasonable quantity of relevant and responsive information.

**INTERROGATORY NO. 6:**

Identify each Person who has participated in a Compliance Assessment since January 1, 2012.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this Interrogatory because it seeks information that is irrelevant to the parties' claims and defenses in this action.  This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy and corresponding

-13-

cancellation.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-parties.  Defendants also object because the term "participated" is undefined, vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Defendants also object because the term "Compliance Assessment" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Defendants are willing to meet and confer to address their objections and attempt to narrow the scope of the information requested by this Interrogatory to a reasonable quantity of relevant and responsive information.

**INTERROGATORY NO. 7:**

Identify each Person who has participated in any decision about whether to approve or deny a Cosmetic Medical Procedure or a hysterectomy at UMSJ Medical Center since January 1, 2012.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this Interrogatory because it seeks information that is irrelevant to the parties' claims and defenses in this action.  This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy and corresponding cancellation.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and protected health

information of third-parties.  Defendants also object because the term "participated" is undefined, vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Defendants also object because the terms "Cosmetic Medical Procedure" and "hysterectomy" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

The following individuals have previously been involved in deciding whether a medical treatment or procedure may proceed at St. Joseph:

- Dr. Gail P. Cunningham.

- Father Louis Asobi.

- Dr. Monica Buescher.

**INTERROGATORY NO. 8:**

DESCRIBE IN FULL DETAIL the Defendants' decision-making process for determining whether a medical procedure at UMSJ Medical Center would conflict with the Catholic Directives, including a list of all Persons involved in the process and the nature of their involvement.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to this Interrogatory because the terms "decision-making process," "medical procedure," and "involved" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Defendants further object to this Interrogatory on the basis that is vague and ambiguous as to time and thus limits its response to January 2020 to the present.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information

of third-parties.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and to the extent it seeks legal conclusions.  Defendants also object because this Interrogatory is duplicative of Interrogatories Nos. 6 and 7.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

St. Joseph provides care to patients regardless of their sexual orientation and/or gender identity.  All medical professionals on staff at St. Joseph agree to abide by the ERDs as a condition of their medical staff membership and have access to them.

To the extent that a procedure or treatment may implicate the ERDs, that procedure is reviewed on a patient- and procedure-specific basis.  The treating medical professional may contact the head of the relevant medical department to discuss the nature and reason for the treatment, the patient's condition, and other relevant medical issues.  The treating medical professional may also contact an on-site chaplain to address ERD compliance.  Where further questions remain on the application of the ERDs, the parties may further consult with Dr. Cunningham.  In certain cases, Dr. Cunningham may consult the Vice President of Mission Integration as well.  The ERDs are referenced in connection with this review and applied as written. It may also refer to literature concerning the interpretation of the ERDs in certain instances.  St. Joseph does not maintain any other formal policies regarding the application of the ERDs.

**INTERROGATORY NO. 9:**

Identify all Persons involved in the decision to cancel Mr. Hammons's hysterectomy at UMSJ Medical Center.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this Interrogatory insofar as it asks Defendants to identify "all persons," including persons who Defendants do not know.  Defendants further object to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-parties.  Defendants also object because the term "involved" is undefined, vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and to the extent it seeks legal conclusions.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

The following individuals have information related to the cancellation of Plaintiff's scheduled hysterectomy:

- Dr. Steven J. Adashek

- Dr. Gail P. Cunningham.

**INTERROGATORY NO. 10:**

DESCRIBE IN FULL DETAIL the Compliance Assessment regarding Mr. Hammons's hysterectomy scheduled to be performed at UMSJ Medical Center.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-parties.  Defendants also object because the term "Compliance Assessment" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

On or around December 24, 2019, Plaintiff's surgeon contacted Dr. Cunningham by telephone and requested permission to perform Plaintiff's hysterectomy at St. Joseph.  After considering the patient's condition, proposed treatment, and the ERDs, Dr. Cunningham informed Plaintiff's surgeon that the hysterectomy could not be performed at St. Joseph.

**INTERROGATORY NO. 11:**

DESCRIBE IN FULL DETAIL all facts and documents upon which You based Your decision to cancel Mr. Hammons's hysterectomy.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to this Interrogatory to the extent it requests "all" facts or documents where a reasonable quantity would suffice to show the information sought through this Interrogatory. Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-parties.  Additionally, Defendants object to this Interrogatory because it is argumentative as framed and to the extent it seeks legal conclusions.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

The ERDs were considered in connection with deciding whether Plaintiff's hysterectomy could proceed at St. Joseph.  Additionally, the nature of the procedure, the patient's condition, and information conveyed by Plaintiff's surgeon were also considered.

**INTERROGATORY NO. 12:**

DESCRIBE IN FULL DETAIL all information provided to doctors regarding Your policies and/or practices for approval and denial of Cosmetic Medical Procedures and

hysterectomies at UMSJ Medical Center.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to this Interrogatory because the terms "policies" and "practices" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Defendants also object because the term "Cosmetic Medical Procedures" and "hysterectomy" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-parties.  Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

All medical professionals on staff at St. Joseph agree to abide by the ERDs as a condition of their medical staff membership and have access to them.  Those medical professionals who maintain privileges at St. Joseph are made aware of the ERDs and agree to abide by the St. Joseph's medical staff bylaws as a condition of their employment and/or maintaining privileges at St. Joseph.  Medical professionals are further informed that they may consult with the chiefs of relevant medical departments, an on-site chaplain, Dr. Cunningham, as well as the Vice President of Mission Integration where issues arise over whether a procedure comports with the ERDs.  The ERDs are referenced and applied as written, and St. Joseph does not maintain any other formal policies related to the application of the ERDs.

**INTERROGATORY NO. 13:**

DESCRIBE IN FULL DETAIL all training You provide to doctors regarding the application of the Catholic Directives and any UMSJ Medical Center policies identified in

response to Plaintiff's Interrogatory No. 12 to Cosmetic Medical Procedures and hysterectomies.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to this Interrogatory because the terms "training" and "application" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Defendants also object because the term "Catholic Directives," "Cosmetic Medical Procedures," and "hysterectomies" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Defendants further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and private medical information of third-parties. Subject to and without waiving any of the foregoing objections, Defendants answer as follows:

All medical professionals on staff at St. Joseph agree to abide by the ERDs as a condition of their medical staff membership and have access to them. Those medical professionals who maintain privileges at St. Joseph are made aware of the ERDs and agree to abide by St. Joseph's medical staff bylaws as a condition of their employment and/or maintaining privileges at St. Joseph. The ERDs are referenced and applied as written. St. Joseph also may refer to literature interpreting the ERDs as appropriate. St. Joseph does not maintain any other formal policies related to the application of the ERDs.

Dated:  December 13, 2021

By: /s/ *Denise Giraudo*
Denise Giraudo
Paul Werner
Danielle Vrabie
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com
*Attorneys for Defendants*