# Exhibit 23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MARYLAND MEDICAL SYSTEM<br>CORPORATION, et al.<br><br>　　　　Defendants. | Case No. 1:20-cv-02088-DKC |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, the Court's Local Rules, and Appendix A to the Local Rules, Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph," collectively, the "Defendants"), by their undersigned attorneys, serve the following Objections and Responses ("Responses") to Plaintiff Jesse Hammons' Third Set of Interrogatories ("Interrogatories" or "Interrogatory").

**PRELIMINARY STATEMENT**

Defendants reserve the right to use documents or information discovered after the date of its Response to Plaintiff's Interrogatory, which are now known but whose relevance, significance, or applicability has not yet been ascertained. Defendants' Response is made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.　The right to question or object to the authenticity, foundation, relevancy, privilege, and admissibility of the documents or information produced in response to Plaintiff's Interrogatory in any subsequent proceeding in, or the trial of, this or any other action;

-1-

2. The right to object to the use of documents or information produced in response to the Interrogatory in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3. The right to object to the introduction of the Interrogatory into evidence; and

4. The right to object on any ground at any time to other discovery involving the subject matter of this Interrogatory or the Response to this Interrogatory.

## **GENERAL OBJECTIONS**

The following General Objections apply to the Interrogatory:

1. Defendants object to the Interrogatory to the extent it calls for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection. Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and the work product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

2. Defendants object to the Interrogatory to the extent it seeks confidential or proprietary information.

3. Defendants object to the Interrogatory to the extent it seeks information or documents that are not within Defendants' possession, custody, or control.

4. Defendants object to the Interrogatory to the extent that it is unduly burdensome, overly broad, or seeks to impose upon Defendants an undue expense or burden that Plaintiff should properly bear.

5. Defendants object to the Interrogatory to the extent that it seeks information that is irrelevant to and outside the scope of the issues, allegations, and claims presented by Plaintiff's Complaint, seeks information not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise outside the scope and limits of permissible discovery under the Federal Rules of Civil Procedure and any other applicable law or other orders of the Court in this litigation.

6. Defendants object to the Interrogatory to the extent it is vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. By responding to any Interrogatory, Defendants do not adopt any meaning Plaintiff may intend or have in mind, and Defendants expressly reserve the right to object to the use or introduction of any Response that mischaracterizes or takes Defendants' Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

7. Defendants object to the Interrogatory to the extent it calls for, or can be interpreted as calling for, legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

8. Defendants object to the Interrogatory to the extent it seeks documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by this Court or other courts or tribunals limiting dissemination or usage of the requested documents or information.

9. Defendants object to the Interrogatory to the extent it calls for information that is already in the possession of or equally available to Plaintiff or his counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

10. Defendants reserve their right to challenge the competency, relevancy, or admissibility at hearing and/or trial of any of the information or documents they provide in response to this Interrogatory. In responding to this Interrogatory, Defendants do not concede the Interrogatory is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendants expressly reserve the right to object at any proceeding regarding specific questions, to object to further discovery into the subject matter of this Interrogatory, and to object to the introduction into evidence of the deponent's responses to questions regarding this Interrogatory.

11. No incidental or implied admissions are intended by any Response by Defendants to any Interrogatory. That Defendants have responded to any Interrogatory is not an admission that Defendants accept or admit the existence of any alleged facts set forth or assumed in the Interrogatory or that the making of the Response constitutes admissible evidence.

12. Defendants reserve the right to amend, supplement, or correct their Response.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following Objections to the Definitions and Instructions are hereby incorporated into Defendants' Responses to each Interrogatory as though fully set forth therein.

1. Defendants object to the definitions of "Parties," "Defendant," "Defendants," "UMMS," "UMSJ Medical Center," "You," and "Your," as overly broad and unduly burdensome to the extent they purport to require the production of documents or information in the possession, custody, or control of persons or entities other than Defendants. Defendants respond to this Interrogatory solely on behalf of each respective entity and no other person or entity that may purport to act on each Defendant's behalf.

2. Defendants object to the definition of "Document" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

3. Defendants object to the definitions of "Writings," "Recordings," and "Photographs" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent they seek to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

4. Defendants object to the definition of "Person" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

5. Defendants object to the definition of "Communication" as overbroad, unduly burdensome, vague, indefinite, and ambiguous to the extent it seeks to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

6. Defendants object to the Definitions and Instructions to the extent that they impose a burden on Defendants over and above that which Plaintiff is himself willing to undertake in responding to Defendants' own requests or order entered in this litigation.

7. Defendants object to the Instructions as unduly burdensome to the extent they seek to impose burdens or obligations exceeding or differing from those imposed by the Federal Rules

of Civil Procedure, Local Rules of this Court, any other orders entered in this litigation, or any other applicable law.

## SPECIFIC RESPONSES AND OBJECTIONS

**PLAINTIFF'S INTERROGATORY NO. 18:**

DESCRIBE IN FULL DETAIL, with reference to medical procedure and diagnosis codes, all treatments and procedures UMSJ Medical Center performed or provided related to gender transition and/or gender dysphoria (or gender identity disorder), including but not limited to hysterectomies and phalloplasties, between January 1, 2012 and July 16, 2020.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to this Interrogatory because the terms "treatments and procedures" are undefined, vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. This Interrogatory is profoundly overbroad, unduly burdensome, and disproportional to the needs of this case to the extent that it seeks information going back to January 1, 2012—well before the events at issue in this litigation took place—or seeks any information unrelated to Mr. Hammons' scheduled hysterectomy.  Defendants further object to this Interrogatory to the extent it seeks information regarding any individuals or entities that are not parties to this matter.  Defendants also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/or proprietary business information, and/or information subject to confidentiality agreements with non-parties as well as confidential and protected health information of third-parties.  Subject to and without waiving the foregoing objections, Defendants answer as follows:

Sterilization procedures, such as hysterectomies or vasectomies, and procedures for cosmetic purposes, such as those that involve the removal of or interference with the functional

integrity of healthy organs, are generally disallowed under the ERDs and may not be performed at St. Joseph.  This applies to all patients, regardless of gender and/ or gender identity.  A vasectomy, hysterectomy, or phalloplasty intended for the sole purpose of treating gender dysphoria which would involve the removal of an otherwise healthy reproductive organ cannot proceed at St. Joseph.  However, a hysterectomy has been performed on a transgender patient at St. Joseph, particularly in 2018, to address abnormal uterine bleeding, which is considered a life-threatening condition under the ERDs and involves a damaged and improperly functioning uterus.  As such, the procedure was allowed to proceed at St. Joseph.

Dated:  April 7, 2022

By: /s/ *Denise Giraudo*
Denise Giraudo
Paul Werner
Danielle Vrabie
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com
*Attorneys for Defendants*

I solemnly declare and affirm under penalty of perjury that the Response to Plaintiff's Third Set of Interrogatories is true and correct to the best of my knowledge, information, and belief.

*/s/_Gail Cunningham, MD*
Dr. Gail Cunningham