## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS,                               ) | |
| ) | |
| Plaintiff,          ) | |
| v.                               ) | Case No. 1:20-cv-02088-DKC |
| ) | |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM   ) | |
| CORPORATION, et al.                          ) | |
| ) | |
| Defendants.         ) | |
| ) | |

## REPLY IN SUPPORT OF MOTION FOR
## LEAVE TO FILE EXHIBITS UNDER SEAL

Pursuant to Local Rules 104.13(c), 105.11, and Section 3 of the Confidentiality Order in this case (ECF Nos. 69 & 70), Defendants filed a motion requesting leave to file six of their twenty-three Exhibits under seal.  ECF No. 100 ("Defendants' Motion").  More specifically, Defendants sought to seal Exhibits 2, 7, 10, 13, 15, and 19 to their Motion for Summary Judgment.  *Id.*  These documents, which were produced with an "Attorneys' Eyes Only" or "Confidential" designation relate to Plaintiff's health information, Defendants' corporate formation, structure, and contractual obligations.  Although Plaintiff has never challenged the Defendants' designations, he now opposes Defendants' sealing of Exhibits 2, 7 and 13 (the "Documents") –  which relate to Defendants; however, unsurprisingly, he does not oppose the sealing of documents which Plaintiff believes contain his own sensitive information.[1]  Indeed, despite Plaintiff's arguments otherwise, Defendants' Motion complies with the relevant local rules and satisfies the burden to seal the

---

[1]  The documents that Plaintiff opposes sealing are: the Asset Purchase Agreement governing the sale of St. Joseph to UMMS (Exhibit 2), St. Joseph's Catholic Identity Agreement (Exhibit 7), and the University of Maryland St. Joseph Medical Center, LLC Resolution of the Board of Directors and Attached Second Amended and Restated Operating Agreement (Exhibit 13).

Documents.  Defendants' Motion should be granted and the Court should seal Exhibits 2, 7, 10, 13, 15, and 19 to their Motion for Summary Judgment.

As an initial matter, Plaintiff claims that the Documents should not be sealed because Defendants' Motion does not include "specific factual representations to justify the sealing" under Local Rule 105.11.  ECF No. 102, at 2.  That is not so.  This Court has found that a party provided an "adequate justification to seal . . . exhibits" to a summary judgment motion where the relevant exhibits were produced under the condition that they would protected and with an "attorney's eyes only" designation.  *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 656 (D. Md. 2010).  Further, unlike in cases cited by Plaintiff, here, Defendants have not merely "[c]haracterized[ ] documents as 'confidential' without any description of what information they contain or why that information should be protected[.]"  *Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 455 F. Supp. 2d 399, 438 (D. Md. 2006).  Rather, Defendants specifically state the nature and type of sensitive information contained within the Documents – "proprietary business information including internal policies and procedures[.]"  ECF No. 100, at 2–3.

Defendants' Motion also explains why alternatives to sealing would be ineffective – redaction and other alternatives are simply not sufficient to allow the Court to "fully evaluate the testimony and information provided in these exhibits."  ECF No. 100, at 4.  This Court has found that alternatives to sealing were not sufficient where, like here, "the information in the documents must be reviewed as a whole to provide proper context."  *Jaguar Land Rover N. Am., LLC*, 738 F. Supp. 2d at 656.  Additionally, redaction is not practical here because the Documents would have to be redacted in their entirety to adequately protect the sensitive information contained in the Documents.  *See Brittney Gobble Photography, LLC v. Sinclair Broadcast Group, Inc.*, 2020 WL

761174, at *7 (D. Md. Feb. 14, 2020) (holding that redaction was insufficient to protect exhibits composed of entirely "confidential commercial information").

Additionally, Defendants have met their burden of showing that sealing the Documents is necessary to serve a compelling government interest.  This Court has found, and the Fourth Circuit has affirmed, that this burden was met with regard to documents designated confidential during discovery that constitute "proprietary commercial documents, such as contracts and internal records."  *Norris v. PNC Bank, N.A.*, 2022 WL 2193303, at *41 (D. Md. June 16, 2022) (sealing exhibits to a summary judgment motion); *Pittston Co. V. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming sealing documents designated as "containing confidential, proprietary, commercial, or financial data" under a protective order); *Jackson v. JTM Capital Mgmt., LLC*, 2021 WL 1238565, at *4 (D. Md. 2021).  Additionally, Plaintiff's attempt to distinguish *Jackson* misconstrues this Court's analysis.  2021 WL 1238565, at *4.  In *Jackson*, the Court found a "basis to seal" documents that would reveal to the public and to JTM's competitors its "internal policies and procedures, compliance requirements, and strategies and polices."  *Id.*  It is true that the Court went on to state that certain facts contained within the documents were highly relevant to the dispute, however, the Court did *not* decline to seal those documents.  *Id.*  Rather, the Court merely stated that it would "not seal any part of this opinion that quotes from or references these documents."  *Id.*  Similarly, here, Defendants have cited to relevant portions of the Documents in their Motion for Summary Judgment without redacting or seeking to seal the entirety of that motion.  *See, e.g.*, ECF No. 98 at 4–5.  As such, Defendants' narrow approach seeking to seal only a few exhibits to their motion balances the competing interests between public disclosure and the need to protect their competitively sensitive business information.  *See Jackson*, 2021 WL 1238565, at *4; *Anderson v. Home Depot U.S.A., Inc.*, 2017 WL 2189508, at *10 (D. Md. May

