IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cv-2088-DKC |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S CONSOLIDATED INTERIM SEALING MOTION, MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL, AND MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS PUBLICLY**

Plaintiff Jesse Hammons ("Plaintiff" or "Mr. Hammons") respectfully submits this Interim Sealing Motion pursuant to Local Rules 104.13(c), 105.11, and Section 3 of the Stipulated Confidentiality Order in this case (ECF Nos. 69 & 70); moves for leave to file Exhibits 2, 11, 19, and 20 to his Cross-Motion for Summary Judgment under seal; and moves for leave to file Exhibits 13, 14, 16, and 22 to his Cross-Motion for Summary Judgment publicly.

As discussed below, Plaintiff's Cross-Motion for Summary Judgment is accompanied by eight exhibits that have been designated as confidential pursuant to the Stipulated Confidentiality Order. Plaintiff seeks to file these eight exhibits under seal on an interim basis. However, because sealing is not warranted for four of the exhibits, which Defendants have designated confidential— Exhibits 13, 14, 16, and 22—Plaintiff respectfully seeks leave to file them publicly.[1]

---

[1] Like Defendants, Plaintiff has not redacted his Memorandum in Support of his Cross-Motion for Summary Judgment or filed it under seal. *See* Defs.' Summ. J. Mem. (ECF No. 98-1), at 4–5 (quoting Defs.' Ex. 2, UMMS000000916, which Defendants filed under seal); *see also* Defs.' Reply to Mot. to Seal (ECF No. 103), at 3 (stating that they "have cited to relevant portions of the Documents in their Motion for Summary Judgment without redacting or seeking to seal the entirety of that motion").

A. **Exhibits Subject to Plaintiff's Cross-Motion for Summary Judgment**

1. Under the Stipulated Confidentiality Order, if materials designated confidential by either party are filed with the Court, they "shall be filed under seal . . . with a simultaneous motion pursuant to L.R. 104.13(c) . . . in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases." ECF No. 69, Section 3.

2. Exhibit 2 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct copy of a letter signed by Dr. Kate Thomas, which was produced to Defendants at Bates numbers HUM_0000050-51, and which Plaintiff has designated confidential.

3. Exhibit 11 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct excerpt of the certified transcript of the deposition of Keith Riddle, taken on April 21, 2022, which the parties have designated confidential.

4. Exhibit 19 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct excerpt of the certified transcript of the deposition of Dr. Steven Adashek, taken on May 20, 2022, which the parties have designated confidential.

5. Exhibit 20 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct excerpt of the certified transcript of the deposition of Plaintiff Jesse Hammons, taken on April 8, 2022, which the parties have designated confidential.

6. Exhibit 13 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct copy of a policy document from the National Catholic Bioethics Center, which Defendants produced at Bates numbers UMMS000000004-05, and which Defendants have designated confidential.

7. Exhibit 14 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct copy of the Catholic Identity and Ethics Review, which Defendants produced in native format at Bates number UMMS000000768, and which Defendants have designated confidential.

8.       Exhibit 16 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct copy of an email exchange between Dr. Gail Cunningham and various employees of St. Joseph Medical Center, which Defendants produced at Bates numbers UMMS000000107-10, and which Defendants have designated as confidential.

9.       Exhibit 22 to Plaintiff's Cross-Motion for Summary Judgment is a true and correct copy of an email from Dr. Gail Cunningham to Dr. Michael J. Marion and others, which Defendants produced at Bates numbers UMMS_000000715-16, and which Defendants have designated confidential.

