UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF MARYLAND MEDICAL SYSTEM )<br>CORPORATION, et al. )<br>)<br>      Defendants. )<br>) | Case No. 1:20-cv-02088-DKC |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S CONSOLIDATED INTERIM SEALING MOTION, MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL, AND MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS PUBLICLY**

Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph") (collectively "Defendants"), hereby respond to Plaintiff's motion for leave to file certain documents under seal and for leave to file certain documents publicly. ECF No. 104 ("Plaintiff's Motion"). The Court should deny Plaintiff's Motion to file Exhibits 14, 16, and 22[1] to his motion for summary judgment, ECF No. 105, publicly, because, in accordance with the Local Rules, the documents should remain confidential and sealing the documents is necessary to serve a compelling government interest. Therefore, pursuant to Local Rules 104.13(c), 105.11, and Section 3 of the Confidentiality Order in this case (ECF Nos. 69 & 70) and the law in this Circuit, Exhibits 14, 16, and 22 ("Defendants' Documents") to Plaintiff's motion for summary judgment should remain under seal.

---

[1] Defendants do not oppose Plaintiff's request to file Exhibits 2, 11, 19, and 20 to his summary judgment motion under seal. Additionally, Defendants agree that Exhibit 13 to Plaintiff's motion for summary judgment is available publicly online, and therefore it need not remain under seal.

-1-

### I. DEFENDANTS' DOCUMENTS SHOULD BE SEALED UNDER THE CONFIDENTIALITY ORDER IN THIS CASE

Under the Confidentiality Order, if materials produced with a "Confidential" designation are filed with the Court, they "shall be filed under seal." ECF No. 69, at 7. Defendants' Documents contain patient health information and proprietary business information, including internal procedures, compliance reporting, and strategic analysis, and, as such, were produced during discovery with a "Confidential" designation. Accordingly, they fall under the protections of the Confidentiality Order and are properly sealed. *See Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 656 (D. Md. 2010) (sealing documents produced under the condition they would be protected and with confidentiality designations).

Moreover, a party wishing to challenge a confidentiality designation under the Confidentiality Order must do so by motion. ECF No. 69, at 8. Yet, while Defendants produced the documents at issue on January 28, 2022, at no point prior to filing his motion for summary judgment on July 25, 2022, did Hammons challenge those designations by motion, or otherwise. As such, because Hammons has not properly challenged the confidentiality designations of Defendants' Documents his request to file the documents publicly is properly denied. *See Jaguar Land Rover N. Am., LLC*, 738 F. Supp. 2d 640, 656.

### II. COMPELLING GOVERNMENT INTERESTS JUSTIFY SEALING DEFENDANTS' DOCUMENTS

Additionally, as is required in the Fourth Circuit, sealing Defendants' Documents is necessary to serve a compelling government interest. *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). This Court has found, and the Fourth Circuit has affirmed, that this burden was met with regard to documents designated confidential during discovery that constitute "proprietary

commercial documents, such as contracts and internal records." *Norris v. PNC Bank, N.A.*, 2022 WL 2193303, at *41 (D. Md. June 16, 2022) (sealing exhibits to a summary judgment motion); *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming sealing documents designated as "containing confidential, proprietary, commercial, or financial data" under a protective order); *Jackson v. JTM Capital Mgmt., LLC*, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021) (holding there was a "basis to seal" documents that would reveal a business's "internal policies and procedures, compliance requirements, and strategies and policies"). It is also within this Court's "policy and practice" to seal documents containing confidential personal information and medical information. *Awah v. Commonwealth Fin. Sys.*, 2013 WL 6490324, at *1 n.1 (D. Md. Dec. 9, 2013); *Moore v. Wash. Hosp. Ctr.*, 2012 WL 2915165, at *6–*7 (D. Md. July 16, 2012) (sealing "sensitive health information"); *Briggs v. Marriot Int'l, Inc.*, 368 F. Supp. 2d 461, n.1 (D. Md. 2005) (granting motion to seal "personal and medical information").[2]

Plaintiff's Exhibits 14 and 22 contain sensitive business information that is not otherwise available to the public and that, if disclosed, would cause Defendants competitive harm. Exhibit 14 to Plaintiff's motion for summary judgment is a copy of the results of the National Catholic Bioethics Center's 2019 audit of St. Joseph. This document contains non-public data that reveals Defendants' proprietary "compliance requirements," which this Court has indicated justifies sealing documents. *See Jackson*, 2021 WL 1238565, at *4; *Pittston Co.*, 368 F.3d at 406. Plaintiff's Exhibit 22 should remained sealed because it contains St. Joseph's sensitive "internal

---

[2] Local Rule 105.11 also requires a motion to seal state "specific factual representations to justify sealing." L.R. 105.11. The same facts that support Defendants' arguments that compelling government interests exist to justify sealing support sealing the documents under Local Rule 105.11 – namely that these documents contain sensitive business information and sensitive personal information from third parties.

policies and procedures . . . and strategies" regarding its scheduling protocols, which could cause competitive harm if disclosed. *Jackson*, 2021 WL 1238565, at \*4.

Plaintiff's Exhibit 16 is an email chain between Dr. Gail Cunningham and other doctors and employees at St. Joseph regarding whether a penile reconstruction surgery for a transgender male could occur at St. Joseph. The emails contain sensitive personal health information about a patient who is not a party to this litigation. While the patient's name is not contained in the record, there is still a risk that public disclosure of the document could lead to the patient being publicly identified. In situations like these, this Court has specifically sealed documents that "contain highly confidential information regarding third-party medical information that has been marked as confidential pursuant to the terms of the parties' [confidentiality order]." *Flood v. Univ. of Md. Med. Sys. Corp.*, 2014 WL 7363237, at \*2 (D. Md. Dec. 23, 2014). The Court should do the same here, as there is a compelling government interest in shielding such personal information from the public, and thus, this document should remain under seal. *See Moore v. Wash. Hosp. Ctr.*, 2012 WL 2915165, at \*7–\*8.

For the same reasons Defendants raised in their own motion to seal exhibits to their motion for summary judgment, ECF No. 100, redaction or other less drastic alternatives to sealing are not practical. Redaction would not allow the Court to fully evaluate the contents of Defendants' Documents. *See Jaguar Land Rover N. Am., LLC*, 738 F. Supp. 2d at 656 (finding redaction was not a viable alternative when "the information in the documents must be reviewed as a whole to provide proper context"). Redaction is also not a workable solution here because Defendants' Documents would have to be redacted in their entirety to adequately protect their sensitive contents. *See Brittney Gobble Photography, LLC v. Sinclair Broadcast Grp., Inc.*, 2020 WL

761174, at *7 (D. Md. Feb. 14, 2020) (holding redaction was insufficient to protect exhibits composed of entirely "confidential commercial information").

For all of these reasons, the Court should deny Plaintiff's Motion to the extent that it seeks to file Exhibits 14, 16, and 22 to Plaintiff's motion for summary judgment publicly.

Dated: August 8, 2022

/s/ Denise Giraudo
Denise Giraudo (Bar No. 29015)
Paul Werner (admitted *pro hac vice*)
Danielle Vrabie (admitted *pro hac vice*)
Imad Matini (admitted *pro hac vice*)
Hannah Wigger (admitted *pro hac vice)*
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20036
Tel: 202-747-1906
Fax: 202-747-3933
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2022, Plaintiff's counsel was served with the foregoing document through the Court's Electronic Case Filing System.

                                                                */s/ Denise Giraudo*
                                                              Denise Giraudo