IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY OF MARYLAND MEDICAL SYSTEM ) <br> CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 20-cv-2088-DKC |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CONSOLIDATED INTERIM SEALING MOTION, MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL, AND MOTION FOR <u>LEAVE TO FILE CERTAIN DOCUMENTS PUBLICLY</u>**

Plaintiff Jesse Hammons hereby replies to Defendants University of Maryland Medical System Corporation, UMSJ Health System, LLC, and University of Maryland St. Joseph Medical Center, LLC's (collectively, "Defendants") Response in Opposition to Plaintiff's Consolidated Interim Sealing Motion, Motion for Leave to File Certain Documents Under Seal, and Motion for Leave to File Certain Documents Publicly (ECF No. 108).  As discussed below, Defendants have failed to comply with Local Rule 105.11 and have not shown that sealing Defendants' Exhibits 14, 16, or 22 is narrowly tailored to support a compelling governmental interest.  Plaintiff's motion for leave to file those exhibits publicly should therefore be granted.

*First*, Defendants have failed to supply any "specific factual representations to justify the sealing of [such] documents."  Local Rule 105.11.  As to Exhibits 14 and 22, they instead provide the same boilerplate statement as in their previous motion to seal, stating that these exhibits "contain sensitive business information . . . that, if disclosed, would cause [them]

competitive harm." Defs.' Opp'n at 3; *see* Defs.' Mot. to Seal ¶ 14 (ECF No. 100). Defendants' only purported support for this bald assertion is that Exhibit 14 contains information regarding "compliance requirements," and that Exhibit 22 contains information regarding its "scheduling protocols." Defs.' Opp'n at 3. But Defendants do not specifically identify the information they claim to be sensitive, nor do they explain how the public disclosure of that information would cause them a competitive disadvantage. The absence of any such specific factual representations is fatal to their opposition. *See Shackleford v. Vivint Solar Dev., LLC*, No. CV ELH-19-954, 2021 WL 3406524, at *5 (D. Md. Aug. 4, 2021) (holding that "conclusory assertion[s]" cannot justify sealing); *Mallinckrodt v. U.S. F.D.A*, 2015 WL 13091366, at *20 (D. Md. July 29, 2015) (Chasanow, J.) (denying party's motions to seal where it "d[id] not provide specific factual details regarding the purported competitive disadvantage that it would face upon unsealing the information").

As to Exhibit 16, Defendants have similarly failed to carry their burden under Local Rule 105.11. They claim that the email chain in Exhibit 16 contains sensitive personal health information of a third party, relying on *Flood v. Univ. of Md. Med. Sys. Corp.*, 2014 WL 7363237, at *2 (D. Md. Dec. 23, 2014). But here, unlike in *Flood*, the email chain in Exhibit 16 contains no information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 45 C.F.R. § 160.103 (Definitions—"Protected health information").[1] Further, in their publicly filed opposition, Defendants themselves discuss the very "sensitive"

---

[1] Although the other two cases on which Defendants rely do not discuss HIPAA, they concerned the type of information protected by HIPAA. *See* Mot. to Dismiss and Mot. to Seal, *Moore v. Washington Hosp. Ctr.*, No. CIV.A. DKC 11-3742 (D. Md. July 16, 2012), ECF Nos. 11 & 14 (describing sealed exhibits as including plaintiff's "Occupational Health Encounters Log" and supporting "detail notes," and a denial of plaintiff's disability application, all of which contained plaintiff's personal medical information); *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d 461, 463 (D. Md. 2005), *aff'd*, 205 F. App'x 183 (4th Cir. 2006) (sealing "personal and medical information related to Plaintiff").

health information they argue should be sealed—namely, whether an unnamed transgender male could receive a phalloplasty at St. Joseph. *See* Defs.' Opp'n at 4. Because Defendants have not specifically identified any other "sensitive" health information in Exhibit 16, its sealing is not justified.

*Second*, Defendants have not met their high burden of showing that sealing would be narrowly tailored to a compelling government interest. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). For the same reasons that Defendants' conclusory assertions do not satisfy Local Rule 105.11, they similarly fail to support a compelling governmental interest in withholding Exhibits 14, 16, and 22 from public view. *See Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 573 (4th Cir. 2004) ("General concerns stated in a conclusory fashion are not sufficient to constitute a compelling government interest, and do not grant the Court a sufficient basis [to] deny public access to documents . . . ." (citation omitted)). And, once again, the public's interest in having access to the documents is particularly strong, as these exhibits form the basis for Defendants' denial of Plaintiff's gender affirming surgery and therefore "go to the heart of the instant litigation." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009). Withholding these documents from public view would shield Defendants' misconduct from the public eye. *See, e.g., In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-718, 2020 WL 7259153, at *4 (E.D. Va. Dec. 10, 2020) (denying motion to seal when the information the movant sought to withhold related to "the very misconduct they want to conceal").

