

25 South Charles Street, 21st Floor
Baltimore, Maryland 21201-3305
T: 410.727.6600 | F: 410.727-1115
www.rosenbergmartin.com

December 14, 2022

**By ECF**

The Honorable Deborah K. Chasanow
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Suite 400
Greenbelt, MD 20770

**Re: *Hammons v. University of Maryland Medical System Corporation, et al.*, No. 20-cv-2088-DKC; Notice of Supplemental Authority**

Dear Judge Chasanow:

On behalf of Plaintiff Jesse Hammons, we write to submit the attached supplemental authority in further opposition to Defendants' Motion for Summary Judgment (Dkt. 98), and in further support of Plaintiff's Cross-Motion for Summary Judgment (Dkt. 105). On December 9, 2022, the United States Court of Appeals for the Eighth Circuit issued an opinion (attached hereto as Exhibit A) in *The Religious Sisters of Mercy v. Becerra*, — F.4th —, 2022 WL 17544669 (8th Cir. Dec. 9, 2022), reversing in relevant part the trial court's holding that the Catholic Benefit Association ("CBA") had associational standing to sue on behalf of its unnamed members who received federal funding.

In moving for summary judgment, Defendants argue that their membership in the CBA, which they ostensibly joined a few days before filing their motion, insulated them from this lawsuit by way of an injunction in *Religious Sisters of Mercy v. Azar*, 513 F. Supp. 3d 1113, 1153–54 (D.N.D. 2021). In *Religious Sisters of Mercy*, the Northern District of Dakota barred U.S. Department of Health and Human Services from enforcing Section 1557 of the Affordable Care Act against the CBA and its members. Reversing in part, the Eighth Circuit held that the CBA had associational standing to sue ***only*** on behalf of the three named plaintiffs who are CBA members. *Religious Sisters of Mercy*, Slip Op. at 28, 2022 WL 17544669, at *13. Defendants were not among those named plaintiffs.

Consequently, even if this Court were to hold that the injunction in *Religious Sisters of Mercy* applies to non-parties—which it does not—and that the Religious Freedom Restoration Act ("RFRA") applies to litigation between private parties—which it does not—the Eighth Circuit's ruling squarely defeats Defendants' argument that the injunction insulates them from liability for discriminating against Mr. Hammons. The *Religious Sisters of Mercy* injunction

now only protects named plaintiffs; Defendants are not among those named plaintiffs, and thus they do not enjoy any protection from that injunction, here or in any other setting.

Respectfully submitted,

Louis J. Ebert bn

Louis J. Ebert (Fed. Bar No. 02031)
ROSENBERG MARTIN GREENBERG, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 727-6600
Fax: (410) 727-1115
lebert@rosenbergmartin.com

Aron Fischer (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com

Joshua A. Block (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org

*Counsel for Plaintiff Jesse Hammons*

cc: Defendants' Counsel (By Email and ECF)