UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:20-cv-02088-DKC |
| ) | |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM ) | MOTION FOR LEAVE TO |
| CORPORATION, et al. ) | FILE EXHIBITS UNDER |
| ) | SEAL |
| Defendants. ) | |
| ) | |

Pursuant to Local Rules 104.13(c), 105.11, Section 3 of the Stipulated Confidentiality Order in this case (ECF Nos. 69 & 70), and this Court's January 6, 2023, Order, Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph") (collectively "Defendants"), hereby move for leave to file the redacted portions of Exhibits 2, 7, and 13 to their previously filed Motion for Summary Judgment under seal.

**INTRODUCTION & BACKGROUND**

Defendants seek to seal redactions in three exhibits – an Asset Purchase Agreement, Catholic Identity Agreement, and Operating Agreement – that they relied upon in their motion for summary judgment. As the Court recognized in its January 6, 2023, Order, these documents include information related to Defendants' "corporate formation, structure, and contractual obligations," Dkt. 121 at 52-53, that is not part of the public record or otherwise publicly available. Indeed, these documents contain the type of internal policies, procedures, compliance requirements, and business information that, if disclosed, would cause competitive harm to Defendants. Dkt. 100 at 4.

Defendants previously attached the Asset Purchase Agreement, Catholic Identity Agreement, and Operating Agreement to their motion for summary judgment, and submitted a motion to seal these exhibits on June 24, 2022. Dkt. 100. On January 23, 20223, the Court denied Defendants' motion to seal Exhibits 2, 7, and 13, while granting Defendants' motion to seal other exhibits. Dkt. 121 at 53. The Court stated that while Defendants may file a second motion to seal with proposed redactions to Exhibits 2, 7, and 13, "excerpts quoted or referenced" in its Order "must, at some point, be unsealed." Dkt. 121 at 54. Given the sensitive information contained in Exhibits 2, 7, and 13, Defendants reaffirm that sealing redacted versions of the documents is necessary.

## STANDARD

The court may seal a motion for summary judgment and accompanying exhibits if sealing is "necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). Courts routinely seal documents that would reveal a business's "internal policies and procedures, compliance requirements, and strategies and policies" in recognition of the harm that would ensue from publicly disclosing these kinds of sensitive information. *Jackson v. JTM Capital Mgmt., LLC*, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021). These include a business's "commercial, or financial data," *Pittston Co. V. United States*, 368 F.3d 385, 406 (4th Cir. 2004), "contracts and internal records," *Norris v. PNC Bank, N.A.*, 2022 WL 2193303, at *41 (D. Md. June 16, 2022), and documents produced under the condition that they would be protected with an "attorney's eyes only" designation, *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 656 (D. Md. 2010).

## ARGUMENT

### I. PARTIAL SEALING OF EXHIBITS 2, 7, AND 13 IS APPROPRIATE.

Given the Court's Order related to Defendants' sealing of Exhibits 2, 7, and 13, pursuant to Local Rule 105(11)(b), the proper alternative to sealing the entirety of Exhibits 2, 7, and 13, is sealing the portions of the documents that the Court does not reference in its Order through the filing of redacted versions of the three documents. *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012) (stating courts accept "filing redacted versions of the documents" as alternatives to sealing); *Jackson*, 2021 WL 1238565, at *4 (sealing documents except where "quote[d] from or reference[d]" in the court's opinion). This approach strikes the balance recognized by this Court between the right to "inspect and copy judicial records" and the recognition that "competing interests sometimes outweigh the public's right of access." *Butler*, 876 F. Supp. 2d at 576. Here, the portions of the Exhibits 2, 7, and 13 that Defendants seek to seal are narrowly tailed to cover Defendants' "proprietary business information" that is not relevant to this case and not cited in the Court's Order. *Id.*; *infra* Section II. This is exactly the type of redacted business information that Courts routinely seal, and the Court should do so here. *See, e.g.*, *Butler*, 876 F. Supp. 2d at 576; *Jackson*, 2021 WL 1238565, at *4.

