REDACTED

# EXHIBIT 13

**REDACTED**

**UNIVERSITY OF MARYLAND ST. JOSEPH MEDICAL CENTER, LLC**
**RESOLUTION OF BOARD OF DIRECTORS – SEPTEMBER 11, 2019**

**WHEREAS**, the Directors believe it to be advisable, generally to the advantage, for the benefit, and in the best interest of the Company that the following actions be taken: that the Second Amended and Restated Operating Agreement attached hereto as **Attachment A** be adopted, that the Directors' revised term dates as set forth in the "Proposal" column in the table in **Attachment B** (the "Board of Directors' Terms") be adopted, and that the individuals listed in **Attachment C** be appointed to the Nominations/Governance Committee; and

**WHEREAS**, the Directors have recommended that the sole member of the Company, UMSJ Health System, LLC (the "Member"), also approve the adoption of the Second Amended and Restated Operating Agreement and the Board of Directors' Terms, and the appointment of such individuals to the Nominations/Governance Committee.

**NOW, THEREFORE, BE IT RESOLVED**, that, subject to the approval of the Member:

1. The Second Amended and Restated Operating Agreement attached hereto as **Attachment A** is hereby adopted;

2. The revised Board of Directors' Terms attached hereto as **Attachment B** is hereby adopted; and

3. The individuals listed in **Attachment** C are hereby appointed to the Nominations/Governance Committee.

I, _____Scott Conover_____, do hereby certify that the foregoing resolution was duly adopted by the Board during its meeting on September 11, 2019, at which a quorum was present.

_____
Assistant Secretary of Board of Directors

## ATTACHMENT A
### SECOND AMENDED AND RESTATED OPERATING AGREEMENT

(Attached)

# UNIVERSITY OF MARYLAND ST. JOSEPH MEDICAL CENTER, LLC

## SECOND AMENDED AND RESTATED OPERATING AGREEMENT

This Second Amended and Restated Operating Agreement ("**Agreement**") of University of Maryland St. Joseph Medical Center, LLC (the "**Company**"), effective as of September 11, 2019, is entered into by the Company and UMSJ Health System, LLC, a Maryland limited liability company, as the sole member of the Company (the "**Member**").

WHEREAS, the Company was formed as a limited liability company on April 25, 2012, by the filing of Articles of Organization with the Maryland State Department of Assessments and Taxation ("**SDAT**") pursuant to and in accordance with the Maryland Limited Liability Company Act (as amended from time to time, the "**Act**");

WHEREAS, the Company changed its name from "Northeastern Maryland Regional Health System, LLC" to "University of Maryland St. Joseph Medical Center, LLC" on August 1, 2012, by the filing of Articles of Amendment with the SDAT;

WHEREAS, the Member is a wholly-owned subsidiary of University of Maryland Medical System Corporation, a Maryland nonprofit corporation ("**UMMS**") recognized as exempt from Federal income tax under Section 501(a) of the Internal Revenue Code of 1986 and the regulations thereunder as they now exist or may hereafter be amended (hereinafter, collectively referred to as the "**Code**") as an organization described in Section 501(c)(3) of the Code; and

WHEREAS, the Member agrees that the membership in and management of the Company shall be governed by the terms set forth herein.

NOW, THEREFORE, the Member and the Company agree as follows:

## ARTICLE I

## GENERAL

**Section 1.01**    Name. The name of the Company is University of Maryland St. Joseph Medical Center, LLC.

**Section 1.02**    Powers and Purposes.

(a)    *Specific Purposes and Powers*.  The specific purposes of the Company shall be:

(i)    To maintain a non-profit hospital in Baltimore County, Maryland;

(ii)     To establish, support, manage and furnish facilities, personnel and services to provide prevention, diagnosis, treatment, rehabilitation, and support services without regard to race, creed, color, sex or national origin;

(iii)    To carry on such activities related to rendering health care services and the promotion of health, which in the opinion of the Board of Directors and the Member may be justified by the facilities, personnel, funds or other requirements that are or can be made available;

(iv)    Subject to the restrictions and limitations set forth in the Company's Articles of Organization and this Agreement, to use and apply its income and principal assets exclusively for charitable, scientific and educational purposes, within the meaning of Section 501(c)(3) of the Code; and

(v)     To have and to exercise to the extent necessary or desirable for the accomplishment of any of the aforesaid purposes, and to the extent that they are not inconsistent with the charitable purposes of the Company, any and all powers conferred upon limited liability companies by the Act.

