**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JESSE HAMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-2088-DKC |
| | ) | |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

Plaintiff Jesse Hammons hereby responds to Defendants University of Maryland Medical

System Corporation ("UMMS"), UMSJ Health System, LLC, and University of Maryland St.

Joseph Medical Center, LLC's (collectively, "Defendants") motion for leave to file exhibits

under seal (ECF No. 123).  Plaintiff opposes Defendants' proposal to redact:

- The following portions of the Asset Purchase Agreement (Exhibit 2):  Section 11.6
  (Approval of Roman Catholic Church); Section 12.16 (Governance); Section 12.17
  (Catholic Identity); Section 12.18 (Other Post Closing Commitments); Section 12.19
  (Failure to Comply with Section 12.17 and 12.18); Exhibit F (UMMS's Reserved
  Powers); and Exhibit G (Elements of Accountability for Catholic Identity);

- Any portion of the Catholic Identity Agreement (Exhibit 7); its exhibits 1.1 (ERDs),
  2.1(1) (Articles of Organization, UMSJ Health System, LLC), and 3.1(1) (Articles of
  Organization, University of Maryland St. Joseph Medical Center, LLC); as well as the
  following portions of its exhibits 2.1(2) (Amended and Restated Operating Agreement,

UMSJ Health System, LLC) and 3.1(2) (Amended and Restated Operating Agreement, University of Maryland St. Joseph Medical Center, LLC):  Header and preamble; Article I (General); Article II (Member); Section 3.01 (General Powers of the Member); Section 3.02 (Actions Requiring Approval of the Member); 3.03 (Reserved Powers of the Member); Section 3.05 (Composition of Board; Election); Section 3.06 (Terms); Section 5.09 (Catholic Identity Committee); Section 5.11 (Clinical Ethics Committee); Section 6.06 (President/CEO); and Section 6.08 (Vice President of Mission Integration); and

- The following portions of  St. Joseph's Operating Agreement (Exhibit 13):  Section 3.01 (General Powers of the Member); Section 3.03 (Reserved Powers of the Member); Section 3.05 (Composition of Board; Election); Section 3.06 (Terms); Section 5.09 (Catholic Identity Committee); Section 5.11 (Clinical Ethics Committee); Section 6.06 (President/CEO); and Section 6.09 (Vice President of Mission Integration).

Because redactions of the foregoing materials are not narrowly tailored to support a compelling government interest, Defendants' motion to seal should be denied in part.

## ARGUMENT

As this Court has already held, because the summary judgment opinion "relies on and quotes heavily from" the Asset Purchase Agreement, the Catholic Identity Agreement, and St. Joseph's Operating Agreement (the "Organizational Documents"), "the First Amendment requires that they remain unsealed except on the basis of a compelling interest, and only if the sealing is narrowly tailored to serve that interest."  *Hammons v. Univ. of Md. Med. Sys. Corp.*, No. CV-DKC-20-2088, 2023 WL 121741, at *19 (D. Md. Jan. 6, 2023) (internal quotation marks omitted; alterations incorporated).  The public therefore has a strong interest in the disclosure of

these highly relevant documents, which is further heightened by fact that Defendants are governmental entities.  *See Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014).

In denying Defendants' first motion to seal, this Court explained that "Defendants' assertions of risks of 'competitive harm' are too vague and overbroad," and that if Defendants "file another motion to seal with proposed redactions to those documents . . . they must clearly substantiate the basis for any requested redactions."  *Hammons*, 2023 WL 121741, at *19. Despite the Court's order, Defendants still seek to seal the overwhelming majority of the Organizational Documents' provisions, and they again supply only conclusory justifications for doing so.  Because Defendants have failed to meet the required standard, their motion must be denied with respect to the redactions listed above.

I.     **Defendants' Motion to Seal Redacted Portions of the Asset Purchase Agreement Should Be Denied in Part.**

Defendants offer three reasons for sealing the redacted portions of the Asset Purchase Agreement.  All of them are meritless.

