**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JESSE HAMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:20-cv-02088-DKC |
| | ) | |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM | ) | |
| CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph") (collectively "Defendants'"), by and through undersigned counsel, hereby submit this Reply in support of their Motion For Leave To File Exhibits Under Seal.

The Court should grant Defendants' Motion because: (1) Hammons does not contest the majority of Defendants' desired redactions to the Asset Purchase Agreement, Catholic Identity Agreement, and Operating Agreement; and (2) Defendants have more than met their burden to show a compelling government interest in sealing the remainder of the narrowly tailored redactions. Contrary to Hammons' bald assertions, and as explained in Defendants' motion and the attached declaration of Adil Daudi, Vice President and Deputy General Counsel of University of Maryland Medical System, the Asset Purchase Agreement, Catholic Identity Agreement, and Operating Agreement contain confidential business information related to the inner workings and negotiations of the Defendants. Disclosing this information, which is not even relevant to the litigation before the Court and is of no benefit to Hammons, would harm Defendants' businesses as it would give Defendants' competitors information related to how they operate, make decisions,

-1-

and assign their resources, which would ultimately give Defendants' competitors an advantage in

the marketplace and in any negotiation with Defendants.

Therefore for the reasons contained herein as well as in Defendants' Memorandum in

Support of their Motion to Seal, the Court should grant Defendants' motion and seal the redacted

portions of the Asset Purchase Agreement, Catholic Identity Agreement, and Operating

Agreement.

## ARGUMENT

### I.   HAMMONS DOES NOT OPPOSE SEALING THE MAJORITY OF DEFENDANTS' REDACTIONS, WHICH ARE NECESSARY TO PROTECT DEFENDANTS' CONFIDENTIAL INFORMATION.

Hammons' Opposition makes clear that he does not contest that nearly all of the Asset

Purchase Agreement (Exhibit 2) and portions of the Catholic Identity Agreement (Exhibit 7) as

well as the St. Joseph's Operating Agreement (Exhibit 13) are properly sealed.   Opposition

("Opp.") at 1-2.   Hammons' acquiescence to certain of Defendant's proposed redactions weighs

in favor of sealing those portions of the documents.   *See, e.g., Moon v. Veritas Techs.*, LLC, No.

GJH-21-2750, 2022 WL 3348103, at *3 (D. Md. Aug. 12, 2022) (weighing the fact that the "parties

agree[d] that [a document was] confidential and should be sealed" in favor of granting motion to

seal); *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 99 F. Supp. 3d 610, 615 n.2 (D. Md. 2015).

Further, as explained in Defendants' motion to seal ("Mot."), the portions of the Asset

Purchase Agreement, Catholic Identity Agreement, and Operating Agreement that Hammons does

not object to are properly sealed because they contain confidential business and financial

information, including specific closing terms, escrow agreements, real estate matters, other legal

and form agreements, and terms related to regulatory compliance.   *See* Mot. at 4, 5 & 7; *Norris v.

PNC Bank, N.A.*, Case No. ELH-20-2215, 2022 WL 2193303, at *41 (D. Md. June 16, 2022)

(sealing exhibits to a summary judgment motion); *Pittston Co. V. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming sealing documents designated as "containing confidential, proprietary, commercial, or financial data" under a protective order); *Jackson v. JTM Capital Mgmt., LLC*, Case No. TDC-19-1009, 2021 WL 1238565, at *4 (D. Md. Apr. 2, 2021).  That information is irrelevant to this litigation.  *See Butler v. DirectSAT USA, LLC*, 47 F. Supp. 3d 300, 317 (D. Md. 2014) (keeping information under seal where it is "not relevant to the disposition of the motion").  It is also confidential, and it would cause Defendants competitive harm if disclosed.  *See, e.g.*, Declaration of Adil Daudi ("Daudi Decl.") at ¶¶ 5-16 (attached as Exhibit 1); *infra* Section II.  As a result, for these reasons, the Court should undoubtedly seal the uncontested, redacted portions of Exhibits 2, 7, and 13.

## II.   DEFENDANTS HAVE MET THEIR BURDEN TO SHOW THE REDACTIONS ARE NARROWLY TAILORED TO SERVE A COMPELLING GOVERNMENT INTEREST.

The Court should seal the remainder of Defendants' proposed redactions as well because the redacted portions of the Asset Purchase Agreement, Catholic Identity Agreement, and Operating Agreement are narrowly tailored to avoid disclosing confidential business information that would harm Defendants if disclosed.

### A. Defendants Have Met Their Burden To Show Their Redactions Are Necessitated By A Compelling Government Interest.

Defendants' redactions serve a compelling government interest, namely the protection of confidential business information that would harm Defendants if disclosed.  *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Jackson*, 2021 WL 1238565, at *4.  This Court has found, and the Fourth Circuit has affirmed, that there is a compelling government interest in sealing documents designated confidential during discovery that constitute "proprietary commercial documents, such as contracts and internal records," *Norris*, 2022 WL 2193303, at

*41, or "internal policies and procedures, compliance requirements, and strategies and polices," *Jackson*, 2021 WL 1238565, at *4.

