# EXHIBIT 1

DocuSign Envelope ID: ECCAB0D1-EB5E-44FC-AB5D-A4E2DFEB0726

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JESSE HAMMONS, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-02088-DKC |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, et al. | ) |
|         Defendants. | ) |

## DECLARATION OF ADIL DAUDI

I, Adil Daudi, declare as follows:

1. I am Adil Daudi. I am currently the Vice President and Deputy General Counsel for the University of Maryland Medical System Corporation ("UMMS").

2. I make this declaration in support of Defendants UMMS, UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC's ("St. Joseph's") (collectively "Defendants' "), Motion to Seal.

3. I have personal, first-hand knowledge of, or am otherwise informed concerning, the facts stated below, and am competent to testify to them as necessary.

4. It is my understanding Defendants seek to seal portions of St. Joseph's Asset Purchase Agreement (Exhibit 2), St. Joseph's Catholic Identity Agreement (Exhibit 7), and St. Joseph's Operating Agreement (Exhibit 13). The Plaintiff in this lawsuit contests sealing portions of each of those documents.

5. ***Asset Purchase Agreement.*** The Asset Purchase Agreement is the agreement through which the University of Maryland Medical System Corporation, UMSJ Health System,

-1-

DocuSign Envelope ID: ECCAB0D1-EB5E-44FC-AB5D-A4E2DFEB0726

LLC, University of Maryland St. Joseph Medical Center, LLC, University of Maryland St. Joseph Medical Group, LLC, and UMSJ Properties, LLC, bought St. Joseph Medical Center.

6. The Asset Purchase Agreement is a confidential document that is not publicly available – and for good reason. It contains all the terms and conditions the parties agreed to regarding the purchase of St. Joseph. Among other terms, it includes representations and warranties, liabilities, releases, and other legal terms the parties were willing to agree to. It references form bills of sale, assignment and assumption agreements, certifications, benefit transfer agreements, and other agreements. It contains an escrow agreement and disbursement calculation.

7. Based on my review of the instant lawsuit, none of the terms of the Asset Purchase Agreement that Defendants seek to redact are relevant to the dispute here. The Asset Purchase Agreement was a highly negotiated document among all parties involved. Disclosing the redacted terms of the Asset Purchase Agreement would harm all the entities involved in this transaction as it would provide third-parties with a roadmap regarding the terms and conditions Defendants were and/or would be willing to enter into when negotiating the purchase of and/or sale of businesses. Without a doubt, disclosing such information would give the buyer or seller opposite the parties to the Asset Purchase Agreement an unfair advantage in negotiating regarding the sale of its company, competitively harming the Defendants here.

8. The Plaintiff in this suit does not object to redacting and sealing most of the Asset Purchase Agreement. The plaintiff only objects to redacting and sealing sections 11.6 (regarding the approval of the Roman Catholic Church), 12.16 (governance), 12.17 (Catholic identity), 12.18 (other post-closing commitments), 12.19 (remedies for failure to comply with 12.17 and 12.18),

DocuSign Envelope ID: ECCAB0D1-EB5E-44FC-AB5D-A4E2DFEB0726

Exhibit F (UMMS' reserved powers), and Exhibit G (elements of accountability for Catholic identity).

9. However, those portions of the Asset Purchase Agreement should remain under seal. As an initial matter, information regarding the structure of St. Joseph's Board, St. Joseph's business plan and post-closing commitments, and legal remedies should not be publicly disclosed. Disclosing the manner in which St. Joseph's Board operates and makes decisions – and its future business plan and goals – would give competitors insight into how St. Joseph functions and designates its resources. Additionally, disclosing such terms would give St. Joseph's competitors an unfair advantage in determining how to compete with St. Joseph and/or structure their respective entities to be more efficient or competitive with St. Joseph.

10. Further, Exhibit F, which outlines the powers reserved for UMMS, relates to amendments, sales, acquisitions, purchases, debt, compensation policies and other terms that are not relevant to this litigation. If these were made public, it would give any UMMS potential acquisition target a negotiating advantage against UMMS as it reveals terms UMMS is willing to agree to when acquiring another entity.

11. Finally, the "Elements of Accountability for Catholic Identity" referenced in Exhibit G is not only marked confidential, but also privileged. This information was never meant for public disclosure as it pertains to terms UMMS and St. Joseph were willing to agree to related to the deeply rooted history of St. Joseph and the Catholic Church. Disclosing this confidential and privileged information regarding the inner workings of St. Joseph to the public would allow competitors insight into the day-to-day workings of St. Joseph that they should not have nor were ever intended to have.

12. **Catholic Identity Agreement.** The Catholic Identity Agreement is an agreement between UMSJ Health System, LLC, the University of Maryland St. Joseph Medical Center, LLC, University of Maryland Medical System Corporation, and the Roman Catholic Archbishop of Baltimore.

13. The Catholic Identity Agreement is not publicly available. It details the inner workings of St. Joseph, including its committees, charity care, use of Catholic symbols, and financial commitments to the Archdiocese of Baltimore. Disclosing the agreement would publicly disclose an Agreement that was made with a third-party, i.e. the Archdiocese of Baltimore. The Agreement was never meant to be publicly available and could allow competitors to unfairly take advantage of the terms that Defendants must abide by with the Archdiocese. Further, public disclosure of the Agreement will also provide competitors with unfair insight, that they would not otherwise have, into how St. Joseph operates and its commitments to the Church.

14. Similarly, the exhibits to the Catholic Identity Agreement, *i.e.* the Articles of Organization and the operating agreements, provide confidential information regarding the terms under which the entities operate, including the powers reserved to UMMS, the composition of their boards, the terms their directors serve, and the role of various committees. This information is unique to UMSJ Health System, LLC, and St. Joseph Medical Center, LLC, and the information has not previously been publicly disclosed. Disclosing these agreements would again give competitors insight into how the organizations function individually and together, including actions that require the approval of UMMS, debt limits for the companies, caps on the transfer of assets or acquisitions, the creation of educational programs, and the transfer of assets between UMMS entities. Again, this is highly competitive information that should remain confidential. If a competitor were to have this information they could unfairly use this information to compete

with Defendants and/or restructure in a way such that they could knowingly undermine Defendants.

15.  ***Operating Agreement***.  The Operating Agreement is the Second Amended and Restated Operating Agreement for St. Joseph Medical Center, LLC.  The Plaintiff seeks to redact sections 3.01 (general powers), 3.03 (reserved powers), 3.05 (composition of the Board and elections), 3.06 (terms), 5.09 (Catholic Identity Committee), 5.11 (Clinical Ethics Committee), 6.06 (President/CEO), and 6.09 (Vice President of Mission Integration).

16.  The Operating Agreement – including the portions the Plaintiff seeks to disclose – details how St. Joseph operates relative to UMMS with regard to contributions, affiliations, compensation, debt, transfer of assets, and other topics.  It also explains how the Board is selected and functions, including the length of Board members' terms and other information that is not relevant to this lawsuit.  The disclosure of that information would be harmful to Defendants because it would give other competitors insight into how St. Joseph functions, how it interacts with UMMS, and where it places its priorities and resources, thereby providing such competitors with an unfair advantage over St. Joseph.

*   *   *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  I further reserve the right to supplement and/or amend this Declaration.

Executed this 9th day of February, 2023

*DocuSigned by:*
*Adil Daudi*
4E41452E8B02450...

Adil Daudi