```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| JESSE HAMMONS | : |
|  | : |
| v. | : Civil Action No. DKC 20-2088 |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, et al. | : |
|  | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to seal filed by Defendants University of Maryland Medical System Corporation ("UMMS"), UMSJ Health System, LLC ("UMSJ"), and University of Maryland St. Joseph Medical Center, LLC ("St. Joseph") (collectively, "Defendants").  (ECF No. 123).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Defendant's motion to seal will be granted in part and denied in part.

As outlined in a previous opinion, (ECF No. 121), Local Rule 105.11 requires that motions to seal "include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."  When the motion to seal involves "documents filed in connection with a summary judgment motion in a civil case," as is the case here, a "more rigorous

First Amendment standard" applies, as "summary judgment adjudicates substantive rights and serves as a substitute for a trial." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988). The First Amendment requires that they remain unsealed except "on the basis of a compelling . . . interest, and only if [the sealing] is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

In ruling on a motion to seal, a court must

> weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005).

Defendants originally moved to seal in their entirety Exhibits 2, 7, and 13 to their motion for summary judgment (along with other documents). (ECF No. 100). This court denied that motion without prejudice, noting that Defendants could file another motion to seal certain portions of those documents but must provide clearly substantiated bases for doing so. (ECF No. 121 at 54). Defendants have now moved to file portions of Exhibits 2, 7, and 13 under seal and redacted copies publicly. Exhibit 2

is the Asset Purchase Agreement, Exhibit 7 is the Catholic Identity Agreement, and Exhibit 13 is St. Joseph's Operating Agreement. Plaintiff opposes the motion only as to certain portions of each document. No other objections have been filed—neither as to Defendants' original motion to seal these documents, which they filed along with their motion for summary judgment in June 2022, nor as to their renewed motion, filed more than one month ago.

## I.  Asset Purchase Agreement (Exhibit 2)

Defendants seek to file much of the Asset Purchase Agreement under seal, but they have left unredacted all portions of the document that this court referenced in its opinion regarding the parties' cross-motions for summary judgment. Defendants argue that the portions they seek to redact "contain confidential business information that . . . would competitively harm Defendants" if disclosed, "including by freely offering prospective buyers or sellers confidential information about the company." (ECF No. 123 at 5).

Plaintiff opposes the redaction of Sections 11.6, 12.16, 12.17, 12.18, and 12.19 as well as Exhibits F and G to the Asset Purchase Agreement. (ECF No. 125 at 1). Those portions of the document generally relate to (1) the relationships between the Defendants and (2) their obligations, per the Asset Purchase Agreement, to comply with the Catholic directives. In a declaration attached to Defendants' reply, the Vice President and

3

Deputy General Counsel of UMMS, Adil Daudi, attests that those portions of the Asset Purchase Agreement contain information about "the manner in which St. Joseph's Board operates and makes decisions[] and its future business plan and goals," which "would give competitors insight into how St. Joseph functions and designates its resources."  (ECF No. 129-1 at 4).  Mr. Daudi adds that Exhibit F, if made publicly available, "would give any UMMS potential acquisition target a negotiating advantage against UMMS as it reveals terms UMMS is willing to agree to when acquiring another entity," and Exhibit G "would allow competitors insight into the day-to-day workings of St. Joseph that they should not have nor were ever intended to have."

Defendants have left unredacted all portions of the Asset Purchase Agreement that this court relied on in its opinion, and the portions they propose to redact are largely unrelated to the issues in this case.  To the extent that some of the portions Plaintiff references touch upon issues that were part of this case, the precise language in those portions would do little to enhance the public's understanding of the basis for this court's decision. The relationships between the Defendants and their obligations to comply with the Catholic directives, as relevant to this case, are well established by the portions of this document and others that are publicly available.  Defendants' reasons for sealing, although still somewhat opaque, are compelling, and their proposed

4

redactions are an appropriate alternative to sealing the document in its entirety that does not unduly infringe on the public's right of access.  Accordingly, their motion to seal will be granted as to the Asset Purchase Agreement.

    **II.   Catholic Identity Agreement (Exhibit 7)**

Defendants seek to redact significant portions of the Catholic Identity Agreement, including all of the exhibits attached thereto.  They have left unredacted all portions cited by this court in its opinion and argue that publicly disclosing portions they seek to redact "would give St. Joseph's competitors otherwise confidential information regarding how St. Joseph operates, giving them a competitive advantage."  (ECF No. 123 at 6-7).  They add that the document contains "confidential information" related to the Roman Catholic Archbishop of Baltimore, who is not a party to this case.

