**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1394 (L), No. 23-1452

JESSE HAMMONS,

       Plaintiff – Appellant/Cross-Appellee,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION; UMSJ HEALTH SYSTEM, LLC; UNIVERSITY OF MARYLAND ST. JOSEPH MEDICAL CENTER, LLC,

       Defendants – Appellees/Cross-Appellants.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge. (1:20-cv-02088-DKC)

Argued: May 9, 2025                              Decided: June 24, 2025

Before QUATTLEBAUM, RUSHING, and HEYTENS, Circuit Judges.

Appeals dismissed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Quattlebaum and Judge Rushing joined.

**ARGUED:** Joshua A. Block, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, New York, New York, for Appellant/Cross-Appellee. Sean Marotta, HOGAN LOVELLS US LLP, Washington, D.C., for Appellees/Cross-Appellants. **ON BRIEF:** Leslie Cooper, New York, New York, Daniel Mach, Washington, D.C., AMERICAN CIVIL LIBERTIES UNION FOUNDATION; Aron Fischer, Andrew D. Cohen, Joshua M. Goldman, Sean M. Lau, PATTERSON BELKNAP WEBB & TYLER LLP, New York, New York; Louis Ebert, ROSENBERG, MARTIN & GREENBERG, LLP, Baltimore, Maryland, for Appellant/Cross-Appellee. Yaakov M. Roth, Brinton Lucas, Joshua S. Ha, Caleb P.

Redmond, JONES DAY, Washington, D.C.; J. Andrew Mackenzie, HOGAN LOVELLS US LLP, Washington, D.C., for Appellees/Cross-Appellants.

_____

Unpublished opinions are not binding precedent in this circuit.

2

TOBY HEYTENS, Circuit Judge:

Jesse Hammons filed a lawsuit alleging three claims—one statutory and two constitutional—based on a hospital's cancellation of his hysterectomy. The district court dismissed both constitutional claims but awarded Hammons compensatory damages on his statutory claim in an amount Hammons stipulated to. Hammons now appeals, arguing he should have prevailed on his constitutional claims as well. We conclude Hammons lacks standing to appeal the dismissal of his constitutional claims because he failed to demonstrate that he could obtain any further relief beyond what he already received from the district court's judgment. Accordingly, we dismiss the appeal.

I.

Hammons is a transgender man who has been diagnosed with gender dysphoria. As treatment for that diagnosis, Hammons's doctor recommended that he undergo a hysterectomy. The doctor scheduled the surgery to take place at the University of Maryland St. Joseph Medical Center, a hospital owned by the University of Maryland Medical System. Both the hospital and the medical system receive federal funding.

Shortly before the scheduled hysterectomy, Hammons's doctor called the hospital's chief medical officer (CMO) to discuss the procedure. During that call, the CMO said doctors "cannot do transgender surgery" at St. Joseph's, JA 228, and later explained that performing gender-affirming hysterectomies would be "inconsistent" with a set of ethical healthcare directives guiding Catholic hospitals, JA 599. Hammons underwent a hysterectomy at a different hospital several months after the cancelled surgery had been scheduled to take place.

3

Hammons filed a three-count complaint against the hospital, the medical system, and an entity that operates the hospital. The complaint alleged that the defendants' conduct violated the Establishment Clause, the Equal Protection Clause, and Section 1557 of the Affordable Care Act, which prohibits sex-based discrimination in health programs that receive federal funding. As relief, Hammons requested a declaratory judgment, compensatory damages, and nominal damages.

The district court dismissed both constitutional claims but later granted Hammons's motion for summary judgment on liability for the Section 1557 claim. The parties then filed a "stipulation regarding damages," which "stipulate[d] and agree[d]" to the amount of Hammons's "compensatory damages." JA 1038. Just over a month later, the district court entered an order of judgment. After referencing its own previous rulings and the parties' stipulation, the district court "ORDERED that: . . . [j]udgment BE, and the same hereby IS, ENTERED in favor of Plaintiff Jesse Hammons . . . on Plaintiff's Affordable Care Act Claim in the amount of $874.63." JA 1071–72.

Hammons appeals, arguing that the district court erred in dismissing his constitutional claims. The defendants filed two motions to dismiss the appeal, arguing that Hammons "lacks standing to appeal" and the "case is quintessentially moot." ECF 6 at 1; see ECF 33. The defendants also filed a "conditional cross-appeal to preserve their right to appeal" the district court's judgment "if and only if [this Court] concludes that it has jurisdiction over [Hammons's] appeal." JA 1076.

II.

Although standing questions typically arise at the outset of litigation, those

4

"requirement[s] . . . must be met by persons seeking appellate review, just as [they] must be met by persons appearing in courts of first instance." *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019) (quotation marks removed). "As the party invoking this Court's jurisdiction," Hammons "bears the burden" of establishing his "standing to appeal" the district court's judgment. *Id.* at 669–70. We conclude Hammons has failed to carry that burden because he has not shown that he has been injured by the district court's judgment in a way that is "likely to be redressed by a favorable decision" of this Court. *Id.* at 662. We thus grant the defendants' first motion to dismiss the appeal (ECF 6), deny the second motion to dismiss (ECF 33) as moot, and dismiss both the appeal (No. 23-1394) and the conditional cross-appeal (No. 23-1452) without reaching the merits of either.

Hammons argues that he has standing to appeal because he sought two categories of relief that he did not receive from the district court: "retrospective declaratory relief" and nominal damages. ECF 21 at 3. The first part of that argument fails because a backward-looking declaratory judgment cannot "[b]y itself . . . be the redress that satisfies the third standing prong" without "some further concrete relief that will likely result from the declaratory judgment." *Comite de Apoyo a los Trabajadores Agricolas v. United States Dep't of Lab.*, 995 F.2d 510, 513 (4th Cir. 1993). We also conclude that Hammons's nominal damages argument fails because a plaintiff cannot recover both nominal damages and another type of damages to redress one underlying injury. Cf. *Bender v. City of New York*, 78 F.3d 787, 793 (2d Cir. 1996) ("If two causes of action provide a legal theory for compensating one injury, only one recovery may be obtained.").

To be sure, the Supreme Court has emphasized that nominal damages are a

5

"concrete" remedy that "independently provide redress" to an injured plaintiff. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021). Such damages are not "a mere judicial token that provide[] no actual benefit to the plaintiff," nor are they "purely symbolic." *Id.* at 290. Instead, "for the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right." *Id.* at 293.

At the same time, not every successful plaintiff is eligible for nominal damages. Nominal damages are generally "awarded by default." *Uzuegbunam*, 592 U.S. at 290. Because "*every* legal injury necessarily causes damage," nominal damages may be awarded to redress harm "even if [a particular plaintiff] cannot or chooses not to quantify that harm in economic terms." *Id.* at 286, 293. But a plaintiff may also lose the ability to recover nominal damages: Nominal damages are available *only* until "the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Id.* at 290.

Here, Hammons proved his entitlement to and was awarded "some other form of damages." *Uzuegbunam*, 592 U.S. at 290. After the district court granted summary judgment to Hammons on liability for his Section 1557 claim, the parties stipulated that Hammons's "compensatory damages total $748.46," JA 1038, and the district court ordered the defendants to pay that amount plus prejudgment interest to compensate Hammons for the harms caused by the cancellation of his surgery. Once Hammons obtained compensatory damages as redress for his injury, he lost the ability to recover nominal damages for that same injury. See *Bender*, 78 F.3d at 793 ("A basic principle of compensatory damages is that an injury can be compensated only once.").

6

In a post-argument letter, Hammons cites a 2002 decision from one of our sister circuits holding that a plaintiff who had been awarded just compensation as redress for a violation of the Takings Clause was nonetheless entitled to nominal damages to redress a violation of the Due Process Clause. See *Schneider v. County of San Diego*, 285 F.3d 784, 794–95 (9th Cir. 2002). But "the proper use of letters filed under Federal Rule of Appellate Procedure 28(j) is to alert the court to *new* authority that has come to a party's attention *after* briefing or oral argument," not "to advance new arguments couched as supplemental authorities." *United States v. Heyward*, 42 F.4th 460, 470 n.6 (4th Cir. 2022) (quotation marks removed) (first emphasis added).

In any event, *Schneider* does not move the needle here. For one thing, *Schneider* was decided almost two decades before the Supreme Court's pathmarking decision in *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021), and the core of its reasoning seems hard to square with *Uzuegbunam*'s. In concluding that there was no duplication between the two damages awards, *Schneider* relied on the view that "[c]ompensatory damages and nominal damages serve distinct purposes," with nominal damages functioning as "a purely symbolic vindication of a constitutional right." 285 F.3d at 795 (alterations and quotation marks removed). In contrast, *Uzuegbunam* "expressly rejected" the view "that nominal damages are purely symbolic" or "a mere judicial token that provide[] no actual benefit to the plaintiff." 592 U.S. at 290. Instead, *Uzuegbunam* explained that "nominal damages are in fact damages paid to the plaintiff" that "provide redress." *Id.* at 291.

But even if we assume that *Schneider*'s bottom-line result remains correct, it would not establish Hammons's standing to appeal here. The two legal violations at issue in

*Schneider* arose from discrete wrongful acts by the defendant: failing to provide process *before* taking property (the Due Process Clause violation) and failing to pay adequate compensation *after* the property was taken (the Takings Clause violation). Here, by contrast, Hammons has only ever alleged one wrongful act by the defendants that gives rise to a right to seek compensation: cancelling his surgery. Based on the record and the arguments before us, we conclude that Hammons has not met his burden to show that he could have received nominal damages even if he prevailed on his constitutional claims.

At oral argument, Hammons asserted a new theory: that he has standing to appeal the district court's dismissal of his constitutional claims because prevailing on those claims would permit him to receive a type of damages (emotional distress damages) that were not available under Section 1557. See *Cummings v. Premier Rehab Keller, PLLC*, 596 U.S. 212, 230 (2022) (holding "that emotional distress damages are not recoverable under" Section 1557). We decline to consider that late-breaking argument because Hammons did not present it in any of his briefing before this Court.

As the party invoking our jurisdiction, Hammons bears the burden of showing that he has standing to appeal. See *Bethune-Hill*, 587 U.S. at 670. Hammons had ample opportunity to put forward any theories of standing he wanted us to consider, including two full rounds of motions briefing and two merits briefs. At no point until oral argument did Hammons argue that his claims were not moot or that he had standing to appeal because he could receive emotional distress damages if he were to prevail on his constitutional claims. See Oral Arg. 35:05–:19 (responding "no" when asked if he had ever previously argued "there's a category of compensatory damages that [he was] still entitled to and ha[s]

8

not received"). This Court has declined to consider "newly minted argument[s]" "made for the first time at oral argument" in similar circumstances, *United States v. Clay*, 627 F.3d 959, 966 n.2 (4th Cir. 2010), and we decline to do so here as well.

\*     \*     \*

The first motion to dismiss the appeal in No. 23-1394 (ECF 6) is granted and that appeal is dismissed. The second motion to dismiss the same appeal (ECF 33) is denied as moot. The conditional cross-appeal (No. 23-1452) is dismissed.

*SO ORDERED*