16, 2017) (granting a motion to seal with respect to certain exhibits to a motion for summary judgment containing "sensitive business information"  but declining to broadly seal the memorandum in support of the motion).

The Court should take the same approach here.  The Documents that Defendants have asked the Court to seal contain proprietary business information, including internal non-public policies, strategies, and procedures of St. Joseph and UMMS, which would be likely to cause competitive harm to Defendants if made part of the public record.[2]  Indeed, this information is not available to the public or to others in the market.  Therefore, the Court should seal the Documents.[3]

Plaintiff's argument that because UMMS is a government entity it is subject to higher scrutiny is without basis here.  The case Plaintiff cites to support this argument, *Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014), is factually distinct from the circumstances in this case.  In *Public Citizen*, the Fourth Circuit rejected the district court's decision to conduct legal proceedings

---

[2]  Sealing is further justified with regard to Exhibits 2 (Asset Purchase Agreement) and 7 (Catholic Identity Agreement between Defendants and the Roman Catholic Archbishop of Baltimore).  The Asset Purchase Agreement, by its own terms, may not be publicly disclosed except by "Legal Requirement[ ] or lawful Order."  ECF No. 98, Ex. 2 at UMMS000000914.  Thus, Defendants may not publicly disclose Exhibit 2, absent a legal requirement or order of this Court.  The Catholic Identity Agreement implicates the information of the Roman Catholic Archbishop of Baltimore, a third party to this dispute, which is subject to protection from disclosure.  *See Trammel v. Baltimore Gas & Elec. Co.*, 279 F. Supp. 2d 646, 656 n.16 (D. Md. 2003) (noting that certain summary judgment exhibits were filed under seal to protect the information of third parties); *see also Hatch v. Demayo*, 2021 WL 7162552, at *1–*3 (M.D.N.C. Jan. 6, 2021) (granting a motion to seal summary judgment exhibits containing "commercially sensitive information" of third parties).

[3]  Plaintiff makes a broad and unfounded assumption that Defendants are attempting to seal documents to conceal what they describe as "misconduct," but provides no explanation as to what "misconduct" may be hiding in Defendants' corporate documents.  ECF 102, at 4.  Defendants have made no attempt to conceal any of their conduct relevant to this case – Defendants cite to the Documents at issue throughout their memorandum in support of their motion for summary judgment in describing their corporate structure.  *See, e.g.*, ECF No. 98 at 4–5 & 14.  Plaintiff's characterization of Defendants' attempt to protect their corporate documents as an attempt to hide wrongdoing is simply groundless and should be disregarded.

entirely behind closed doors – sealing all documents filed in the case and allowing the plaintiff corporation to proceed under a pseudonym. *Id.* at 253. The Fourth Circuit determined that the public had a right to monitor the workings of the Consumer Product Safety Commission as well as the Court's appraisal of the Commission. *Id.* at 271. Here, Defendants do not seek to completely shield this litigation, nor its actions from the public eye – Defendants merely seek to protect their confidential corporate information. Additionally, Plaintiff's government entity argument is undercut by the Court of Appeals of Maryland's conclusion that, based on a Maryland statute, UMMS is not subject to the Maryland Public Information Act. *See Napata v. Univ. of Md. Med. Sys. Corp.*, 12 A.3d 144, 151–52 (Md. 2011) (citing Md. Code Ann., Educ. § 13-303(a)(2)). Implicit in the determination that UMMS is not subject to the Public Information Act is the concept that the public's right and interest in access to UMMS documents is limited. As such, Plaintiff's argument that the public has a heightened interest in accessing Defendants' internal documents is without support.

The Court should grant Defendants' Motion and seal Exhibits 2, 7, 10, 13, 15 and 19 to their Motion for Summary Judgment.

Dated: July 22, 2022

*/s/ Denise Giraudo*
Denise Giraudo (Bar No. 29015)
Paul Werner (admitted *pro hac vice*)
Danielle Vrabie (admitted *pro hac vice*)
Imad Matini (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20036
Tel: 202-747-1906
Fax: 202-747-3933
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 22, 2022, Plaintiff's counsel was served with the foregoing document through the Court's Electronic Case Filing System.

*__ /s/ Denise Giraudo_____*
Denise Giraudo