**B.       Plaintiff's Exhibits 2, 11, 19, and 20 Should Remain Under Seal**

10.      The public enjoys a right of access to certain court filings under the common law and the First Amendment. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir.2004), *cert. denied*, 544 U.S. 949 (2005). Documents filed in support of a dispositive motion may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

11.      Courts recognize "[t]he need to protect confidential medical information" as serving a sufficiently compelling governmental interest. *Whye v. Moss*, No. CIV.A. GLR-14-28, 2014 WL 6977658, at *2 (D. Md. Dec. 8, 2014). Accordingly, sealing is justified when the movant seeks to withhold "sensitive health information" from public view. *Moore v. Wash. Hosp. Ctr.*, No. DKC 11–3742, 2012 WL 2915165, at *6–7 (D. Md. July 16, 2012) (Chasanow, J.); *see also Thomas v. City of Annapolis*, No. CV BPG-16-3823, 2018 WL 1183657, at *4 (D. Md. Mar. 7, 2018) (holding that "plaintiff's private medical records" and "medical evaluation notes" were "appropriately sealed"); *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d 461, 463 &

n.1 (D. Md. 2005), *aff'd*, 205 F. App'x 183 (4th Cir. 2006) (granting motion to seal documents that include "personal and medical information related to Plaintiff").

12. Plaintiff's Exhibit 2, which Plaintiff has designated confidential, reflects a December 27, 2019 letter signed by Kate Thomas, PhD, and contains sensitive and detailed medical information and evaluation notes about Plaintiff.

13. During Keith Riddle's deposition taken on April 21, 2022, confidential information regarding an individual's medical history and diagnoses was disclosed. Confidential portions of that deposition testimony are included in Plaintiff's Exhibit 11. The parties designated Mr. Riddle's deposition testimony confidential.

14. During Dr. Steven Adashek's deposition taken on May 20, 2022, confidential information regarding Plaintiff's medical history and diagnoses was disclosed. Confidential portions of that deposition testimony are included in Plaintiff's Exhibit 19. The parties designated Dr. Adashek's deposition testimony confidential.

15. During Plaintiff's deposition taken on April 8, 2022, confidential information regarding Plaintiff's medical history and diagnoses was disclosed. Confidential portions of that deposition testimony are included in Plaintiff's Exhibit 20. The parties designated Plaintiff's deposition testimony confidential.

16. Because sensitive and detailed medical information pervades Plaintiff's Exhibits 2, 11, 19, and 20, redaction would render them incomprehensible, such that no alternative to sealing is feasible. *See Borkowski v. Baltimore Cnty., Maryland*, 414 F. Supp. 3d 788, 822 (D. Md. 2019) (Chasanow, J.).

C.  **No Compelling Interest Justifies Sealing Plaintiff's Exhibits 13, 14, 16, and 22, Designated Confidential by Defendants**

17. On the other hand, there is no compelling interest in keeping Plaintiff's Exhibits 13, 14, 16, and 22 from public view. These exhibits "go to the heart of the instant litigation," and a generalized "urge for secrecy" to protect business interests "is incompatible with the public resolution of . . . disputes in our open judicial system." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123–24 (D. Md. 2009); *see also Teras v. Wilde*, No. CIV.A. DKC 14-0244, 2015 WL 858310, at *12 (D. Md. Feb. 26, 2015) (Chasanow, J.) (denying motion to seal where it was "unclear what . . . information requires confidentiality in order to protect Defendants' business prospects").

18. Plaintiff's Exhibit 13, authored by the National Catholic Bioethics Center and entitled *Transgender Issues in Catholic Health Care* (Feb. 2017), is already available to the public, and sealing it would serve no purpose. *See* https://www.ncbcenter.org/resources-and-statements-cms/summary-transgender-issues-in-catholic-health-care (last accessed July 25, 2022).

19. The details of Plaintiff's Exhibit 14, which reflect the results of the National Catholic Bioethics Center's 2019 audit of St. Joseph, contain no sensitive personal or medical information, nor any "proprietary business information including internal policies and procedures." *See* Defs.' Mot. ¶¶ 6–8; *see also Brown v. Siemens Healthcare Diagnostics, Inc.*, No. CIV.A. DKC 11-0769, 2012 WL 3136457, at *12 (D. Md. July 31, 2012) (Chasanow, J.) (declining to seal testimony that "does not contain any proprietary business data or sensitive employee information"). The exhibit is central to the merits of Plaintiff's lawsuit, as it arises out of Defendants' commitment to maintain St. Joseph's Catholic identity, including by categorically

5

denying all gender affirming treatments, which forms the basis for Defendants' denial of Plaintiff's gender affirming surgery.

20. Plaintiff's Exhibit 16, which reflects an email chain from November 12 to 13, 2014, among St. Joseph personnel about whether a phalloplasty could be performed on a transgender male at St. Joseph, contains no confidential health information protected by HIPAA, 45 C.F.R. § 160.103 (Definitions – "Protected health information"), and it does not otherwise contain sensitive personal or medical information, or any "proprietary business information including internal policies and procedures." *See* Defs.' Mot. ¶¶ 6–8; *see also Brown*, 2012 WL 3136457, at *12. It is central to the merits of Plaintiff's lawsuit, as it speaks to Defendants' commitment to categorically deny all gender affirming treatments, which forms the basis for Defendants' denial of Plaintiff's gender affirming surgery.

21. Plaintiff's Exhibit 22, which reflects an email chain from January 14 to 15, 2020, among St. Joseph personnel about creating an alert when a preoperative diagnosis with the word "gender" is included in a surgery scheduling request, contains no confidential health information protected by HIPAA, 45 C.F.R. § 160.103 (Definitions – "Protected health information"), and it does not otherwise contain sensitive personal or medical information, or any "proprietary business information including internal policies and procedures." *See* Defs.' Mot. ¶¶ 6–8; *see also Brown*, 2012 WL 3136457, at *12. It is central to the merits of Plaintiff's lawsuit, as it speaks to Defendants' commitment to categorically deny all gender affirming treatments, which forms the basis for Defendants' denial of Plaintiff's gender affirming surgery.

\* \* \*

For the foregoing reasons, Plaintiff respectfully moves for leave to file Exhibits 2, 11, 19, and 20 to his Cross-Motion for Summary Judgment under seal, and moves for leave to file Exhibits 13, 14, 16, and 22 to his Cross-Motion for Summary Judgment publicly.

Dated: July 25, 2022

                                         Respectfully submitted,

                                         */s/ Louis J. Ebert*
                                         Louis J. Ebert (Fed. Bar No. 02031)
                                         ROSENBERG MARTIN GREENBERG, LLP
                                         25 South Charles Street, 21st Floor
                                         Baltimore, Maryland 21201
                                         Tel: (410) 727-6600
                                         Fax: (410) 727-1115
                                         lebert@rosenbergmartin.com

                                         Aron Fischer (*pro hac vice*)
                                         Andrew D. Cohen (*pro hac vice*)
                                         Abigail E. Marion (*pro hac vice*)
                                         Jonathan S. Z. Hermann (*pro hac vice*)
                                         Edward J. Delman (*pro hac vice*)
                                         PATTERSON BELKNAP WEBB & TYLER LLP
                                         1133 Avenue of the Americas
                                         New York, NY 10036
                                         Tel: (212) 336-2000
                                         afischer@pbwt.com
                                         acohen@pbwt.com
                                         amarion@pbwt.com
                                         jhermann@pbwt.com
                                         edelman@pbwt.com

                                         Joshua A. Block (*pro hac vice*)
                                         Leslie Cooper (*pro hac vice*)
                                         AMERICAN CIVIL LIBERTIES UNION
                                         FOUNDATION
                                         125 Broad Street, 18th Floor
                                         New York, NY 10004
                                         Tel: (212) 549-2627
                                         Fax: (212) 549-2650
                                         jblock@aclu.org
                                         lcooper@aclu.org

                                         Daniel Mach (*pro hac vice*)
                                         AMERICAN CIVIL LIBERTIES UNION
                                         FOUNDATION
                                         915 15th Street, NW

Washington, DC 20005
Tel: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

*Counsel for Plaintiff Jesse Hammons*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2022, Defendants' counsel were served with the foregoing document through the Court's Electronic Case Filing System.

/s/ Louis J. Ebert
Louis J. Ebert