*Third*, the existence of a Confidentiality Order does not relieve Defendants of their burden to justify sealing. It is well-settled law that "parties cannot by agreement overcome the public's right of access to judicial records." *Antech Diagnostics, Inc. v. Morwalk, Inc.*, No.

3

CIV.A. DKC 13-0068, 2013 WL 3353772, at *8 (D. Md. July 2, 2013) (Chasanow, J.) (quoting *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 729 (M.D.N.C. 2013)); *see also Piotrowski v. Wells Fargo Bank, N.A.*, No. CV DKC 11-3758, 2015 WL 13612172, at *1 (D. Md. Mar. 19, 2015) (Chasanow, J.) (denying motion to seal where movants relied only on the existence of a confidentiality order); *Roberts v. Off. of Sheriff for Charles Cnty.*, No. CIV.A. DKC 10-3359, 2014 WL 3778594, at *1 (D. Md. July 29, 2014) (Chasanow, J.) (same). This is true even when a confidential designation is not challenged. *See Vogel v. Albert*, No. DKC 15-3300, 2015 WL 7424321, at *1 (D. Md. Nov. 23, 2015) (Chasanow, J.) (denying motion to seal documents protected by a confidentiality order where movant supplied "only boilerplate recitations").

Defendants' reliance on *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 656 (D. Md. 2010), is misplaced. Unlike here, that case involved a *defendant's* motion to seal documents the *plaintiff* had designated confidential, and the plaintiff consented to the motion. *Id.* In contrast, Defendants rely on the Confidentiality Order to seal their own documents, and over Plaintiff's objection. Because "the mere existence of a confidentiality order protecting confidential information[] does not guarantee a right to seal all documents claimed to be sensitive," *Minter*, 258 F.R.D. at 123 (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 437–38 (D. Md. 2006) (Chasanow, J.)), Defendants cannot use the Confidentiality Order to justify sealing when they have otherwise failed to satisfy their burden.

Similarly, *Jackson v. JTM Cap. Mgmt., LLC*, No. CV TDC-19-1009, 2021 WL 1238565 (D. Md. Apr. 2, 2021), does not support Defendants' efforts to seal. The court in *Jackson* held that information "necessary to the resolution of this dispositive motion" must be publicly filed,

because "the First Amendment right of public access requires that such facts remain available to the public." *Id.* at *4.  While the Court permitted certain extraneous information in some of the documents to remain under seal, it found that other documents must be publicly filed in full, because those documents were "central to the claims in [that] case." *Id.*  So too here.  All three documents are central to the merits of plaintiff's lawsuit, as all evidence Defendants' policy of categorically denying all gender affirming treatments, which forms the basis for Defendants' denial of Plaintiff's gender affirming surgery.

Because Defendants have failed to comply with Local Rule 105.11, and because Defendants cannot show that sealing Exhibits 14, 16, and 22 is narrowly tailored to support a compelling governmental interest, Plaintiff's motion for leave to file those exhibits publicly should be granted.

Date: August 22, 2022

>Respectfully submitted,
>
>*/s/ Louis J. Ebert*
>Louis J. Ebert (Fed. Bar No. 02031)
>ROSENBERG MARTIN GREENBERG, LLP
>25 South Charles Street, 21st Floor
>Baltimore, Maryland 21201
>Telephone: (410) 727-6600
>Fax: (410) 727-1115
>lebert@rosenbergmartin.com
>
>Aron Fischer (*pro hac vice*)
>Andrew D. Cohen (*pro hac vice*)
>Abigail E. Marion (*pro hac vice*)
>Jonathan S. Z. Hermann (*pro hac vice*)
>Edward J. Delman (*pro hac vice*)
>PATTERSON BELKNAP WEBB & TYLER LLP
>1133 Avenue of the Americas

New York, NY 10036
(212) 336-2000
afischer@pbwt.com
acohen@pbwt.com
amarion@pbwt.com
jhermann@pbwt.com
edelman@pbwt.com

Joshua A. Block (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: 202-546-0738
dmach@aclu.org

*Counsel for Plaintiff Jesse Hammons*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, Defendants' counsel was served with the foregoing document through the Court's Electronic Case Filing System.

*/s/ Louis J. Ebert*
Louis J. Ebert