### II. THE COURT SHOULD SEAL THE REDACTED PORTIONS OF EXHIBITS 2, 7, AND 13 BECAUSE THEY CONTAIN CONFIDENTIAL BUSINESS INFORMATION THAT IS IRRELEVANT TO THIS CASE BUT WOULD CAUSE DEFENDANTS COMPETITIVE HARM IF DISCLOSED.

#### A. The Redacted Portions Of The Asset Purchase Agreement (Exhibit 2) Should Be Sealed.

Defendants seek to seal the portions of the Assert Purchase Agreement that are not referenced by the Court in its Order and are not related to this case. Specifically, Defendants seek to seal terms related to:

- Recitals irrelevant to the issues in dispute here.

- Definitions agreed upon by the parties in their contract.

- Specific closing terms, including terms related to the sale of assets, assumption of liabilities, purchase price, and other matters related to closing.

- Terms related to the representations, warranties, covenants, and conditions of the parties.

- Terms related to legal and regulatory compliance.

- Real estate matters.

- Indemnification agreements between the parties.

- General provisions related to choice of law, assignments, beneficiaries, notices, dispute resolution, and other standard legal terms.

- Form bills of sale, assignment and assumption agreements, certifications, benefits transfer agreements, and other agreements.

- Amended bylaws of St. Joseph Medical Center Foundation.

- Escrow agreement and disbursement calculation.

The redacted terms listed above have never been made public, are not relevant to this case, and are not referenced by the Court in its Order. Thus, on this basis alone, they are properly redacted and should be sealed. *See Kantsevoy v. LumenR, LLC*, Case No. ELK-17-359, 2017 WL 11456498, at *4 (D. Md. 2017) ("[W]hen ruling on a motion to seal, courts consider how relevant or central the disputed documents are to the claims at issue").

Moreover, the Asset Purchase Agreement is subject to an internal confidentiality provision prohibiting Defendants from disclosing it without the consent of all parties to the Asset Purchase Agreement. *See* ECF No. 98, Ex. 2 at UMMS000000914 (stating the Asset Purchase Agreement may not be publicly disclosed except by "Legal Requirement[ ] or by lawful Order"). Thus, Defendants cannot reveal more than the portion of the agreement already referenced by the Court.

Further, the proposed redacted provisions of the Asset Purchase Agreement all contain confidential business information that the Court should seal because their disclosure would competitively harm Defendants. As this Court has explained, revealing "internal policies and procedures," "strategies" and information related to "compliance requirements," would result in "a competitive disadvantage," justifying sealing document. *Jackson*, 2021 WL 1238565, at *4. Here, the disclosure of the agreements, representations, warranties, and business information Defendants were willing to make and disclose in a confidential asset purchase agreement – which includes its internal policies, strategies, and compliance requirements – would harm Defendants in future business transactions, including by freely offering prospective buyers or sellers confidential information about the company. *See, e.g.*, *Butler*, 876 F. Supp. 2d at 576. Indeed, this is exactly the type of "proprietary business information" this Court has held is properly sealed. *Id.*; *Kantsevoy*, 2017 WL 11456498, at *4 (holding an asset purchase agreement is "properly sealed"). The Court should therefore accept Defendants' redactions and seal such portions of Exhibit 2.

### B. The Court Should Seal The Redacted Portions Of The Catholic Identity Agreement (Exhibit 7).

Defendants similarly seek to seal the portions of the Catholic Identity Agreement that are not referenced by the Court in its Order and are not related to this case. Specifically, Defendants seek to seal terms related to:

- Information related to the governance and operations of St. Joseph, including the composition and specific roles of its committees.
- Internal policies regarding its Catholic Identity Committee.
- Term and termination of the agreement.
- Notice, amendment, assignment, severability, and other standard contractual terms.
- Operating agreements that are not at issue in this case and/or outdated.

The Court should seal the Catholic Identity Agreement for two reasons: it contains confidential and competitively sensitive information regarding the operations of Defendants, and it implicates the confidential information of entities that are *not* parties to the instant litigation.

*First*, the information contained in the Catholic Identity Agreement details the confidential, internal procedures and compliance requirements of St. Joseph beyond what is addressed in this Court's Order. In such cases, Maryland courts have routinely held that "proprietary commercial documents, such as contracts and internal records," are "appropriate for sealing." *Norris*, 2022 WL 2193303, at *41. Again, this is particularly true where they implicate internal policies, procedures, and requirements. *Jackson*, 2021 WL 1238565, at *4.

Here, in addition to the information cited by the Court, the Catholic Identity Agreement discloses the inner workings of St. Joseph's committees, and attaches operating agreements not at issue in this case. Publicly disclosing the Catholic Identity Agreement would give St. Joseph's competitors otherwise confidential information regarding how St. Joseph operates, giving them a competitive advantage. *See id.* On this basis alone, the Court should seal this redacted information.

*Second*, the Catholic Identity Agreement implicates information belonging to the Roman Catholic Archbishop of Baltimore – who is *not* a party to this lawsuit. As a third party, he should be protected from unwarranted disclosure of his private information. *See Trammel v. Baltimore Gas & Elec. Co.*, 279 F. Supp. 2d 646, 656 n.16 (D. Md. 2003) (noting that certain summary judgment exhibits were filed under seal to protect the information of third parties); *see also Hatch v. Demayo*, 2021 WL 7162552, at *1–*3 (M.D.N.C. Jan. 6, 2021) (granting a motion to seal summary judgment exhibits containing "commercially sensitive information" of third parties). As

a third party, the Roman Catholic Archbishop of Baltimore is entitled to have the confidential information protected, and for this reason, Exhibit 7 should also be sealed. *Id.*

### C. The Redacted Portions Of St. Joseph's Operating Agreement (Exhibit 13) Should Also Be Sealed.

Finally, Defendants seek to seal the portions of St. Joseph Medical Center, LLC's, operating agreement that are not referenced by the Court in its Order and are not related to this case. Specifically, Defendants seek to seal terms related to:

- Information related to the governance and management of St. Joseph that is not relied upon by the Court and not relevant to this case.

- The composition, selection, and role of St. Joseph's Board, officers, and medical staff except as referenced by the Court in its Order.

- Provisions related to the terms, removal, replacement, and compensation of the Board.

- Policies related to the Board's meetings.

- Information regarding each of the Board's committees.

- Policies related to organizational ethics.

- Provisions addressing liability, indemnification, tax status, amendments, governing law, and other standard contract terms.

Like the Asset Purchase Agreement and Catholic Identity Agreement, St. Joseph's Operating Agreement is a contract that discloses the internal policies, practices, and obligations of St. Joseph, the disclosure of which would give competitors confidential information regarding the company. *Norris*, 2022 WL 2193303, at *41. Further, it details how committees and personnel that are not at issue in this case operate, how St. Joseph's Board functions, and the internal policies that bind the hospital. *Jackson*, 2021 WL 1238565, at *4. A competitor could easily use that information to operate or market against St. Joseph. As a result, St. Joseph's Operating Agreement, Exhibit 7, is confidential, sensitive, and properly sealed. *Norris*, 2022 WL 2193303, at *41; *Butler*, 876 F. Supp. 2d at 576; *Jackson*, 2021 WL 1238565, at *4.

## CONCLUSION

The Court should grant Defendants' Motion and seal the redacted portions of Exhibits 2, 7, and 13 to their Motion for Summary Judgment.[1]

Dated: January 20, 2023

/s/ *Denise Giraudo*
Denise Giraudo (Bar No. 29015)
Paul Werner (admitted *pro hac vice*)
Danielle Vrabie (admitted *pro hac vice*)
Imad Matini (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20036
Tel: 202-747-1906
Fax: 202-747-3933
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com

---

[1] Defendants conferred with Plaintiff's counsel regarding the relief requested in this motion. Plaintiff opposes this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, Plaintiff's counsel was served with the foregoing document through the Court's Electronic Case Filing System, by overnight FedEx, and by electronic mail.

*/s/ Denise Giraudo*
Denise Giraudo