(b)     *Tax-Exempt Purposes*.  The Company is organized and shall be operated exclusively for charitable, scientific and educational purposes within the meaning of Section 501(c)(3) of the Code, including, for such purposes, the making of distributions to organizations that qualify as exempt organizations under said section.  No part of the net earnings of the Company shall inure to the benefit of, or be distributable to any private individuals, except that the Company shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of its purposes.  No substantial part of the activities of the Company shall be the carrying on of propaganda, or otherwise attempting to influence legislation, except as permitted by Sections 501(h) and 4911 of the Code or any subsequent federal tax laws.  The Company shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.  Notwithstanding any other provision of this Agreement, the Company shall not carry on any other activities not permitted to be carried on (1) by an entity exempt from federal income tax under Section 501(a) described in Section 501(c)(3) of the Code; or (2) by an entity, contributions to which are deductible under Section 170(c)(2) of the Code.

**Section 1.03**     Principal Office; Registered Agent.

(a)     *Principal Office*. The location of the principal office of the Company shall be 7601 Osler Drive, Towson, Maryland 21204, or such other location as the Member may from time to time designate.

(b)     *Registered Agent*. The registered agent of the Company for service of process in the State of Maryland and the registered office of the Company in the State of Maryland shall be that person and location reflected in the Articles of Organization.  In the event the registered agent ceases to act as such for any reason or the registered office shall

change, the Member shall promptly designate a replacement registered agent or file a notice of change of address, as the case may be, in the manner provided by law.

## ARTICLE II

## MEMBER

**Section 2.01**      Sole Member. The name and the business, residence or mailing address of the sole Member is as follows:

| Name | Address |
|------|---------|
| UMSJ Health System, LLC | 7601 Osler Drive<br>Towson, MD 21201 |



**Section 3.02**      Actions Requiring Approval of the Member.   Subject to the provisions of Section 3.01, each of the following actions requires approval by the Board, followed by the approval of UMMS:

(a)      Any amendment to the Articles of Organization or this Agreement;

(b)      Any merger or consolidation of the Company;

(c)     Any sale, lease, exchange, mortgage, pledge or other disposition of all or substantially all of the property or assets of the Company;

(d)     The dissolution of the Company;

(e)     The adoption of the annual operating and capital budgets for the Company, prepared in accordance with UMMS's normal budgetary cycle and in collaboration with UMMS; provided, however, that any item approved in such budget shall not require separate approval of the Member under the provisions of Section 3.02(g) through Section 3.02(j); provided, further, that increases in budgeted amounts above the monetary limits in such provisions shall require the approval of UMMS;

(f)     The adoption of the strategic plans for the Company prepared in accordance with UMMS's normal strategic planning cycle and in collaboration with UMMS, consistent with UMMS's system-wide strategic plans and annual strategic initiatives;

(g)     Any incurrence of debt by the Company singly, or in the aggregate by the Company and its subsidiaries, for an amount greater than Five Million Dollars ($5,000,000) in any fiscal year;

(h)     Any transfer of assets among or between the Company and its subsidiaries in an amount greater than One Million Dollars ($1,000,000), subject to any then-existing covenants or conditions in any Company or subsidiary debt instruments or any restrictions on donated funds;

(i)     Any acquisition, purchase, sale or other disposition of any assets of the Company or a subsidiary (other than a lease) for an amount greater than Two Million Five Hundred Thousand Dollars ($2,500,000);

(j)     Any material additions, expansions, revisions or deletions of a health care service, not otherwise set forth in an approved budget or strategic plan of the Company;

(k)     Creation of any academic medical school or graduate medical education training program affiliations with any natural person or any corporation, partnership, trust, ~~joint venture, limited liability company, professional association, unincorporated~~ association and any other body recognized under law as a separate legal entity other than a natural person outside UMMS health care system;

(l)     Any extraordinary filings (such as CON filings) to regulatory agencies by the Company;

(m)     The creation of joint ventures or the creation of any new subsidiary;

(n)     Any acquisition, purchase, sale, disposition or encumbrance of real property; and

(o)     Entrance into any lease valued in an amount greater than Five Hundred Thousand Dollars ($500,000) per year.



(c)     *UMMS Directors*.  UMMS, as the sole member of the Member, shall have the right to directly appoint (or re-appoint) two (2) Directors to the Board separate and apart from the UMMS CEO without the requirement that such Directors be nominated by the Nomination/Governance Committee (the "**UMMS Directors**").

(e)     *Nomination and Election of Elected Directors*.  The Member shall have the power and authority to elect all of the Elected Directors pursuant to the nomination process set forth in this Section 3.05(e).  The Nomination/Governance Committee of the Board shall submit nominees to the Member, for election (or re-election) to the Board as needed.  At   least   one   (1)   UMMS   Director   shall   have   the   right   to   serve   on   the

REDACTED

Nomination/Governance  Committee.





**Section 6.06**      <u>President/CEO</u>.   The President/CEO shall be appointed by
UMMS, subject to consultation with the Board of Directors.