First, Defendants argue that all redacted portions of the Asset Purchase Agreement are either irrelevant to this case or not referenced directly by the Court.  To the contrary, the portions Plaintiff opposes redacting are not only relevant, but central to this lawsuit.  Those portions form the foundation for Defendants' authority, manner, and means to enforce the ERDs at St. Joseph, including their discriminatory denial of Plaintiff's surgery, and thus "go to the heart of the instant litigation." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009).  Indeed, the Court relied "heavily" on the Asset Purchase Agreement to hold that "UMMS [agreed] continue to operate St. Joseph as a Catholic hospital," and that "UMMS signed agreements to bind [St. Joseph, LLC] to adhere to the ERDs in its provision of medical care."  *Hammons*, 2023 WL

121741, at *14, *19.  The public therefore has a strong interest in the disclosure of these highly relevant documents.

The fact that the Court did not directly quote from certain portions of the Asset Purchase Agreement does not give Defendants free rein to redact them.  As this Court has already held, "First Amendment considerations require careful scrutiny" of documents "relevant to the issues decided in the motions for summary judgment," even if the Court has not "rel[ied] directly" on them.  *Id.* at 20.  Defendants' attempt to disclose only the portions directly relied upon by the Court must be dismissed out of hand.

Second, Defendants argue that the Asset Purchase Agreement is subject to a confidentiality order.  But "the mere existence of a confidentiality order protecting confidential information[] does not guarantee a right to seal all documents claimed to be sensitive."  *Minter*, 258 F.R.D. at 123 (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 437–38 (D. Md. 2006)); *see also Under Armour, Inc. v. Body Armor Nutrition, LLC,* No. JKB–12–1283, 2013 WL 5375444, at *9 (D. Md. Aug. 23, 2013) (denying motions to seal where "[t]he parties . . . provided only the barest support for the motions, usually relying on the protective order issued in th[e] case," and where they failed to "provide 'specific factual representations' to justify their argument").  Defendants also argue that they cannot disclose portions of the Asset Purchase Agreement unless required by law, but such disclosure *is* required by law unless they carry their heavy burden to justify sealing.  They have not done so.

Finally, Defendants once again offer little more than boilerplate recitations that the Asset Purchase Agreement contains sensitive information that would "competitively harm" them.  As before, their assertions are "too vague and overbroad."  *Hammons*, 2023 WL 121741, at *19. While they state in conclusory fashion that they will be harmed, they never explain *how* they will

be harmed; they do not offer any "specific factual representations to justify" continuing to withhold portions that relate directly to UMMS's assurances to both St. Joseph's seller and to the Archdiocese of Baltimore that it will continue to operate St. Joseph as a Catholic hospital in compliance with the ERDs.  Indeed, while UMMS may prefer for such information to be shielded from public view, it is difficult to understand what possible effect such disclosures could have on Defendants'' competitive *business* interests.  Their proposed redactions are therefore not properly "limited to information specifically identified as containing either sensitive private information or, alternatively, trade secrets," *Graham v. Famous Dave's of Am., Inc.*, No. CV DKC 19-0486, 2020 WL 5653231, at *17 (D. Md. Sept. 23, 2020) (Chasanow, J.), and would offer the public an insufficiently narrow glimpse into the myriad ways in which all three Defendants are duty-bound to enforce their discriminatory policy.  The Court should deny Defendants' motion to seal the Asset Purchase Agreement to the extent described above.

## II.    Defendants' Motion to Seal Redacted Portions of the Catholic Identity Agreement Should Be Denied in Part.

Defendants also offer meritless arguments for sealing the redacted portions of the Catholic Identity Agreement.  They argue, without support or explanation, that the public disclosure of the Catholic Identity Agreement would give St. Joseph's competitors a competitive edge.  However, like the portions of the Asset Purchase Agreement that Plaintiff argues should not be redacted, the entirety of the Catholic Identity Agreement reflects Defendants' commitment to enforce the ERDs at St. Joseph and details their means for doing so.  Because Defendants are governmental entities, and the Catholic Identity Agreement is at the very center of Plaintiff's lawsuit, the First Amended requires public disclosure.  *See Doe*, 749 F.3d at 271.

Defendants also argue that the Roman Catholic Archbishop of Baltimore, while a party to the Catholic Identity Agreement, is not a party to this lawsuit, and therefore maintains a privacy

5

interest in the document.  In so arguing, Defendants ignore the numerous provisions in all three Organizational Documents by which the Archdiocese of Baltimore continues to exercise control over St. Joseph and ensure that Defendants continue to adhere to the ERDs in their operation of St. Joseph.  *See, e.g.*, Defs.' Ex. 2, §§ 12.17–12.19; Defs.' Ex. 7, § 2.12.1; Defs.' Ex. 13 § 3.05(f)(iii).  Whatever purportedly private information contained in this document is substantially outweighed by the public's right of access.

Moreover, Defendants lack grounds to seal all exhibits to the Catholic Identity Agreement.  Exhibits 1.1 (ERDs), 2.1(1) (Articles of Organization, UMSJ Health System, LLC), and 3.1(1) (Articles of Organization, University of Maryland St. Joseph Medical Center, LLC), are all publicly available, and there is "no reason to seal a publicly available document." *Hammons*, 2023 WL 121741, at *19.  And, as discussed below with respect to analogous provisions in the Second Amended and Restated Operating Agreement, the redactions to exhibits 2.1(2) (Amended and Restated Operating Agreement, UMSJ Health System, LLC) and 3.1(2) (Amended and Restated Operating Agreement, University of Maryland St. Joseph Medical Center, LLC) to which Plaintiff objects conceal provisions that create the means for UMMS to enforce the ERDs at St. Joseph through its subsidiary LLCs.

## III.   Defendants' Motion to Seal Redacted Portions of the Second Amended and Restated Operating Agreement Should Be Denied in Part.

Defendants also seek to redact provisions of the Second Amended and Restated Operating Agreement that are critical to UMMS's enforcement of the ERDs at St. Joseph Defendants.  For example, it requires that the St. Joseph board include members of the clergy selected by the Archdiocese of Baltimore, Defs.' Ex. 13 § 3.05(f)(iii), and establishes a Catholic Identity Committee of the board to ensure adherence to the ERDs, *id.* § 5.09.  To justify redacting these provisions, Defendants repeat their boilerplate arguments that the Second

6

Amended and Restated Operating Agreement contains sensitive information that, if disclosed, would cause them a competitive disadvantage.  As above, although they claim disclosure of this document will cause them harm, they fail to explain *how* such disclosure would create a competitive disadvantage in the marketplace.  In the absence of any specific showing that the specific redacted portions to which Plaintiff objects contain sensitive information relevant to their competitive advantage, Defendants' motion should be denied in part.

## CONCLUSION

Because Defendants still do not comply with Local Rule 105.11, and because Defendants cannot show that their proposed redactions of Exhibits 2, 7, and 13 are narrowly tailored to support a compelling governmental interest, Defendants' motion for leave to seal with respect to those documents should be denied to the extent discussed herein.

Date: January 26, 2023                          Respectfully submitted,

                                                /s/   Louis J. Ebert

                                                Louis J. Ebert (Fed. Bar No. 02031)
                                                ROSENBERG MARTIN GREENBERG, LLP
                                                25 South Charles Street, 21st Floor
                                                Baltimore, Maryland 21201
                                                Tel: (410) 727-6600
                                                Fax: (410) 727-1115
                                                lebert@rosenbergmartin.com

                                                Aron Fischer (*pro hac vice*)
                                                Andrew D. Cohen (*pro hac vice*)
                                                Abigail E. Marion (*pro hac vice*)
                                                Jonathan S. Z. Hermann (*pro hac vice*)
                                                PATTERSON BELKNAP WEBB & TYLER LLP
                                                1133 Avenue of the Americas
                                                New York, NY 10036
                                                Tel: (212) 336-2000
                                                afischer@pbwt.com

acohen@pbwt.com
amarion@pbwt.com
jhermann@pbwt.com

Joshua A. Block (*pro hac vice*)
Leslie Cooper (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: (202) 546-0738
dmach@aclu.org

*Counsel for Plaintiff Jesse Hammons*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2023, Defendants' counsel was served with the foregoing document through the Court's Electronic Case Filing System.

/s/  *Louis J. Ebert*
Louis J. Ebert