As Defendants explained in their motion, the documents they seek to seal disclose confidential information regarding Defendants' negotiation strategies, internal policies, compliance requirements, operating agreements, and the way their committees function, among other topics.  Mot. at 4-7.  Contrary to Hammons' assertions, these are not mere "boilerplate" objections.  Opp. at 4 & 6.  The Asset Purchase Agreement is a highly negotiated document that would provide third parties with a road map of the terms Defendants would be willing to enter into in a purchase or sale.  Daudi Decl. at ¶ 7.  That would give third parties an unfair negotiating advantage against Defendants, harming Defendants' business interests.  *Id.*; *see* Opp. at 5.  Further, the specific portions of the Asset Purchase Agreement Hammons seeks to unseal relate to the structure of St. Joseph's Board, St. Joseph's business plans and post-closing commitments, legal remedies, the powers reserved to UMMS, including amendments, sales, acquisitions, purchases, debt, and compensation policies, and a privileged document related to the inner workings of St. Joseph.  Opp. at 1; Daudi Decl. at ¶¶ 7-11.  Many of these terms have nothing to do with this litigation, and disclosing them would give Defendants' competitors information regarding how St. Joseph operates and makes decisions, how it allocates it resources, and its future business plans and goals.  Daudi Decl. at ¶¶ 7-11; *Butler*, 47 F. Supp. 3d at 317.

Hammons similarly ignores the competitive harm that would flow from disclosure of the redacted portions of the Catholic Identity Agreement or Operating Agreement.  Opp. at 5-7.  The Catholic Identity Agreement details the inner workings of St. Joseph.  Daudi Decl. at ¶ 13.  It discloses not only the role of the Archdiocese – much of which Defendants left unredacted – but also information related to St. Joseph's committees, charity care, use of Catholic symbols, and

financial commitments.  *See* Opp. at 6; Daudi Decl. at ¶ 13.  That information would allow competitors to unfairly take advantage of the terms that Defendants must abide by and their obligations to the Catholic Church.  Daudi Decl. at ¶ 13.  While Hammons offers the bald assertion that St. Joseph's right to protect its "private information" is "substantially outweighed" by the public's right to access it, Opp. at 6, Hammons does not explain how the public's right to information related to St. Joseph's committees, financial obligations, etc. is relevant to this case, or why disclosing the redacted portions of the Catholic Identity Agreement outweighs the competitive harm Defendants will face if it is disclosed.  *Butler*, 47 F. Supp. 3d at 317; *Jackson*, 2021 WL 1238565, at *4.  It does not.

The redacted portions of the Operating Agreement are likewise properly sealed because its terms are largely irrelevant to this litigation and their disclosure would give Defendants' competitors insight into how St. Joseph functions, how it interacts with UMMS, and where it places its priorities and resources.  Daudi Decl. at ¶ 16.  That detailed business information would give Defendants' competitors an unfair advantage over St. Joseph by allowing them to adjust their spending, programs, and priorities accordingly.  *Id.*; *Butler*, 47 F. Supp. 3d at 317; *Jackson*, 2021 WL 1238565, at *4.

In short, Defendants have met their burden of showing that sealing the redacted portions of the exhibits serves a compelling government interest.  *Rushford*, 846 F.2d at 253; *Norris*, 2022 WL 2193303, at *41; *Jackson*, 2021 WL 1238565, at *4.

**B. Defendants' Redactions Are Narrowly Tailored To Preserve Their Confidential Information While Disclosing Information Critical To The Litigation.**

Defendants' proposed redactions are narrowly tailored to protect their confidential business and competitive information, while disclosing the information referenced by the Court in its

Opinion.  *Rushford*, 846 F.2d at 253; *see* Dkt. 121 at 54.  To that end, Defendants have *not* proposed sealing the portions of the documents cited by and relied upon by the Court in its opinion.  *See* Dkt. 121 at 54.  For example, in the Asset Purchase Agreement, Defendants left unredacted certain information related to St. Joseph's governance and Catholic identity, as well as recitals explaining the ownership structure of the hospital.  Dkt. 123-1.  Additionally, in the Catholic Identity Agreement, Defendants have disclosed the recitals, fundamental principles governing the entities, application of the agreement, information related to audits, and the Articles of Organization of UMSJ.  Dkt. 123-2.  Further, the proposed filing of the Operating Agreement does not contain redactions related to the recitals, general information about the hospital and its ownership structure, actions requiring the approval of UMMS, or the role of UMMS Directors.  Dkt. 123-3.

Hammons is thus incorrect that Defendants are broadly seeking to seal portions of the Asset Purchase Agreement that go to the "heart" of the litigation.  Opp. at 3.  To the contrary, Defendants have proposed redactions that give the public access to the portions of its confidential documents directly relevant to this litigation, while withholding the portions of the documents that could harm it competitively if disclosed (most of which are irrelevant to the litigation in any event).  Defendants' approach thus strikes the balance between the public's right to access judicial records, and the competing interests related to propriety business information that can outweigh that right to access.  *Butler*, 876 F. Supp. 2d at 576; *Moon*, 2022 WL 3348103, at *3 (explaining a corporation "possesses a strong interest in preserving the confidentiality of its proprietary . . . information, which in turn may justify partial sealing of court records").

**CONCLUSION**

For the foregoing reasons, as well as those contained in Defendants' Motion, Defendants respectfully request that the Court grant Defendants' Motion.


Dated: February 9, 2023

*/s/ Denise Giraudo*
Denise Giraudo (Bar No. 29015)
Paul Werner (admitted *pro hac vice*)
Danielle Vrabie (admitted *pro hac vice*)
Imad Matini (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20036
Tel: 202-747-1906
Fax: 202-747-3933
dgiraudo@sheppardmullin.com
pwerner@sheppardmullin.com
dvrabie@sheppardmullin.com
imatini@sheppardmullin.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2023, Plaintiff's counsel was served with the

foregoing document through the Court's Electronic Case Filing System, by overnight FedEx, and

by electronic mail.

*/s/ Denise Giraudo*

Denise Giraudo