Plaintiff opposes the sealing of *any* portion this agreement, arguing that "the entirety of the Catholic Identity Agreement reflects Defendants' commitment to enforce the ERDs at St. Joseph and details their means for doing so," which is "at the very center" of the lawsuit.  (ECF No. 125 at 1, 5).  They also oppose the redaction of certain exhibits to the agreement—exhibit 3.1(1) and portions of exhibits 2.1(2) and 3.1(2)—which contain

5

information related to the relationship between the Defendants and their obligations to comply with the Catholic directives.[1]

In his declaration, Mr. Daudi notes that the Catholic Identity Agreement "details the inner workings of St. Joseph, including its committees, charity care, use of Catholic symbols, and financial commitments to the Archdiocese of Baltimore."  (ECF No. 129-1 at 5).  He highlights the fact that the Catholic Identity Agreement is not publicly available and asserts that allowing public access "could allow competitors to unfairly take advantage of the terms that Defendants must abide by with the Archdioceses [of Baltimore]" and "provide competitors with unfair insight, that they would not otherwise have, into how St. Joseph operates and its commitments to the Church."  As for the exhibits, Mr. Daudi attests to the fact that the information therein could "give competitors insight into how the organizations function individually and together, including actions that require the approval of UMMS, debt limits for the companies, caps on the transfer of assets or acquisitions, the creation of educational programs, and the transfer of assets between UMMS entities," which he described as "highly competitive information."

---

[1] Plaintiff also opposes the redaction of exhibits 1.1 and 2.1(1).  However, exhibit 1.1, which is the Ethical and Religious Directives for Catholic Health Care Services, does not contain the actual directives (they are publicly available online), and Defendants have not sought to redact exhibit 2.1(1).

Defendants' reasons for sealing the Catholic Identity Agreement are not specific or compelling enough to satisfy the requirements of the Local Rules, let alone the First Amendment. It is entirely unclear, based on the vague representations made, what sort of "unfair" "competitive advantage" any potential competitors of Defendants could achieve based on the portions of the Catholic Identity Agreement they seek to file under seal. Additionally, the fact that parties to an agreement consider it "confidential" is an insufficient justification for sealing it. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F.Supp.2d 399, 438 (D.Md. 2006). While this court's summary judgment opinion did not specifically rely on portions of the Catholic Identity Agreement that Defendants propose to redact, the Agreement as a whole is relevant enough to the issues raised in the opinion such that Defendants needed to provide a compelling reason to redact them. They have failed to do so.

The analysis is different, however, for the exhibits to the Catholic Identity Agreement. The reasons provided by Mr. Daudi are more specific and compelling, and those exhibits, which include a former operating agreement and articles of organization, are less relevant to the issues raised in this case. Accordingly, Defendants' motion is denied as to the Catholic Identity Agreement itself (pages 1-16) but granted as to the exhibits thereto that they seek to file under seal (pages 22-81).

**III. St. Joseph's Operating Agreement (Exhibit 13)**

Finally, Defendants seek to redact significant portions of St. Joseph's Operating Agreement. They argue that public disclosure of those portions of the document, which contain "internal policies, practices, and obligations of St. Joseph," would "give competitors confidential information regarding the company" that they could use "to operate or market against St. Joseph." (ECF No. 123 at 7).

Plaintiff only opposes the redaction of Sections 3.01, 3.03, part of 3.05, 3.06, 5.09, 5.11, part of 6.06, and 6.09. (ECF No. 125 at 2). Those sections contain information relating to the extent of UMMS's control over St. Joseph and St. Joseph's obligations to comply with Catholic directives. Mr. Daudi reiterates in his declaration that the Operating Agreement, including the portions Plaintiff references, "details how St. Joseph operates relative to UMMS with regard to contributions, affiliations, compensation, debt, transfer of assets, and other topics[,] [and] explains how the Board is selected and functions, including the length of Board members' terms and other information that is not relevant to this lawsuit," which "would give other competitors insight into how St. Joseph functions, how it interacts with UMMS, and where it places its priorities and resources, thereby providing such competitors with an unfair advantage over St. Joseph." (ECF No. 129-1 at 6).

8

Part of what Defendants seek to redact was referenced by this court in its opinion: pages 6-8, 10-11, and 23.  (ECF No. 121 at 5, n.4).  Defendants have only proposed to redact parts of those pages, but absent a more compelling justification for redacting those specific portions, those pages (Sections 3.01-3.03, 3.05, and the portion of 6.06 on page 23) should be fully unredacted to allow the public to review the materials upon which the court relied in making its decision.  Defendants have met their burden as to the other portions of the document: Those portions are less directly relevant to the issues in this case and are more closely related to the inner workings of St. Joseph, such that Defendants have a compelling interest to protect them from public view. Accordingly, Defendants' motion will be denied as to pages 6-8, 10-11, and the last paragraph of page 23 but granted as to the remaining portions that they seek to redact.[2]

---

[2] Local Rule 105.11 provides that if a motion to seal is denied, the party making the filing will be given an opportunity to withdraw the materials.  Because this court relied on Exhibits 7 and 13 in its summary judgment opinion, it would be impractical at this point to consider allowing Defendants to withdraw those exhibits.

9

**IV.  Conclusion**

For the foregoing reasons, Defendants' motion to seal will be granted in part and denied in part.  Defendants are directed to file publicly newly redacted versions of Exhibits 7 and 13 that conform with this opinion.  Once they do so, a final judgment can be entered pursuant to the parties' stipulation regarding damages.  A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge